UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
In re PARMALAT SECURITIES LITIGATION  :
                                      :    Master Docket
                                      :    04-MDL-1653 (LAK)
                                      :
This document relates to ALL CASES    :
                                      :    **ECF CASE**
                                      :
                                      :
------------------------------------- x

**PARMALAT CAPITAL FINANCE LIMITED'S MOTION
FOR AN ORDER BARRING DEPOSITIONS
SCHEDULED AFTER THE CLOSE OF DISCOVERY**

Parmalat Capital Finance Limited ("PCFL") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c), for a protective order prohibiting Bank of America from proceeding with fact witness depositions *three months* after the close of discovery.[1] Pursuant to this Court's orders, fact discovery closed on March 5, 2007, but Bank of America has recently informed the MDL parties that it intends to depose Andrea Petrucci, a former director of PCFL in Milan.[2] Bank of America has not sought leave of Court to depose Mr. Petrucci after the close of discovery, nor has it obtained the consent of all parties.

Bank of America argued before this Court that the March 5 deadline was immovable. When class plaintiffs sought to take a deposition on March 14, Bank of America protested that doing so would violate the March 5 deadline: "[N]o other fact or 30(b)(6) depositions should occur after March 5, 2007 absent agreement among the parties."[3] Now, having second-guessed its decision not to depose Mr. Petrucci before the close of discovery, the Bank argues the March 5 deadline is not so firm after all.

Bank of America can offer no reason why the parties should have to travel to Milan, months after the close of discovery, so the Bank can depose Mr. Petrucci. The Bank has long known that Mr. Petrucci was potentially important to PCFL's case:

1. Documents produced by the Bank demonstrate that, even before PCFL brought suit against the Bank, it was aware that Mr. Petrucci was a director of PCFL.[4]

---

[1] PCFL is informed that Class Plaintiffs will submit a motion seeking relief with respect to the scheduled depositions of Mr. Petrucci and Roberto Nagel, and PCFL supports their motion.

[2] *See* May 30, 2007 Email from B. Dennis to MDL counsel (Ex. 1). (All referenced exhibits are attached to the accompanying Declaration of J. Benjamin King, submitted herewith.) Bank of America had scheduled Mr. Petrucci's deposition for June 7, 2007, but has cancelled it to allow this Court to consider whether his deposition may be taken at all.

[3] Feb. 26, 2007 Letter from J. Tompkins to Magistrate Judge Pitman (Ex. 2).

[4] *See* Ex. 3 (documents from the Bank's own production noting Mr. Petrucci's role as a director of PCFL).

2. It is evident from PCFL's complaint that it contended Mr. Petrucci was innocent of any wrongdoing. From PCFL's inception in 1997 until 2001, it had but three directors: Fausto Tonna, Luciano Del Soldato, and Andrea Petrucci, and PCFL alleged in its complaint that it always had innocent directors and that Messrs. Tonna and Del Soldato were corrupt. *See* Cmplt ¶ 5, 6, 157 (Ex. 4).

3. In February 2006, when the MDL parties first discussed potential deponents, Plaintiffs specifically listed Mr. Petrucci as a witness associated with PCFL.[5]

4. Bank of America – along with the other MDL parties – moved this Court on March 29, 2006 for an Order of Commission giving the parties the authority to depose Mr. Petrucci, among others, pursuant to the Hague Convention (*see* Ex. 6), and this Court granted that motion shoon thereafter. *See* Ex. 7.

5. On January 25, 2007, three Bank of America attorneys attended the deposition of Dr. Bondi's corporate representative regarding Dr. Bondi's position on the identification of culpable insiders. These Bank of America attorneys witnessed counsel for PCFL cross-examine the deponent at length regarding the lack of support for any conclusion that Mr. Petrucci was culpable.[6]

Moreover, Bank of America chose to wait until the ***very last possible day*** for propounding written discovery to ask who PCFL contended were its innocent directors.[7] Nothing prevented Bank of America from propounding its interrogatories sooner.

Bank of America now contends that PCFL agreed to allow it to pursue after March 5 discovery related to issues that arose during the deposition of PCFL's 30(b)(6) witness, held on March 1-2, 2007.[8] But this letter can reasonably be read only as consenting to Bank of America's pursuing discovery regarding new issues that might arise during the 30(b)(6) deposition. The deposition of PCFL's 30(b)(6) witness touched

---

[5] *See* Feb. 13, 2006 Email from T. Wit (counsel for Dr. Bondi) to all MDL counsel, attaching Proposed List of Deponents (Ex. 5).

[6] *See* Dep. of Francesco Gianni, January 25, 2007 at 500-508 (Ex. 8).

[7] *See* Bank of America's Interrogatory Requests to PCFL, served Feb. 3, 2007 (Ex. 9). In contrast, Grant Thornton International received responses to its interrogatories in which PCFL named Mr. Petrucci as an innocent director on September 11, 2006. *See* PCFL's Responses to GTI's Interrogatories (Ex. 10).

[8] *See* Jan. 18, 2007 Letter from B. Vann (counsel for Bank of America) to G. Taylor (counsel for PCFL) (Ex. 11); June 4, 2007 Letter from R. Conlan to Hon. Judge L. Kaplan. PCFL has repeatedly advised the Bank of its position regarding the meaning of that letter and the lateness of the Bank's attempts to depose Mr. Petrucci. *See* May 25, 2007 Email from G. Taylor to MDL counsel (attaching prior communications with counsel for Bank of America regarding late attempts to depose Mr. Petrucci) (Ex. 12).

on virtually every substantive issue in the PCFL case, and the January 18, 2007 letter relied upon by Bank of America was never intended to, nor can it be reasonably interpreted as, giving it unfettered license or consent to depose any witness relevant to the topics addressed at that deposition after the Court-ordered discovery deadline. Moreover, as described above, PCFL's position that Mr. Petrucci was an innocent director was nothing new. Finally, other MDL parties oppose Bank of America's taking of late depositions after the close of fact discovery (and none of these parties consented to Bank of America taking any discovery after March 5, 2007).

PCFL reserves its right to call Mr. Petrucci at trial, just as it has the right to call any of the multitude of witnesses who will substantiate PCFL's claims – whether or not Bank of America deposed them. Although every party to this litigation might like to seek discovery from witnesses they have not deposed, the deadline has passed, and Bank of America is simply too late. For these reasons, PCFL respectfully requests that this Court issue an order barring Bank of America from deposing Mr. Petrucci. PCFL also requests that this Court, to resolve any doubts regarding future discovery of Mr. Petrucci, (1) order Bank of America to inform Mr. Petrucci in writing, with copy to all MDL counsel, that his deposition has been cancelled and that he will not be deposed in this matter, and (2) withdraw its Order of Commission with respect to Mr. Petrucci.

Dated: June 5, 2007                    Respectfully submitted,

*/s/ Allan B. Diamond*
Allan B. Diamond (admitted *pro hac*) (AD6238)
Greg Taylor (admitted *pro hac*) (GT6096)
DIAMOND, MCCARTHY, TAYLOR, FINLEY & LEE, LLP
Two Houston Center

909 Fannin Street, Suite 1500
Houston, TX 77010
Ph: 713-333-5100
Fax: 713-333-5199


Richard I. Janvey (RJ1160)
Joan M. Secofsky (JS4053)
JANVEY, GORDON, HERLANDS, RANDOLPH &
  COX, LLP
355 Lexington Avenue
New York, New York 10017
Ph: 212-986-1200

4