# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION | MASTER DOCKET<br><br>04 MD 1653 (LAK) ECF Case |
| This document relates to:   06 Civ. 00704 | |
| PARMALAT CAPITAL FINANCE LIMITED, acting by its Joint Provisional Liquidators, Gordon I. McRae and G. James Cleaver,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, et al.<br><br>Defendants. | BANK OF AMERICA'S<br><br>INTERROGATORIES |

### BANK OF AMERICA'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Bank of America Corporation; Banc of America Securities, LLC; and Bank of America, N.A. hereby request that plaintiff Parmalat Capital Finance Limited respond to these Interrogatories, separately and fully, in writing and under oath, no later than thirty (30) days after the service of these Interrogatories.

## DEFINITIONS

For purposes of these Interrogatories, the following definitions shall apply:

1. Bank of America adopts and incorporates by reference the uniform definitions for discovery requests as specified by Local Civil Rule 26.3.

2. The term "Bank of America" refers to Bank of America Corporation; Banc of America Securities, LLC.; and Bank of America, N.A., including any present or former officers, directors, partners, managers, members, employees, predecessors or successors.

3. The term "PCFL" means plaintiff Parmalat Capital Finance Limited, acting by its Joint Provisional Liquidators, Gordon I. MacRae and G. James Cleaver, and any of PCFL's present or former officers, directors, partners, employees, predecessors, successors, corporate parents, subsidiaries or affiliates, whether or not such entities are in bankruptcy proceedings in the Cayman Islands.

4. The term "liquidators" refers to MacRae and Cleaver, any successors to MacRae and Cleaver as liquidators of PCFL, MacRae's and Cleaver's accounting, financial, tax and other advisors, and any of their present or former partners, employees, predecessors, successors, corporate parents, subsidiaries or affiliates.

5. The term "Parmalat" refers to Parmalat Finanziaria S.p.A., Parmalat S.p.A., and their subsidiaries or affiliates, and any of their present or former officers, directors, partners, employees, predecessors, successors, corporate parents, subsidiaries or affiliates, whether or not they are under Extraordinary Administration.

6. The term "Parmalat Admin" shall have the meaning prescribed to it in your Complaint.

7. The term "FHL" means Food Holdings Limited.

2

8. The term "DHL" means Dairy Holdings Limited.

9. The terms "you" and "your" refer to PCFL and the liquidators.

10. The term "Complaint" shall mean the complaint filed by PCFL in this action and any subsequent Amended Complaints.

11. The term "agreement" is used in its broadest sense and means, at a minimum, any written or oral understanding between persons.

12. The term "including" shall mean including without limitation. "Including" should not be read to restrict or limit the scope of a particular interrogatory in any way.

13. The term "relate to" means directly or indirectly mentioning, concerning, referring, constituting, identifying, discussing, describing, supporting or refuting, pertaining to or being connected with, a stated subject matter.

14. The term "Bank of America transactions" means any transaction involving PCFL and/or Parmalat, as defined above, in which Bank of America served as lender, private placement agent or played any other role.

## INSTRUCTIONS

1. In answering these Interrogatories, furnish all information available to you or subject to your reasonable inquiry.

2. If an interrogatory has subparts, answer each part separately and in full, and do not limit your answer to the interrogatory as a whole.

3. If any interrogatory cannot be responded to in full, answer to the extent possible and specify the reasons for your inability to respond fully. If you object to any part of

an interrogatory, answer all parts of the interrogatory to which you do not object, and as to each part to which you do object, separately set forth the specific basis for the objection.

4. If any interrogatory is objected to on grounds other than privilege, state in detail the basis for the objection.

5. In answering these Interrogatories, please restate each Interrogatory in full before stating your response thereto.

6. These Interrogatories are continuing in nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

7. If you produce documents in response to any of these Interrogatories, then the additional instructions stated in Bank of America's First Request for the Production of Documents apply.

8. The adjectives "any" and "all," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside of their scope

9. Unless otherwise indicated, each interrogatory requests information for the period January 1, 1994 to present.

## INTERROGATORIES

### INTERROGATORY NO. 1

State any and all facts that support the Cause of Action in your Complaint for breach of fiduciary duty.

### INTERROGATORY NO. 2

State any and all facts that support the Cause of Action in your Complaint for aiding and abetting breach of fiduciary duty.

### INTERROGATORY NO. 3

State any and all facts that support the Cause of Action in your Complaint for unjust enrichment.

### INTERROGATORY NO. 4

State any and all facts that support the Cause of Action in your Complaint for unlawful civil conspiracy.

### INTERROGATORY NO. 5

State any and all facts that support your allegations that Bank of America owed PCFL a fiduciary duty.

### INTERROGATORY NO. 6

State any and all facts that support your allegations that Bank of America knowingly covered up PCFL's insolvency and the nature of the transactions and transfers described in your Complaint by allowing the transactions and transfers to be falsely reported in PCFL's financial statements, audits, and other financial documents.

**INTERROGATORY NO. 7**

Identify all PCFL directors who you claim were innocent and unaware of the wrongful nature of the matters alleged in your Complaint and could and would have terminated and/or prevented such wrongful acts and omissions and describe the basis for that assertion.

**INTERROGATORY NO. 8**

State any and all facts that support your allegations that Bank of America had knowledge of Parmalat's true financial condition and knew Parmalat's audited financial statements were misleading.

**INTERROGATORY NO. 9**

State any and all facts that support your allegations that Bank of America had knowledge of Parmalat's scheme to keep Parmalat's actual financial condition secret by manipulating or falsifying its financial statements, concealing the debts of various Parmalat entities and recording non-existent sales or double-booking sales.

**INTERROGATORY NO. 10**

State any and all facts that support the allegations in Paragraph 64 of your Complaint that Bank of America knew on December 21, 1998, that Parmalat de Venezuela CA and Parmalat Industria Lactea Venezolana CA would never fully repay the $100 million loan Bank of America made to them.

**INTERROGATORY NO. 11**

State any and all facts that support your allegations that at the time of the December 1999 transactions involving FHL, DHL, PCFL and Parmalat as described in your Complaint, see Compl. ¶¶ 67-106, Bank of America knew that Parmalat's Brazilian subsidiary was over-valued and would never be publicly listed.

**INTERROGATORY NO. 12**

State any and all facts regarding the allegation in Paragraph 92 of your Complaint that "Bank of America also knew that Parmalat Admin did not intend to use the funds obtained from FHL and DHL for the reinforcement of its assets and finances, but rather intended to provide that majority of the funds to Wishaw Trading S.A., reportedly to repay certain Bank of America loans and/or Parmalat bonds."

**INTERROGATORY NO. 13**

State any and all facts regarding the allegation in Paragraph 96 of your Complaint that "Bank of America knew or should have known that [PCFL] would be unable to make the $423 Million payment required under the" put agreement entered into by PCFL, FHL, and DHL as described in Paragraph 95 of your Complaint.

**INTERROGATORY NO. 14**

State any and all facts regarding the allegation in Paragraph 77 of your Complaint that Bank of America knew that Parmalat Admin shares "would never be worth enough for FHL to make good on its Notes."

**INTERROGATORY NO. 15**

State any and all facts regarding the allegation in Paragraph 113 of your Complaint that "Bank of America intended all along for the funds loaned to CUR Holdings to [PCFL] to be used to pay off troubled loans made earlier by Bank of America to Parmalat entities, without regard for the impact on [PCFL's] deepening insolvency."

## INTERROGATORY NO. 16

State any and all facts regarding your allegations that Bank of America devised and executed a "scheme to loot" PCFL. See, e.g., Compl. ¶ 115.

## INTERROGATORY NO. 17

State any and all facts regarding your allegations that Bank of America caused PCFL to suffer losses from PCFL's purchase of notes from New Zealand Dairy Board on October 30, 1997, and from Tetra Pak Ltda. on November 21, 1997. See Compl. ¶ 121-122.

## INTERROGATORY NO. 18

State any and all facts regarding your allegations that Bank of America caused PCFL to suffer losses as a result of the September 29, 1998 loan Bank of America made to Parmalat Venezuela CA.

## INTERROGATORY NO. 19

State any and all facts regarding the allegations in Paragraph 133 of your Complaint that "Bank of America then either caused [PCFL] to loan $100 million to Parmalat Participacoes Ltda. and retained the deposit as 'security' for such loan, or funded the $100 million loan directly to Parmalat Participacoes Ltda. with the deposit and immediately transferred the note receivable to [PCFL] for full reimbursement of the loaned amount."

## INTERROGATORY NO. 20

State any and all facts regarding your allegations that Bank of America caused PCFL to suffer losses from PCFL's purchase of a loan participation in the amount of $60 million for the benefit of Parmalat Argentina SA. See Compl. ¶ 118-120

8

## INTERROGATORY NO. 21

State any and all facts regarding the allegation in Paragraph 29 of your Complaint that Bank of America employees in Charlotte, North Carolina supervised Luca Sala.

## INTERROGATORY NO. 22

State any and all facts regarding the allegation in Paragraph 32 of your Complaint that former Parmalat chief executive officer Calisto Tanzi "has since admitted to Italian authorities that he funneled more than $20 million in illicit payments to one or more Bank of America officials."

## INTERROGATORY NO. 23

State any and all facts regarding the funding of the actions brought by PCFL in the United States, including, but not limited to, the name of the party providing funding to the liquidators, the amount of funding provided, and the distribution to that party of any recoveries obtained in those actions.

## INTERROGATORY NO. 24

With regard to any and all damages you claim in this action, state:

    a. a computation of all damages you claim, including the manner in which you purport to calculate these damages, a specification of the amount of damages attributable to each Count and by each act allegedly causing such damage;

    b. the factual basis for your claim that these damages were caused by Bank of America;

    c. the identity of any and all documents evidencing the damages you claim.

9

**INTERROGATORY NO. 25**

With respect to the Requests for Admission served on you by Bank of America, please explain any response to a specific request other than an unconditional admission.

| | |
|---|---|
| February 3, 2007 | SIDLEY AUSTIN LLP |
| | By: /s/ Mark P. Guerrera |
| A. Robert Pietrzak (AP-6711) | Joseph B. Tompkins, Jr. |
| Thomas McC. Souther (TS-6615) | Alan C. Geolot |
| Daniel A. McLaughlin (DM-2688) | Mark P. Guerrera |
| SIDLEY AUSTIN LLP | SIDLEY AUSTIN LLP |
| 787 Seventh Avenue | 1501 K Street, N.W. |
| New York, New York 10019 | Washington, D.C. 20005 |
| (212) 839-5300 | (202) 736-8000 |
| (212) 839-5599 (fax) | (202) 736-8711 (fax) |

Attorneys for Defendants Bank of America Corporation, Bank of America NT & SA, Banc of America Securities LLC, Banc of America Securities Limited, Bank of America International Limited, and Bank of America, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2007, I caused a copy of the attached Bank of America's First Set of Interrogatories to Parmalat Capital Finance Limited to be served via e-mail on the counsel listed below, with a copy sent to all counsel of record in the Parmalat Multi-District Litigation.

Allan B. Diamond, Esq.
J. Gregory Taylor, Esq.
J. Benjamin King, Esp.
Diamond McCarthy Taylor Finely & Lee LLP
1201 Elm Street, Suite 3400
Dallas, Texas 75270

                                                   Brian D. Vann