# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                                  :
In re PARMALAT SECURITIES LITIGATION              :       Master Docket
                                                  :       04-MDL-1653 (LAK)
                                                  :
This document relates to:                         :
                                                  :
------------------------------------------------- x
                                                  :
PARMALAT CAPITAL FINANCE LIMITED, etc.,           :       06-CIV-02991 (LAK)
                                                  :
        -against-                                 :
                                                  :
GRANT THORNTON INTERNATIONAL., et al.             :
                                                  :
------------------------------------------------- x

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO GRANT THORNTON INTERNATIONAL'S INTERROGATORIES

Plaintiff PARMALAT CAPITAL FINANCE LIMITED, acting through its Joint Official Liquidators, G. James Cleaver and Gordon I. MacRae, by and through counsel, object to and respond to the interrogatories propounded by Grant Thornton International ("GTI") to Plaintiff as follows:

### OBJECTIONS TO GTI's "DEFINITIONS"

Plaintiff generally objects to the "Definitions" provided in GTI's Interrogatories to the extent they seek to impose greater obligations on Plaintiff than Rules 33 and 34 of the Federal Rules of Civil Procedural or Local Civil Rule 26.3. To the extent the definition of "Plaintiff" varies from the definition of "Parties" as set forth in Local Civil Rule 26.3, Plaintiff will not follow the definition provided by GTI.

## OBJECTIONS TO GTI's "INSTRUCTIONS"

Plaintiff generally objects to the "Instructions" provided in GTI's Interrogatories to the extent they seek to impose greater obligations on Plaintiff that Rule 33 of the Federal Rules of Civil Procedure or Local Rule 26.3. In particular, Plaintiff objects to GTI's instructions as follows:

**Instruction No. 1:** Plaintiff has in its possession millions of pages of documents produced to the parties to the Parmalat MDL. Plaintiff cannot reasonably be expected to have reviewed, processed, and synthesized all data in these millions of pages of documents, many of which may be relevant to Plaintiff's claims and Plaintiff's responses to GTI's Interrogatories. Neither the Federal Rules of Civil Procedure nor the Local Rules of the Southern District of New York require Plaintiff to review, process, and synthesize every document produced in the Parmalat MDL before responding to GTI's Interrogatories. Plaintiff will respond to GTI's Interrogatories based on the current knowledge of their representatives and agents at this time.

**Instruction No. 2:** Plaintiff objects to this instruction on the grounds that it is vague as to what GTI means by "belief." Plaintiff will respond to GTI's Interrogatories based on the knowledge of its representatives and agents and reasonable inferences from that knowledge.

**Instruction No. 4:** Plaintiff objects to this instruction on the grounds that it seeks to impose a burden on Plaintiff greater than that allowed under the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York. Plaintiff will not comply with this instruction.

Instruction No. 9: Plaintiff objects to this instruction on the grounds that it seeks to impose a burden on Plaintiff greater than that allowed under the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York. Plaintiff will not comply with this instruction.

SPECIFIC OBJECTIONS AND RESPONSES TO GTI'S INTERROGATORIES

INTERROGATORY NO. 1: Identify all Person(s) who provided information or assisted in answering these interrogatories.

ANSWER: G. James Cleaver, Gordon MacRae, their staff, and counsel participated in the preparation of these interrogatory responses.

INTERROGATORY NO. 2: Identify all current and former officers, directors, employees, representatives and agents of PCFL, and with respect to each individual, state (a) whether he or she was at any time associated or affiliated in any way with Parmalat S.p.A. or any other Parmalat entity and (b) whether you contend he or she "[was] innocent and unaware of the wrongful nature of the matters alleged in [the] Complaint," as alleged in ¶ 7 of the Complaint.

ANSWER: Plaintiff objects to this interrogatory on the ground that it is vague, overbroad, and unduly burdensome. The names and other identifying information of every "representative" of PCFL is irrelevant to any issue in this litigation. The phrase "at any time associated or affiliated in any way with Parmalat" is so vague as to be meaningless.

Without waiver of any objection, Plaintiff states that G. James Cleaver and Gordon I. MacRae serve as PCFL's Joint Official Liquidators. As PCFL's Joint Official Liquidators, they are represented in this litigation against GTI by Diamond McCarthy, LLP and Janvey, Gordon, Herlands, Randolph & Cox, LLP. Grant Thornton S.p.A. served as PCFL's auditor from 1998-2001. Deloitte (Malta) served as PCFL's auditor from 2002-2003. BBLP Pavia e Ansaldo served as PCFL's legal counsel from 1997-2001. Zini & Associates served as PCFL's legal counsel from 2001-2003.

According to the documents in the Plaintiff's possession, the Plaintiff's former directors include the following:

(a) Andrea Petrucci,
(b) Fausto Tonna,
(c) Luciano del Soldato,
(d) Thomas Michael Brattvet,
(e) Thomas C. Brennan,

 (f) Giovanni Bonici,
 (g) Carlos de Souza Monteiro,
 (h) Martin Manduca,
 (i) Adrian Pope,
 (j) Dr. Ian Stafrace, and
 (k) Dr. Clare Stafrace Zammit.

 Andrea Petrucci, Fausto Tonno, Luciano del Soldato, and Goivanni Bonici are believed to have served as an agent of one or more other Parmalat entities during their tenure as PCFL's directors. Plaintiff contends that its Joint Official Liquidators and all of the various directors listed in this response, with the exception of Fausto Tonna and Luciano del Soldato, were innocent and unaware of the wrongful nature of the matters alleged in the Complaint.

**INTERROGATORY NO. 3:** Identify all Persons with knowledge of the roles that Fausto Tonna and Luciano del Soldato played in the creation and management of PCFL, including but not limited to, the roles they played in the Transactions described in the Complaint.

**ANSWER:** Plaintiff objects to this interrogatory on the ground that it is vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this interrogatory to the extent it seeks information outside the control of Plaintiff.

 Without waiving any objections, the following persons are believed to possess knowledge regarding the roles played by Fausto Tonna and Luciano del Soldato in relation to PCFL, including but not limited to the roles Tonna and del Soldato played in the Transactions described in the Complaint:

 (a) Fausto Tonna,
 (b) Luciano del Soldato,
 (c) Calisto Tanzi,
 (d) Claudio Pessina,
 (e) Gianfranco Bocchi,
 (f) Alessandra Poma,
 (g) Gian Paolo Zini,
 (h) Luca Sala,
 (i) Antonio Luzi,
 (j) Luis Moncada,
 (k) Patrizia Medvedich,
 (l) Lorenzo Penca,
 (m) Marrizio Bianchi,
 (n) Arnaldo Airoldi,
 (o) Edward Camilleri,
 (p) Debbie Camilleri,
 (q) Mark Alden,

    (r)   Brian Sacco,
    (s)   Dr. Enrico Bondi,
    (t)   Dr. Stefania Chiaruttini,
    (u)   Marco Ghiringhelli, and
    (v)   PCFL's former directors listed in response to Interrogatory No. 2 who were innocent and unaware of the wrongful nature of the matters alleged in the Complaint.

**INTERROGATORY NO. 4**: Identify the purportedly "innocent directors and officers" of PCFL who "could and would have acted to stop the schemes that led to [PCFL's] financial collapse" as alleged in Paragraph 8 of the Complaint, and for each such person state specifically what actions you contend such person could or would have taken.

**ANSWER**: Plaintiff contends that PCFL's innocent directors and officers include, but may not be limited to, the following:

    (a) Andrea Petrucci,
    (b) Thomas Michael Brattvet,
    (c) Thomas C. Brennan,
    (d) Giovanni Bonici,
    (e) Carlos de Souza Monteiro,
    (f) Martin Manduca,
    (g) Adrian Pope,
    (h) Dr. Ian Stafrace, and
    (i) Dr. Clare Stafrace Zammit.

The universe of possible actions that could or would have been taken by these innocent directors and officers to stop the schemes that led to PCFL's financial collapse changed over time, with different possible actions being possible at different points in time. These actions include, *inter alia*, preventing transactions from being consummated, triggering guarantee obligations, initiating winding up (liquidation) proceedings, informing innocent directors or officers of Parmalat S.p.A. or Parmalat Finanziaria S.p.A. of improper conduct or fraudulent activities; or informing Cayman or other law enforcement agencies of improper conduct or fraudulent activities.

**INTERROGATORY NO. 5**: Identify the purportedly "innocent directors and officers" who "reasonably relied on [PCFL's] false financial statements and on Grant Thornton's false audit reports in making decisions to act on [PCFL's] behalf including, *inter alia*, permitting [PCFL] to continue operations at a time when – unbeknownst to such innocent directors and officers – it was growing increasingly insolvent" as alleged in Paragraph 9 of the Complaint, and state specifically the information upon which such "innocent directors and officers" purportedly relied.

**ANSWER**: Plaintiff contends that the following former PCFL directors and officers were innocent, and reasonably relied on PCFL's false financial statements and Grant Thornton's false audit reports in making decisions in relation to PCFL:

Parmalat Capital Finance Limited's Objections and
Responses to Grant Thornton International's Interrogatories – Page 5

(a) Andrea Petrucci,
(b) Thomas Michael Brattvet,
(c) Thomas C. Brennan,
(d) Giovanni Bonici,
(e) Carlos de Souza Monteiro,
(f) Martin Manduca,
(g) Dr. Ian Stafrace, and
(h) Dr. Clare Stafrace Zammit.

More specifically, Plaintiff contends that these individuals relied upon the accuracy of PCFL's financial statements, including the stated assets, liabilities, and income, and Grant Thornton's *unqualified* audit reports when making decisions to act on PCFL's behalf including, *inter alia*, agreeing to serve as PCFL directors, approving PCFL's transactions that occurred during their respective tenures, and permitting PCFL to continue its operations at a time when – unbeknownst to such innocent directors and officers – it was growing increasingly insolvent. Plaintiff contends that the listed individuals – had they known the true nature of PCFL's reported assets and liabilities along with the falsity of Grant Thornton's audit reports – would have taken one or more of the actions set forth in response to Interrogatory No. 4.

**INTERROGATORY NO. 6**: Identify all creditors and/or investors who have filed claims against PCFL in the liquidation proceedings in the Cayman Islands or who have taken any other action against PCFL with respect to any of the transactions described in the Complaint, and for each such creditor or investor, state the amount of their claim.

**ANSWER**: Pursuant to the terms of the Confidential Relationships (Preservation Law (1995 Revision) ("the Law") of the Cayman Islands, this information is confidential and disclosure of it in breach of the Law is a criminal offense. Lawful disclosure of this information requires the consent of the creditors/note holders concerned, or, if such consent cannot be obtained, an application to the Grand Court of the Cayman Islands pursuant to section 4 of the Law for a direction from the Court as to whether or not this information may be provided for the purposes of these proceedings and, if so, upon what conditions. Thus, Plaintiff cannot provide the information requested by this interrogatory at this time, nor should it bear the costs of making the application to the Grand Court described above, if necessary.

**INTERROGATORY NO. 7**: Identify all Person(s) with knowledge concerning any and all damages incurred by PCFL as a result of the facts alleged in the Complaint.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or constitutes a premature or improper attempt to obtain expert disclosures. Plaintiff will not provide any such privileged information. Additionally, Plaintiff objects to this interrogatory on the ground that it is vague, overbroad, unduly burdensome, and unlikely

to lead to the discovery of admissible evidence. Finally, Plaintiff objects to this interrogatory to the extent it seeks information outside the control of Plaintiff.

Without waiving any objections, the following persons are believed to possess knowledge concerning damages incurred by PCFL as a result of the facts alleged in the Complaint:

(a) Fausto Tonna,
(b) Luciano del Soldato,
(c) Calisto Tanzi,
(d) Claudio Pessina,
(e) Gianfranco Bocchi,
(f) Alessandra Poma,
(g) Gian Paolo Zini,
(h) Luca Sala,
(i) Antonio Luzi,
(j) Luis Moncada,
(k) Patrizia Medvedich,
(l) Lorenzo Penca,
(m) Marrizio Bianchi,
(n) Arnaldo Airoldi,
(o) Edward Camilleri,
(p) Debbie Camilleri,
(q) Mark Alden,
(r) Brian Sacco,
(s) Dr. Enrico Bondi,
(t) Dr. Stefania Chiaruttini,
(u) Marco Ghiringhelli,
(v) PCFL's former directors listed in response to Interrogatory No. 2 who were innocent and unaware of the wrongful nature of the matters alleged in the Complaint, and
(w) PCFL's Joint Official Liquidators.

**INTERROGATORY NO. 8**: As to each element of damage set forth in the Complaint, explain in detail the exact amount and the method of calculating such damages.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or constitutes a premature or improper attempt to obtain expert disclosures. Plaintiff will not provide any such privileged information.

Additionally, Plaintiff objects to this Interrogatory as premature. Discovery is ongoing in this case, and experts have yet to be designated and expert reports prepared. Plaintiff expressly reserves the right to supplement or amend its response throughout and upon the conclusion of discovery with the benefit of expert analysis and review. Subject

to the foregoing, Plaintiff's damages are estimated to be at least $1 billion dollars, as set forth in Plaintiff's Complaint.

**INTERROGATORY NO. 9**:   Identify all Person(s) with knowledge that "GTI maintained an agency/principal relationship with member firm GT-Italy, by which GTI exercised an expectancy of control, actual control, and power over GT-Italy" as alleged in ¶ 21 of the Complaint.

**ANSWER**:   Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or constitutes a premature or improper attempt to obtain expert disclosures. Plaintiff will not provide any such privileged information. Additionally, Plaintiff objects to this interrogatory on the ground that it is vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Finally, Plaintiff objects to this interrogatory to the extent it seeks information outside the control of Plaintiff.

Subject to the forgoing, and based upon a review of documents, including but not limited to, GTI's 2005 Transparency Report, Plaintiff believes the current and former management staff and personnel of GTI and its member firms are aware of facts that give rise to an agency/principal relationship between GTI and GT-Italy, including but not limited to:

a) David McDonnell,
b) Clive Bennett,
c) Barry Barber,
d) Robert Kleckner,
e) Edward Nusbaum,
f) Andreas Aigner,
g) Mike Star,
h) Jacqueline Neufeld,
i) Massimo Barbaria,
j) Maurizio Bianchi,
k) Salvatore Biscozzi,
l) Francesco Novelli,
m) Lorenzo Penca,
n) Marco Verde,
o) Domenick Esposito,
p) Michael Hartley,
q) Sean McGrory,
r) Carol Riehl-Banford,
s) Stephan Chipman,
t) Scott J. Hendon,
u) Ian Johnson,
v) Martin Goddard,
w) Darryl Whitehead,
x) A. Zagouri, and

    y) Mark Gugeja.

**INTERROGATORY NO. 10**: Identify all Person(s) with knowledge concerning the allegation that PCFL "raised in excess of $1 billion dollars through the issuance of notes and preference shares to institutional investors" as alleged in Paragraph 60 of the Complaint.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or constitutes a premature or improper attempt to obtain expert disclosures. Plaintiff will not provide any such privileged information. Additionally, Plaintiff objects to this interrogatory on the ground that it is vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Finally, Plaintiff objects to this interrogatory to the extent it seeks information outside the control of Plaintiff.

    Subject to the forgoing, and based upon a review of documents, including but not limited to PCFL's financial records, Plaintiff believes the following individuals possess knowledge concerning money raised by PCFL through the issuance of notes and preference shares:

    (a)    Fausto Tonna,
    (b)    Luciano del Soldato,
    (c)    Calisto Tanzi,
    (d)    Claudio Pessina,
    (e)    Gianfranco Bocchi,
    (f)    Alessandra Poma,
    (g)    Gian Paolo Zini,
    (h)    Luca Sala,
    (i)    Antonio Luzi,
    (j)    Luis Moncada,
    (k)    Patrizia Medvedich,
    (l)    Lorenzo Penca,
    (m)    Marrizio Bianchi,
    (n)    Arnaldo Airoldi,
    (o)    Edward Camilleri,
    (p)    Debbie Camilleri,
    (q)    Mark Alden,
    (r)    Brian Sacco,
    (s)    Dr. Enrico Bondi,
    (t)    Dr. Stefania Chiaruttini,
    (u)    Marco Ghiringhelli,
    (v)    PCFL's former directors listed in response to Interrogatory No. 2 who were innocent and unaware of the wrongful nature of the matters alleged in the Complaint, and
    (w)    PCFL's Joint Official Liquidators.

**INTERROGATORY NO. 11:** Identify any Person(s) with knowledge of each of the Transactions identified in the Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or constitutes a premature or improper attempt to obtain expert disclosures. Plaintiff will not provide any such privileged information. Additionally, Plaintiff objects to this interrogatory on the ground that it is vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Finally, Plaintiff objects to this interrogatory to the extent it seeks information outside the control of Plaintiff.

The conduct alleged in the Complaint encompasses a massive fraud perpetrated by certain fiduciaries, Parmalat agents and employees, Bank of America entities, and Grant Thornton entities that resulted in one of the largest bankruptcies in European history. Hundreds of persons may have knowledge of each of the Transactions identified in the Complaint, including current and former employees of the aforementioned organizations. The parties to the Parmalat MDL have produced millions of pages of documents that are available to GTI. Plaintiff directs GTI to these documents, which will contain the names of current and former representatives of the Parmalat entities, Bank of America entities, Grant Thornton entities, and other persons who may have knowledge of each of the Transactions identified in the Complaint.

Without waiver of any objection, Plaintiff believes that at least the following individuals may have knowledge of facts relevant to the Transactions described in the Complaint:

(a) Fausto Tonna,
(b) Luciano del Soldato,
(c) Calisto Tanzi,
(d) Claudio Pessina,
(e) Gianfranco Bocchi,
(f) Alessandra Poma,
(g) Gian Paolo Zini,
(h) Luca Sala,
(i) Antonio Luzi,
(j) Luis Moncada,
(k) Patrizia Medvedich,
(l) Lorenzo Penca,
(m) Marrizio Bianchi,
(n) Arnaldo Airoldi,
(o) Edward Camilleri,
(p) Debbie Camilleri,
(q) Mark Alden,
(r) Brian Sacco,
(s) Dr. Enrico Bondi,
(t) Dr. Stefania Chiaruttini,

Parmalat Capital Finance Limited's Objections and
Responses to Grant Thornton International's Interrogatories – Page 10

(u) Marco Ghiringhelli,
(v) PCFL's former directors listed in response to Interrogatory No. 2 who were innocent and unaware of the wrongful nature of the matters alleged in the Complaint, and
(w) PCFL's Joint Official Liquidators.

**INTERROGATORY NO. 12:** Identify all transfers of monetary value, including but not limited [sic] transfers of monies, property, stock or any other asset of any kind, to or from PCFL in connection with each of the Transactions identified in the Complaint and for each such transfer, state (a) the date on which it occurred; (b) the amount of the transfer; (c) the identity of the transferor; (d) the identity of the transferee; (e) any value received in exchange for the transfer; and (f) all Persons with knowledge of or documents concerning such transfer or the Transaction to which it relates.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Plaintiff will not provide any such privileged information. Additionally, Plaintiff objects to part (f) of this interrogatory on the ground that it is vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Further, Plaintiff objects to this interrogatory to the extent it seeks information outside the control of Plaintiff.

Finally, Plaintiff objects to this Interrogatory as premature. Discovery is ongoing in this case. Plaintiff has yet to obtain all relevant and requested documents from Defendants and pertinent third parties. Moreover, experts have yet to finalize their analysis or be designated. Subject to the foregoing, Plaintiff has produced PCFL's financial records that are currently within its possession and control. These financial records evidence certain of the transfers made in connection with Transactions described or identified in the Complaint, including but not limited to the following:

(a) Transfer of US $30 million on December 17, 1999, from PCFL to Parmalat Administracao;
(b) Receipt of US $29,999,982 on December 20, 1999, by PCFL from an unidentified source;
(c) Transfer of US $175,000 on January 9, 2002, by PCFL to Boston Holdings;
(d) Transfer of US $5,523.29 on February 5, 2002, by PCFL to Zini & Associates;
(e) Transfer of US $125,000 on February 14, 2002, by PCFL to Boston Holdings;
(f) Transfer of US $32,715.04 on September 9, 2002, by PCFL to Zini Epicurum Ltd.;
(g) Transfer of US $2,736,822 on October 3, 2002, by PCFL to Zini & Associates;
(h) Receipt of US $97 million on November 12, 2002, by PCFL from CUR Holdings via Queensgate Bank & Trust;
(i) Transfer of US $1,556,250 on November 18, 2002, by PCFL to Graubunder Kantonal Bank;

(j) Transfer of US $104 million on November 19, 2002, by PCFL to Parmalat Finance Corp.;
(k) Receipt of US $9,450,000 on December 8, 2002, by PCFL from CUR Holdings via Queensgate Bank & Trust;
(l) Transfer of US $4,160,000 on January 8, 2003, by PCFL to Zini Epicurum Ltd.;
(m) Transfer of US $2 million on January 30, 2003, by PCFL to Zini & Associates;
(n) Transfer of US $1,454,964 on March 10, 2003, by PCFL to Zini Epicurum Ltd.;
(o) Transfer of US $8,004.42 on March 25, 2003, by PCFL to Zini & Associates.
(p) Transfer of US $400,000 on March 28, 2003, by PCFL to Zini Epicurum Ltd.;
(q) Receipt of US $9,450,000 on June 11, 2003, by PCFL from CUR Holdings via Queensgate Bank & Trust;
(r) Transfer of US $1,800,000 on June 16, 2003, by PCFL to Parma AC;
(s) Transfer of US $5 million on June 27, 2003, by PCFL to Parmalat S.p.A.;
(t) Receipt of US $21,150,000 on July 18, 2003, by PCFL from Parmalat S.p.A.;
(u) Transfer of US $21,117,179 on July 18, 2003, by PCFL to CUR Holdings via Capital Leben to LGT Bank Lichtenstein;
(v) Transfer of US $678,900 on July 18, 2003, by PCFL to Zini & Associates;
(w) Transfer of US $1,612,800 on July 28, 2003, by PCFL to Zini & Associates;
(x) Transfer of US $700,000 on August 7, 2003, by PCFL to Zini & Associates; and
(y) Transfer of US $2,175,186.75 on September 5, 2003, by PCFL to Zini & Associates.

Plaintiff expressly reserves the right to supplement or amend its response throughout and upon the conclusion of discovery with the benefit of expert analysis and review, which includes the identification of specific fund transfers that are subject matter of this Interrogatory.

**INTERROGATORY NO. 13**: Identify the person(s) at GT-Italy who instructed GT Cayman to create Bonlat "[w]ithout the obligation to keep the accounts" as alleged in ¶ 72 of the Complaint.

**ANSWER**: A letter, purporting to be from Mr. Maurizio Bianchi of Grant Thornton SpA, was faxed to W. John Matthew of Morris Brankin & Co. on September 30, 1998, which states the following: "[o]ur most important client would like to acquire or incorporate a holding company, having the following characteristics: ...[w]ithout the obligation to keep the accounts."

**INTERROGATORY NO. 14**: Identify all communications between and among GT-Italy, Morris Brankin & Co., the Parmalat Insiders and PCFL concerning the creation of Bonlat.

ANSWER: Plaintiff objects to this interrogatory on the ground that it is vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to this interrogatory to the extent it seeks information outside the control of Plaintiff. Without waiving the forgoing, Plaintiff identifies the following documents:

(a) A letter, purporting to be from Maurizio Bianchi, was faxed to W. John Matthew of Morris Brankin & Co. on September 30, 1998, which states the following: "[o]ur most important client would like to acquire or incorporate a holding company, having the following characteristics: ...[w]ithout the obligation to keep the accounts." Document No. JL0011142.

(b) A letter, purporting to be from Maurizio Bianchi of Grant Thornton SpA, was faxed to Elizabeth Ibeh of Caribbean Management Ltd. on November 13, 1998, which informed Ms. Ibeh that "[o]ur client is satisfied with [the draft memorandum and articles of association prepared by Ms. Ibeh] and now wishes to complete the Project with extreme urgency." Mr. Bianchi identifies the name of the company being formed as "Bonlat Financing Corporation." Document No. JL0011143.

(c) A letter, purporting to be from Maurizio Bianchi of Grant Thornton SpA, was sent to Caribbean Management Ltd (Morris Brankin & Co.) on November 17, 1998 that included a number of confirmations and assurances regarding the beneficial owners of Bonlat Financing Corporation and his agreement to provide any information requested by a regulator or other competent legal authority. Document No. JL0011141.

(d) An executed engagement letter, purporting to be from Parmalat S.p.A. was sent to Caribbean Management Ltd. on November 19, 1998 regarding an application to form a new Cayman Islands company. This document does not specifically reference Bonlat Financing Corporation. Thus, it may or may not be responsive to this Interrogatory. Document No. JL0011132.

**INTERROGATORY NO. 15**: Identify all transfers of any kind between PCFL and Bonlat, and for each such transfer, state (a) the date on which it occurred; (b) the amount; (c) the Person(s) authorizing such transfer; and (d) all Persons with knowledge of or documents concerning such transfer.

**ANSWER**: Plaintiff objects to this interrogatory on the ground that it is vague (i.e., "transfers of any kind"), overbroad (i.e., "all"), unduly burdensome, and unlikely to lead to the discovery of admissible evidence. The interrogatory, read literally, would encompass hundreds of transfers, the vast majority of which are unrelated to the transactions described in the Complaint. Plaintiff further objects to this interrogatory to the extent it seeks information outside of Plaintiff's control.

Finally, Plaintiff objects to this Interrogatory as premature. Discovery is ongoing in this case. Plaintiff has yet to obtain all relevant and requested documents from Defendants and pertinent third parties. Moreover, experts have yet to finalize their analysis or be designated.

Subject to the foregoing, Plaintiff has produced financial records of PCFL and Bonlat that are currently within its possession and control. To answer this interrogatory as written, Plaintiff would rely on documents produced to the parties to the Parmalat MDL (including GTI), and thus the information is as available to GTI as it is to Plaintiff. Plaintiff refers GTI to those financial records for information concerning transfers of assets and liabilities by and between PCFL and Bonlat.

**INTERROGATORY NO. 16**: Identify any Person(s) who will be called by Plaintiff to testify as a fact or expert witness at the trial of this action.

**ANSWER**: Plaintiff has yet to determine whom it will call to testify as fact or expert witnesses, and the disclosure of those witnesses will be made in due course as required by the local rules. Plaintiff will supplement its response to this interrogatory at the appropriate time.

Dated: September 11, 2006

                              Respectfully submitted,

                              DIAMOND MCCARTHY TAYLOR
                                  FINLEY & LEE, LLP

                              Attorneys for Plaintiffs

                              */s/ Allan B. Diamond*
                              Allan B. Diamond, Esq. (AD6238)
                              J. Gregory Taylor, Esq. (JT6096)
                              J. Benjamin King, Esq. (JK0705)
                              1201 Elm Street, Suite 3400
                              Dallas, Texas 75270
                              Tel: (214) 389-5300

*Of Counsel:*
Richard I. Janvey (RJ1160)
Joan M. Secofsky (JS4053)
Janvey, Gordon, Herlands,
    Randolph & Cox, LLP
355 Lexington Avenue
New York, New York 10017
(212) 986-1200

## VERIFICATION

I, Gordon MacRae, as the authorized representative of Parmalat Capital Finance Limited, state that I have read the foregoing Objections and Responses of Parmalat Capital Finance Limited to Grant Thornton International's Interrogatories and that the factual statements therein are true and correct to the best of my information and belief.

*[signature: Gordon MacRae]*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on counsel to this action on September 11, 2006.

| | |
|---|---|
| Richard P. Campbell<br>John F. Kinney<br>Phillip Leon Stern<br>**FREEMAN, FREEMAN & SALZMAN**<br>401 North Michigan Ave., Ste. 3200<br>Chicago, IL 60611 | Samuel Butt<br>Michele S. Carino<br>Brian M. Cogan<br>James L. Bernard<br>Melvin Brosterman<br>Katherine I. Puzone<br>Quinlan Daniel Murphy<br>**STROOCK & STROOCK & LAVAN LLP**<br>180 Maiden Lane<br>New York, New York 10038 |

_____
J. Benjamin King