UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION<br><br>This document relates to: all actions | MASTER DOCKET<br><br>04 MD 1653 (LAK) ECF Case<br><br>ELECTRONICALLY FILED |

## LEAD PLAINTIFFS' MOTION AND JOINDER IN MOTION
## FOR AN ORDER PROHIBITING DEPOSITIONS OF
## ALBERTO NAGEL AND ANDREA PETRUCCI

                                                  **GRANT & EISENHOFER P.A.**
Stuart M. Grant (SG-8157)
James J. Sabella (JS-5454)
John C. Kairis (JK-2240)
Diane Zilka (DZ-9452)
485 Lexington Avenue
New York, NY  10017
646-722-8500

**COHEN, MILSTEIN, HAUSFELD &**
  **TOLL, P.L.L.C.**
Steven J. Toll

*Of Counsel*:                         Lisa M. Mezzetti (LM-5105)
Mark S. Willis
**SPECTOR ROSEMAN & KODROFF, P.C.**    Julie Goldsmith Reiser
Robert M. Roseman                Joshua S. Devore
Andrew D. Abramowitz          1100 New York Avenue, N.W.
Daniel J. Mirarchi                  Suite 500, West Tower
Rachel E. Kopp                   Washington, D.C.  20005-3964
1818 Market Street, 25th Floor        202-408-4600
Philadelphia, PA  19103
215-496-0300                       *Co-Lead Counsel for Plaintiffs*

Lead Plaintiffs hereby join in the motion of plaintiff Parmalat Capital Finance Ltd. ("PCFL") (MDL Docket No. 1321) pursuant to Federal Rule of Civil Procedure 26(c) for a protective order prohibiting the Bank of America defendants ("BofA") in the consolidated MDL actions from proceeding with the deposition of non-party Andrea Petrucci months after the close of fact discovery. Lead Plaintiffs join in the arguments set forth in PCFL's motion and, for the additional reasons set forth below, request that the motion be granted. In addition, Lead Plaintiffs move the Court for an Order pursuant to Rule 26(c) prohibiting BofA from proceeding with the deposition of non-party fact witness Alberto Nagel, which is presently scheduled to take place in Milan on July 19, 2007.[1]

It is respectfully submitted that neither deposition should be allowed to go forward. Three months have passed since the fact-discovery cut-off set by the Court and no exigent circumstances exist to warrant allowing these depositions to proceed in July 2007 when all parties are engaged in expert discovery and preparing summary judgment and other post-discovery motions.

Mr. Petrucci has been a potential witness since this Court issued its Order pursuant to the Hague Convention on April 14, 2006 appointing BofA's counsel, among others, as commissioners. BofA's only excuse is that it has had trouble scheduling the deposition until now. Lead Plaintiffs and other parties withdrew numerous requests for Hague Convention depositions and cancelled important Hague Convention depositions that had already been scheduled because the fact discovery cut-off had passed. There is absolutely no reason why BofA should not do the same. In fact, BofA's counsel cannot

---

[1] On May 25, 2007, BofA's counsel informed the parties that Mr. Petrucci's deposition has been scheduled for June 7, 2007 in Milan. After meet and confer discussions, BofA stated that it would reschedule the deposition to coincide with a rescheduled date for the Nagel deposition, but it refused to cancel it.

even confirm that Mr. Petrucci will actually appear for a deposition on the date that BofA selects. The parties, thus, face the prospect of preparing and traveling for a deposition in Milan that may not even take place.[2]

With respect to Mr. Nagel, in 2006, the Court granted a request of certain Deloitte defendants for a Letter of Request for his deposition and that of certain PricewaterhouseCoopers employees. The Milan court thereafter appointed Judge Kluzer to conduct the depositions, and several hearings were held to schedule them. In light of the fact discovery cut-off, the parties agreed to not pursue the three PricewaterhouseCoopers depositions and informed Judge Kluzer of that fact at a hearing on April 17. Although Dr. Bondi's counsel informed Judge Kluzer of the discovery cut-off and that Mr. Nagel's deposition should not go forward, BofA's counsel expressed the desire to go forward with Mr. Nagel's deposition. Judge Kluzer is under order of the Milan court to schedule the Milan depositions. Thus, he cannot cancel the Nagel deposition unless all the parties, including BofA, consent – or unless this Court orders that it be cancelled.

On May 30, 2007, BofA's counsel informed the parties that Judge Kluzer scheduled Mr. Nagel's deposition for June 5, 2007. Lead Plaintiffs and other parties expressed to BofA's counsel their consternation that the deposition has been scheduled so long after the discovery cut-off and in the midst of expert discovery and requested that BofA take the necessary steps to cancel it. BofA agreed to inform Judge Kluzer on June 5 that the deposition of Mr. Nagel should be postponed but it refused to cancel it. At the

---

[2] Lead Plaintiffs understand that counsel for PCFL and counsel for Bank of America entered a letter agreement dated January 17, 2007 regarding the Bank's ability to take additional discovery after March 5, 2007, as to issues that arose during the deposition of PCFL's 30(b)(6) witness. While Lead Plaintiffs take no position on the meaning of that letter, Lead Plaintiffs were not a party to it, have not agreed to such an extension of discovery, and object to any attempt to extend discovery based on that letter.

2

June 5, 2007 hearing, BofA's counsel asked Judge Kluzer to reschedule the deposition. Lead Plaintiffs' counsel and Dr. Bondi's counsel opposed BofA's request based on the fact that the cut-off date was March 5, and they informed Judge Kluzer that this Court will be considering a request that it be cancelled. Judge Kluzer asked to be informed as soon as this Court decides whether or not the deposition is going forward, and held that, in the event that the deposition will be confirmed, it is scheduled for July 19, 2007 in Milan.

The only reason Judge Kluzer has ordered the Nagel deposition to go forward is because BofA insists. If BofA simply tells Judge Kluzer that the deposition should not go forward, it won't. Instead, BofA's persistence has forced Lead Plaintiffs to expend their and the Court's resources to get BofA to do what it plainly ought to do. BofA's only explanation for why it wants to take the deposition four and one-half months after the discovery cut-off is that it has been trying to schedule the deposition for some time. That is not a legitimate excuse given that BofA did not even begin to take the lead in scheduling Mr. Nagel's deposition until weeks after the fact discovery cut-off.[3]

---

[3] Lead Plaintiffs anticipate that BofA will direct the Court's attention to Lead Counsel's February 17, 2007 correspondence to the Court, in which they requested permission to proceed with the deposition of Roberto Polegri, a non-party fact witness. In mid-February, 2007, the Court in Rome scheduled the Polegri deposition for March 14, 2007. Although Lead Counsel stated to the Court that the Polegri deposition was an exigent circumstance beyond the parties' control, that does not undercut Lead Plaintiffs' objection to a deposition of a fact witness going forward in Milan in July 2007. The differences are plain: In February, the Polegri deposition was imminent, it had already been scheduled, it was for a date that was merely ten days after the cut-off, and, importantly, unlike the Nagel deposition, it was not going to affect any other schedule or impinge on counsel's focus in the next phase of the litigation. On March 14, 2007, the Polegri deposition was cancelled.

In addition, should BofA assert that Lead Plaintiffs waived their objections to the Nagel deposition because they reserved time to depose him, that would also be without merit  Lead Plaintiffs did so at Judge Kluzer's request. All of the parties' communications with regard to reserving time were expressly or implicitly subject to the deposition actually going forward. That hardly constitutes a concession by Lead Plaintiffs that the Nagel deposition should proceed as scheduled four and one-half months after the fact discovery cut-off.

3

In fact, neither the Petrucci deposition nor the Nagel deposition fits the exceptions to the discovery cut-off outlined by BofA's own counsel to the Court. *See* letter from Joseph P. Tompkins, Jr. to Magistrate Judge Pitman, dated February 26, 2007, attached as Exhibit A. BofA should not be allowed to flout the Court's Scheduling Order, particularly given the strident position expressed by its counsel about the importance of complying with the deadlines.

For these reasons, Lead Plaintiffs respectfully requests that the Court order that: (1) BofA is barred from deposing Messrs. Petrucci and Nagel; (2) the Court's Order granting the commission with respect to Mr. Petrucci is deemed withdrawn; (3) the Order granting the Letter of Request for Mr. Nagel is deemed withdrawn; (4) BofA shall inform Mr. Petrucci in writing, with copy to all MDL counsel, that his deposition has been cancelled and that he will not be deposed in this matter; (5) BofA shall inform Judge Kluzer that Mr. Nagel's deposition has been cancelled by Order of this Court; (6) and such other and further relief as the Court deems appropriate.

Dated: June 6, 2007                                              Respectfully submitted,

| | |
|---|---|
| **COHEN, MILSTEIN, HAUSFELD &**<br>  **TOLL, P.L.L.C.**<br>Steven J. Toll<br>Lisa M. Mezzetti (LM-5105)<br>Mark S. Willis<br>Julie Goldsmith Reiser<br>Joshua S. Devore<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, D.C.  20005-3964<br>202-408-4600 | By   /s/ James J. Sabella (JS-5454)<br>**GRANT & EISENHOFER P.A.**<br>Stuart M. Grant (SG-8157)<br>James J. Sabella (JS-5454)<br>John C. Kairis<br>Diane Zilka (DZ-9452)<br>485 Lexington Avenue<br>New York, NY  10017<br>646-722-8500 |

*Co-Lead Counsel for Plaintiffs*

4