Joseph B. Tompkins, Jr.
Alan C. Geolot
Mark P. Guerrera
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

A. Robert Pietrzak (AP-6711)
Thomas McC. Souther (TS-6615)
Daniel A. McLaughlin (DM-2688)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, N.Y. 10019
(212) 839-5300
(212) 839-5599 (fax)

*Attorneys for Defendants Bank of America Corp., Bank of America NT&SA, Banc of America Securities LLC, Banc of America Securities Limited, Bank of America International Limited, and Bank of America, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION | MASTER DOCKET |
| | 04 MD 1653 (LAK) ECF Case |
| This document relates to: ALL CASES | Electronically Filed |

# BANK OF AMERICA'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR AN ORDER BARRING DEPOSITIONS OF ANDREA PETRUCCI AND ALBERTO NAGEL

Bank of America ( the "Bank") respectfully submits this Opposition to the Motions filed by Parmalat Capital Finance Limited ("PCFL") and Lead Plaintiffs, joined by Bondi, for an Order Barring Depositions of Andrea Petrucci and Alberto Nagel. As discussed below, the motions belatedly and without proper or sufficient bases object to these upcoming depositions and should be denied.[1]

Andrea Petrucci

The circumstances surrounding the scheduled deposition of Mr. Petrucci are controversial only insofar as PCFL's disavowal of its prior, unequivocal stipulation has made them so. Mr. Petrucci is a former director of PCFL who is facing criminal charges in Italy relating to his role in the Parmalat collapse. Not surprisingly, PCFL, nowhere in its complaint or any other disclosures to Bank of America prior to the Bank's March 1-2, 2007 Rule 30(b)(6) deposition of PCFL, identified Mr. Petrucci as a purported "innocent insider."[2] At that deposition, however, PCFL's designee Gordon MacRae testified    *    *    *    *

*  *  *  *  *  *  *  *  *  *  *  *

*  *  *  *  *  *  *  *  *  *  *  *

*  *  *    . See Dep. Tr. of Gordon MacRae, March 1, 2007, at 36:5-44:7 (relevant excerpt attached hereto as Exh. A). Through this revelation – which is precisely the type of information at which 30(b)(6) depositions are directed[3] – the Bank learned that   *    *

---

[1] With the Court's permission, the Bank has consolidated its response to the motions of both PCFL and Lead Plaintiffs, in which Bondi has joined, into this single Opposition.

[2] PCFL's assertion that its complaint alleged that PCFL "always had innocent directors" and that Mr. Petrucci was at least indirectly identified in the complaint as one, PCFL Mot. at 2, is inaccurate. Instead, the complaint only generically makes reference to multiple, unnamed "innocent directors and officers," PCFL Exh. 4 ¶¶ 6, 157-58, and one of the very documents PCFL provided to the Court shows that PCFL's *board had not just three, but at least eleven directors* during its existence, PCFL Exh. 10, at pp. 3-4.

[3] PCFL's suggestion that the Bank should have learned of PCFL's intentions concerning Mr. Petrucci through interrogatories it could have filed earlier is meritless, particularly in light of Local Rule 33.3's proscriptions on the use and timing of interrogatories versus other forms of discovery such as depositions.

1

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*."

That the Bank learned of this contention by PCFL at the close of the formal fact discovery period was due to PCFL's own actions. The Bank originally noticed its 30(b)(6) deposition of PCFL for October 2006 (and undoubtedly would have uncovered PCFL's intentions with respect to Mr. Petrucci at that time); however, the deposition was put on hold after PCFL forced the Bank to file a motion to compel. See Nov. 2, 2006 Order Granting Bank of America's Motion to Compel (attached hereto as Exh. B). PCFL in January 2007 obtained another delay of the 30(b)(6) deposition, purportedly at the request of its designee Mr. MacRae and his counsel. See emails between Vann and Taylor, Jan. 4-16, 2007 (attached hereto as Exh. C). Because this additional delay by PCFL postponed the 30(b)(6) deposition until near the end of formal fact discovery, PCFL agreed unequivocally that "the close of fact discovery will not serve as a bar to any discovery requests . . . relating to issues that arise during the 30(b)(6) depositions." See letter from Vann to Taylor, Jan. 18, 2007 (attached hereto as Exh. D).

On the next business day after the deposition, the Bank informed PCFL that, based on Mr. MacRae's testimony, it intended to pursue the deposition of Mr. Petrucci and asked for assistance in scheduling that deposition. See letter from Vann to Diamond, Mar. 5, 2007 (attached hereto as Exh. E).[4] Counsel for PCFL declined to cooperate, see letter from Taylor to Vann, Mar. 7, 2007 (attached hereto as Exh. G), forcing the Bank to contact Mr. Petrucci's counsel directly. On April 9, 2007, the Bank informed all counsel of its continued efforts to depose Mr. Petrucci. See letter from Guerrera to Kieve, copied to all counsel, Apr. 9, 2007

---

[4] Efforts to schedule Mr. Petrucci's deposition were initially led by counsel for Grant Thornton International ("GTI"). GTI's counsel was told by Mr. Petrucci's counsel that Mr. Petrucci was not available, and would not be, for some time. See letter from D'Auria (counsel for Petrucci) to Vicoli (counsel for GTI), Feb. 26, 2007 (attached hereto, with English translation, as Exh. F).

2

(attached hereto as Exh. H).[5] Mr. Petrucci frustrated the Bank's efforts through evasiveness and an unwillingness to testify because of the criminal charges he was facing in Italy. See, e.g., email from D'Auria (counsel for Petrucci) to Valenti (counsel for Bank of America), Apr. 10, 2007 (attached hereto, with translation, as Exh. I). After repeated efforts, as to which Bank of America kept all parties apprised,[6] the Bank was left with no option other than to schedule Mr. Petrucci's deposition for a date certain. PCFL's contention that the Bank only "recently informed the MDL parties that it intends to depose Andrea Petrucci," PCFL Mot. at 1 is, therefore, incorrect.

Thus, contrary to the assertions of plaintiffs in connection with the present motions, the Bank unquestionably acted diligently, efficiently and openly for months to schedule Mr. Petrucci's deposition.[7] The current, eleventh-hour protestations to the deposition therefore ring hollow and, indeed, echo an effort by PCFL to "have it both ways" and keep key facts out of the record. PCFL, at the last possible moment, *    *    *    *    *    *    *

*    and is now seeking to prevent the Bank from deposing Mr. Petrucci and confirming on the record his unfitness for such a designation. This effort by PCFL should not be countenanced.[8]

---

[5] Although at that time PCFL informed the Bank that it objected to the Bank's efforts to pursue Mr. Petrucci, Lead Plaintiffs and Bondi made no such objections. Furthermore, PCFL's purported objection was meritless given PCFL's previous agreement to allow post-cutoff discovery such as the deposition of Mr. Petrucci.

[6] Given the repeated representations made by Mr. Petrucci's counsel that he would not appear for a deposition, the Bank tried alternate methods to elicit the testimony of Mr. Petrucci, keeping all U.S. counsel informed of the developments. See, e.g., email from Vann to all counsel, Apr. 16, 2007 (attached hereto as Exh. J); email from Vann to all counsel, Apr. 18, 2007 (attached hereto as Exh. K). However, none of these efforts proved fruitful.

[7] Any suggestion that, despite the agreement between PCFL and the Bank regarding follow-up to the 30(b)(6) deposition of PCFL, other parties did not consent to Mr. Petrucci's deposition is unavailing. As discussed below, on April 10, 2007, parties including Lead Plaintiffs and Bondi negotiated the cancellation of various depositions and, despite the fact that the Bank had unequivocally announced its intention to take Mr. Petrucci's deposition, the deposition of Mr. Petrucci was not dropped as part of the negotiation or otherwise. See infra at 5.

[8] If PCFL intends to rely on an affidavit from Mr. Petrucci at summary judgment, Mr. Petrucci obviously would then be subject to a deposition, necessitating a stay in the summary judgment schedule. See Holmes Prods. Corp. v. Dana Lighting, 926 F. Supp. 264, 265-66 (D. Mass. 1996) (holding that, where plaintiff sought on summary

3

Alberto Nagel

The Bank was similarly diligent in its efforts to schedule the deposition of Alberto Nagel with the acquiescence of counsel. Mr. Nagel is the general manager of the Italian investment bank Mediobanca and had relevant discussions with key Parmalat insiders and soon-to-be-named Extraordinary Administrator Enrico Bondi just prior to the collapse of Parmalat. In late January 2007, the Bank assumed from Deloitte & Touche S.p.A. ("D&T SpA") responsibility for scheduling Mr. Nagel's deposition. See Letter from Edelman to Chudy, copied to all counsel, Jan. 23, 2007 (attached hereto as Exh. L). At that time, a Letter Rogatory requesting Mr. Nagel's deposition had been submitted to the Milan Court of Appeals but had not been approved. On March 12, 2007, all counsel were informed that Judge Kluzer of the Italian Court had scheduled a hearing on March 30, 2007, to set the deposition of Mr. Nagel, as well as the depositions of three current or former Pricewaterhouse Coopers ("PwC") employees. See email from Chudy to all counsel (attached hereto as Exh. M).

In response to this notice, Lead Plaintiffs and Bondi initially indicated their acquiescence to these depositions, each asserting its rights to participate in the scheduling and taking of those depositions. See email from Zilka to all counsel, March 14, 2007 ("[W]e intend to appear at the hearing and advise Judge Kluzer ourselves as to our intentions, which are that if these deps go forward, we want equal time with the witnesses"); email from Kieve to all counsel, March 28, 2007 (discussing and proposing specific dates for the depositions, while including generalized "without prejudice" language) (attached hereto as Exh. N). Thereafter, all counsel had an opportunity to attend the March 30 hearing and were aware that Judge Kluzer scheduled Mr. Nagel's deposition for May 3, 2007.

---

judgment to rely on the affidavit of a third party witness who previously evaded attempts to obtain his deposition testimony, the affidavit would be excluded unless the witness provided deposition testimony within 30 days). Thus, it is impossible to view PCFL's current actions as anything more than an inefficient stall tactic.

4

On April 9, 2007, the Bank reiterated to all counsel that it intended to pursue Mr. Nagel's deposition, as set by the Italian Court. See Apr. 9, 2007 Guerrera letter (Exh. H). On April 10, many of the plaintiffs and defendants in the MDL, *specifically including Lead Plaintiffs and Bondi*, negotiated an agreement that certain depositions would not go forward. See email from Kieve, April 10, 2007; email from Sabella, April 10, 2007 (attached hereto as Exh. O). Significantly, when negotiating this agreement, Lead Plaintiffs and Bondi did not treat the PwC depositions scheduled by the Milan Court after the formal close of fact discovery as improper or untimely; instead, these depositions were treated as presumptively valid and appropriate and were traded off against other post-discovery-cutoff depositions, dropped by other parties only in return for concessions made by plaintiffs. Indeed, Bondi's counsel stated at that time that the principle governing this negotiation was that overseas depositions properly noticed before the cut-off date were valid. See email from Kieve, Apr. 10, 2007 (attached hereto as Exh. P). It is very telling – and indeed dispositive of the present issue – that the deposition of Mr. Nagel was *not* bartered away during this process.

On April 25, 2007, the Bank informed all counsel that Mr. Nagel had indicated to the Bank that he would not be available for his then-scheduled deposition, and that "[w]e are currently engaged in discussions about when Mr. Nagel will be deposed, and it appears that the earliest he will be available is the first week in June." See email from Dennis to all counsel, April 25, 2007 (attached hereto as Exh. Q). No party raised objections to the Bank, requested a meet-and-confer or lodged objections with this Court, when Judge Kluzer, at a May 3 hearing open to all counsel, re-scheduled Mr. Nagel's deposition for June 5, 2007.

Thus, as with the scheduling of Mr. Petrucci's deposition, the Bank acted diligently and with the acquiescence of the parties in pursuing Mr. Nagel's deposition. The

5

plaintiffs' suggestions to the contrary ignore the facts. Indeed, nowhere is this more apparent than with respect to Lead Plaintiffs' suggestion that the depositions of the three PwC employees scheduled by the Milan Court were canceled as a result of the formal fact discovery cut-off date. See Lead Plaintiffs' Mot. at 2. As discussed above, the April 2007 agreement to cancel these depositions was the result of a *negotiation* that did not affect Mr. Nagel's deposition and thus demonstrates the propriety of taking that deposition.

*   *   *   *   *

The Motions filed by Lead Plaintiffs and PCFL must be seen for what they are – changes in position, inconsistent with prior agreements and conduct, submitted to the Court at the last possible moment. Their objections are untenable given the facts. The Bank therefore respectfully requests that this Court deny their Motions, and allow the Bank to proceed with the very limited discovery it is entitled to take. On June 5, 2007, Judge Kluzer of the Italian Court set Mr. Nagel's deposition for July 19, 2007. For the convenience of the parties, the Bank would plan to schedule Mr. Petrucci's deposition to coincide with that date.

June 7, 2007                                          Respectfully submitted,


Joseph B. Tompkins, Jr.                               By: /s/ Daniel A. McLaughlin
Alan C. Geolot
Mark P. Guerrera                                      A. Robert Pietrzak (AP-6711)
SIDLEY AUSTIN LLP                                     Thomas McC. Souther (TS-6615)
1501 K Street N.W.                                    Daniel A. McLaughlin (DM-2688)
Washington, D.C. 20005                                SIDLEY AUSTIN LLP
(202) 736-8000                                        787 Seventh Avenue
(202) 736-8711 (fax)                                  New York, N.Y. 10019
                                                      (212) 839-5300
                                                      (212) 839-5599 (fax)


*Attorneys for Defendants Bank of America Corporation, Bank of America NT&SA, Banc of America Securities LLC, Banc of America Securities Limited, Bank of America International Limited, Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2007, I, Rebecca F. Ebert, caused true and correct copies of the foregoing Defendants Bank of America Corp., Bank of America NT&SA, Banc of America Securities LLC, Banc of America Securities Limited, Bank of America International Limited, and Bank of America, N.A.'s Opposition to Plaintiffs' Motions for an Order Barring Depositions of Andrea Petrucci and Alberto Nagel to be served via the Court's CM/ECF system and email upon all parties.

_____
s/Rebecca F. Ebert
Rebecca F. Ebert
