UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re PARMALAT SECURITIES LITIGATION

This document relates to: All Cases

MASTER DOCKET
04 MD 1653 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Electronically Filed**

**Motion for a Protective Order Regarding Dr. Bondi's Expert Witnesses**

03679/2136294.1

Dr. Bondi respectfully moves for a protective order that (1) other parties to these MDL pretrial proceedings are not permitted to transform Dr. Bondi's expert witnesses into "their" involuntary expert witnesses and only parties to the cases in which Dr. Bondi's witnesses have been designated – *viz.,* Grant Thornton and Bank of America – can examine them; (2) Dr. Bondi's Italian experts do not subject themselves to jurisdiction by coming to New York for depositions under Fed. R. Civ. P. 26(b)(4)(A); (3) these experts' agreement to the Court's protective order subjects them to jurisdiction only to enforce the terms of the protective order;[1] and (4) their depositions (which will require translation from Italian) will not exceed three days each for Dr. Chiaruttini and Mr. Lagro and two days each for Messrs. Galea and Megna.   Fed. R. Civ. P. 26(c).

### I.   These Experts Cannot Be Deposed By Entities That Are Not Parties to Dr. Bondi's Cases

Dr. Bondi has retained and designated Dr. Chiaruttini and Messrs. Lagro, Galea and Megna, partners in PricewaterhouseCoopers S.p.A. ("PwC Italy"), as experts in the two cases (against Grant Thornton and Bank of America) in which he is a plaintiff.  *See* accompanying Loren Kieve declaration ¶10 ("Kieve decl.").  Dr. Bondi has also designated these four experts solely as to Grant Thornton's third-party claims in the class action.  They will testify on specific parts of specific reports they have prepared that are germane to Dr. Bondi's cases.  *See id.*  They will not testify on any other subjects.  No other party has retained them, and they have not agreed to and will not testify on behalf of any other party.

Counsel for class plaintiffs and others have, however, submitted disclosure statements that indicate that (a) they plan to "make" these witnesses "their" witnesses in "their" cases and (b) they intend to depose them not only about other issues in the reports Dr. Bondi has designated, but other reports he has not designated, that pertain to "their" cases – in which Dr. Bondi is not a party and

---

[1] Alternatively, Dr. Bondi would respectfully request that the Court confirm that depositions by Grant Thornton and Bank of America may take place outside the United States.

has no interest. *See* Kieve decl. ¶¶11, 12. Still other parties to those cases have therefore also "reserved" their right to cross-examine these expert witnesses if they do so. *See id.* ¶15.

Other parties in other cases have no right to "make" Dr. Chiaruttini and Messrs. Lagro, Galea and Megna "their" expert witnesses and therefore have no right to examine them at their depositions. Fed. R. Civ. P. 26(b)(4)(A) is clear: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." None of these witnesses has been properly designated as an expert in the class action (other than by Dr. Bondi in relation to the third-party claims by Grant Thornton) or any other case. They will not testify at any trial other than Dr. Bondi's cases. That should end the debate.

In *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 43-44 (S.D.N.Y. 1997), Arthur Andersen was designated as a testifying expert in one of the cases that had been consolidated for pretrial discovery. Because Andersen was not designated as a testifying expert in the other cases, which (like the cases in these MDL proceedings) had not been consolidated for trial, the Court held that Andersen was a "non-testifying expert" in the other cases and there was therefore "no basis to permit" the parties in the other cases to depose Andersen. Dr. Bondi's expert witnesses are in the same position and the Court should rule likewise here.

Although the Court in *Bank Brussels* went on to hold that there were "exceptional circumstances" to permit Andersen's deposition under Rule 26(b)(4)(B), that was only because Andersen had been retained as a consulting (non-testifying) expert in one of the other cases. None of Dr. Bondi's expert witnesses has been retained by anyone in any cases other than Dr. Bondi's. By its terms Rule 26(b)(4)(B) therefore does not apply. Even if it did, none of the reasons the Court cited in *Bank Brussels* is present here. Dr. Bondi has not agreed to allow any other entity to employ these experts. Dr. Bondi opposes having them testify for any other entity. And none of them is willing to do so. *Id.* at 45. We would also note that all parties have already extensively questioned

them (or could have done so) in multiple days of deposition during fact discovery. Permitting parties other than Grant Thornton and Bank of America to examine them would also simply confuse the issues and waste everyone's time.

II.     *Appearance for Deposition Does Not Subject a Witness to Service of Process*

All of Dr. Bondi's experts at issue here are Italian citizens who have no jurisdictional contacts with the United States. They will be coming to New York for the sole purpose of providing testimony pursuant to Rule 26(a)(4)(B). They are therefore immune from service of process while in the United States for their depositions. *See American Centennial Ins. Co. v. Handal*, 901 F.Supp. 892, 896 (D.N.J. 1995) (even a party present in the jurisdiction for deposition is immune from service of process); *see also Viking Penguin v. Janklow*, 98 F.R.D. 763, 765 (S.D.N.Y. 1983) (same); *Shapiro & Son Curtain Corp. v. Glass*, 348 F.2d 460, 462 (2d Cir. 1965) (affirming district court's order quashing service of process on nonresident witness served within jurisdiction while present for his deposition).

A number of parties have refused to agree that the appearance of these witnesses for deposition does not subject them (or PwC Italy) to jurisdiction. *See* Kieve decl. ¶¶13-15. The Court should therefore enter a protective order that directs that no party to these MDL proceedings may serve these witnesses with process while they are attending their depositions. *See Viking Penguin*, 98 F.R.D. at 766. Alternatively, these depositions should be held outside the U.S.

III.    *The Protective Order Subjects a Signatory to Jurisdiction Solely to Enforce its Terms*

Dr. Bondi has sought, without success, the agreement of all parties that a witness's consent to be bound by the Court's protective order does not constitute consent to the general jurisdiction of the Court. *See* Kieve decl. ¶¶13-15. The protective order provides:

> Each person to whom Confidentially Designated Information is made available under the terms of this Protective Order consents to jurisdiction of the Court to enforce its terms, including being held in contempt of court for violating its terms, and consents to jurisdiction of any other court of competent jurisdiction to enforce its

terms, including the entry of injunctive relief and/or damages for a violation of its terms.

*Id.* ¶16. We respectfully ask that the Court make clear, to avoid having the witnesses subjected to any attempted process while they are New York for their depositions, that their consent to the protective order vests the Court with jurisdiction only to the extent necessary to enforce its terms.

### IV.      The Depositions of Dr. Bondi's Italian Experts Should Be Limited to Three Days

The reports prepared by Dr. Chiaruttini and Messrs. Lagro, Megna and Galea were produced to the parties long ago. Both Grant Thornton and the Bank have already spent days interrogating these witnesses. Fed. R. Civ. P. 30(d)(2) establishes a presumptive limit of one day of seven hours. The defendants have not hesitated to invoke this rule for their own witnesses. Judge Pitman's March 6, 2006 order, affirmed by this Court by order of March 20, 2006, provided for a 50% reduction for depositions that require an interpreter, which would provide a presumptive limit of two seven-hour days for these depositions. The defendants have insisted on a full week for Dr. Chiaruttini and Mr. Lagro. This is clearly excessive. Dr. Bondi therefore respectfully requests that, consistent with the Rules and the Court's previous rulings, it direct that the depositions of these witnesses be limited to three days each for Dr. Chiaruttini and Mr. Lagro and two days each for Messrs. Galea and Megna.

### *Conclusion*

The Court should issue a protective order (a) permitting only the Grant Thornton and Bank of America defendants to take these witnesses' expert depositions, (b) directing that the parties may not serve process on the expert witnesses while they are in New York for deposition, (c) specifying that their consent to the protective order subjects them to jurisdiction solely to enforce its terms, and (d) limiting the expert depositions of Dr. Chiaruttini and Mr. Lagro to three days each and those of Messrs. Galea and Megna to two days each.

| | |
|---|---|
| New York, New York<br>June 11, 2007 | QUINN EMANUEL URQUHART OLIVER & HEDGES LLP<br><br>By  s/ Loren Kieve<br><br>    John B. Quinn (JQ 0716)<br>    Peter E. Calamari (PC 3964)<br>    Loren Kieve (LK 3624)<br>    R. Brian Timmons (*pro hac vice*)<br>    Terry L. Wit (TW 3078)<br><br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br>(212) 849-7100 (fax)<br><br>Attorneys for plaintiff Dr. Enrico Bondi,<br>Extraordinary Commissioner of Parmalat Finanziaria<br>S.p.A., Parmalat S.p.A. and other affiliated entities in<br>Extraordinary Administration under the laws of Italy |

New York, New York  
June 11, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

By  s/ Loren Kieve  

    John B. Quinn (JQ 0716)  
    Peter E. Calamari (PC 3964)  
    Loren Kieve (LK 3624)  
    R. Brian Timmons (*pro hac vice*)  
    Terry L. Wit (TW 3078)

51 Madison Avenue, 22nd Floor  
New York, New York 10010  
(212) 849-7000  
(212) 849-7100 (fax)

Attorneys for plaintiff Dr. Enrico Bondi,  
Extraordinary Commissioner of Parmalat Finanziaria  
S.p.A., Parmalat S.p.A. and other affiliated entities in  
Extraordinary Administration under the laws of Italy

I certify that counsel for Dr. Bondi have conferred in good faith or attempted to confer with the other parties on the issues raised by this motion but have been unable to reach agreement.

_____
Loren Kieve