UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re PARMALAT SECURITIES LITIGATION

This document relates to: All Cases

------------------------------------x

MASTER DOCKET
04 MD 1653 (LAK)

**Electronically Filed**

**Declaration of Loren Kieve in Support of Dr. Bondi's Motion for a Protective Order**

Loren Kieve states:

1.  I am a member of the bar of this Court and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Dr. Enrico Bondi.

2.  Dr. Bondi has retained and designated as expert witnesses four persons who are citizens of Italy: Dr. Stefania Chiaruttini and Messrs. Franco Lagro, Oliver Galea and Roberto Megna, the latter three of whom are partners in PricewaterhouseCoopers S.p.A. ("PwC Italy").

3.  These designations are solely for Dr. Bondi's respective cases against the Grant Thornton and Bank of America defendants, and for defending against the third-party action brought by Grant Thornton in the class action. These designations also specify particular reports the witnesses have prepared. The designations make it clear that the witnesses will testify only as to the matters in these reports and will not offer any additional views or opinions.

4.  Dr. Bondi has agreed to make these witnesses available for deposition by the Grant Thornton and Bank of America defendants in New York.

03679/2137161.1

5. Counsel for the class plaintiffs and for other parties in other cases in which Dr. Bondi is not a party have also designated these witnesses, as well as other reports they have prepared.

6. These witnesses have not been retained by class plaintiffs or these other parties and are not willing to be retained by them or to testify on their behalves.

7. Still other parties have indicated that, if these witnesses are required to testify on issues raised by the class plaintiffs and these other parties, they intend to examine the witnesses on these subjects.

8. We have asked the other parties to these MDL proceedings to agree that these witnesses' appearance in New York solely for depositions under Fed. R. Civ. P. 26(b)(4)(A) does not subject them to service of process or jurisdiction in New York. The Grant Thornton, Bank of America and Citigroup defendants have declined to agree to this.

9. We have also asked the other parties to these MDL proceedings to agree that these witnesses' consent to the protective order in order to give testimony under Fed. R. Civ. P. 26(b)(4)(A) subjects them to the Court's jurisdiction solely to enforce the terms of the protective order. The Grant Thornton, Bank of America and Citigroup defendants have declined to agree to this.

10. A true and correct copy of Dr. Bondi's amended expert witness designations are attached as exhibit A.

11. A true and correct copy of correspondence from counsel for Deloitte Touche Tohmatsu dated May 22, 2007 is attached as exhibit B.

12. A true and correct copy of correspondence dated May 24, 2007 from counsel for class plaintiffs and counsel for other parties is attached as exhibit C.

13. A true and correct copy of a letter to all counsel from Loren Kieve dated May 25, 2007 is attached as exhibit D.

14. A true and correct copy of a letter to all counsel from Loren Kieve dated June 4, 2007 is attached as exhibit E.

15. A true and correct copy of correspondence from several parties to the MDL cases is attached as exhibit F.

16. A true and correct copy of the protective order is attached as exhibit G.

17. We have offered to make Dr. Chiaruttini and Mr. Lagro available for deposition for three days each, and Messrs. Galea and Megna available for two days each. In view of the fact that they have already been extensively questioned during fact discovery, and that they will be offering their reports on limited issues related to Dr. Bondi's respective claims against the Grant Thornton and Bank of America defendants, this should be more than enough time for these defendants to examine them.

18. The Grant Thornton and Bank of America defendants have indicated that they are not prepared at this time to say how much time they would require with these witnesses, assuming that they are the only parties permitted to take their depositions. They and other parties have indicated that, if class counsel and counsel for other parties who have designated them as "their" experts are permitted to take these witnesses' depositions, they may want more time, but are not prepared at this point to say how much.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2007

_____
Loren Kieve