# EXHIBIT B

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

MICHAEL J. DELL
PARTNER
PHONE 212-715-9129
FAX 212-715-8000
MDELL@KRAMERLEVIN.COM

May 22, 2007

<u>VIA EMAIL (BY PDF)</u>
jsabella@gelaw.com

James J. Sabella, Esq.
Grant & Eisenhofer P.A.
45 Rockefeller Center, 15th Floor
630 Fifth Avenue
New York, NY 10111

    Re:    In Re Parmalat Securities Litigation
              <u>04 Civ. 0030 (LAK), etc.</u>

Dear Jim:

       I write on behalf of DTT, DT-US and Mr. Copeland concerning Lead Plaintiffs' statement in their Amended Disclosure of Expert Witnesses, dated May 21, 2007 (hereinafter the "amended disclosure"), that, in addition to the four expert witnesses Lead Plaintiffs identify by name, "Lead Plaintiffs may use testimony" by 16 additional purported experts "that have been designated by other parties to the MDL." Although Lead Plaintiffs have reduced from approximately 40 to 16 the number of purported experts identified by other parties that they may use at trial, the amended disclosure still leaves DTT, DT-US and Mr. Copeland in the dark as to which of those 16 additional experts Lead Plaintiffs actually intend to use.

       Like Lead Plaintiffs' initial Disclosure of Expert Witnesses, dated May 1, 2007, their amended disclosure is inappropriate and unfair. It utterly fails to provide DTT, DT-US and Mr. Copeland with "a reasonable opportunity to prepare for effective cross-examination" of these witnesses at trial, Fed. R. Civ. P. 26 advisory committee notes, or to prepare appropriate rebuttal reports. *See* Fed. R. Civ. P. 37(c)(1); *Mayes v. City of Hammond*, 2006 WL 2054377, at *5 (N.D. Ind. July 21, 2006) (parties are not "required to guess or to anticipate [another party's] intentions" regarding expert testimony). That failure would cause DTT, DT-US and Mr. Copeland to have to waste an enormous amount of time and resources unnecessarily preparing rebuttal reports and cross-examinations of 16 experts who may never be used against them at trial. Moreover, this needless duplication and inefficiency undermines the purpose of this MDL proceeding in promoting fairness, efficiency and the conservation of judicial and party resources.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

James J. Sabella, Esq.
May 22, 2007
Page 2

      Please inform us by 5 p.m. on May 24, 2007 whether Lead Plaintiffs will withdraw from their disclosure any designation of these 16 purported experts. If Lead Plaintiffs intend to reserve a right to call any of these purported experts identified by other parties to the MDL proceedings, please provide the following by 5 p.m. on May 24, 2007:

- Whether by May 21, 2007 Lead Plaintiffs had retained and made arrangements for any of them to testify at trial and, if so, which of them.

- Whether Lead Plaintiffs have control over any of them and can require them to appear at trial and produce required documents and, if so, which of them.

- Whether by May 21, 2007 Lead Plaintiffs had signed an engagement agreement with any of them and, if so, which of them.

- Whether Lead Plaintiffs have already paid, or agreed to pay, any money to any of them and, if so, which of them.

      In addition, Lead Plaintiffs' amended disclosure includes Stefania Chiaruttini, Franco Lagro, Oliver Galea and Roberto Megna among the list of 16 additional purported experts who Lead Plaintiffs may use at trial. These four witnesses have been retained by Dr. Enrico Bondi, whose Supplemental Expert Witness Designations, dated May 21, 2007, designated certain reports prepared by these witnesses. In particular, Dr. Bondi designated for Chiaruttini only pages 130 to 443 of her June 7, 2004 report; for Galea and Megna only volume I and volume II, part 2 of their reports; and for Lagro only 10 reports. If Lead Plaintiffs will not withdraw from their disclosure any designation of these purported experts, please confirm by 5 p.m. on May 24, 2007 that Lead Plaintiffs will not use, during any deposition or at trial, any portion of any report by these four witnesses which was not designated by Dr. Bondi in his Supplemental Expert Witness Designations. Please also confirm that Lead Plaintiffs will not question Chiaruttini, Lagro, Galea and Megna during any deposition or at trial about any portion of any report which was not designated by Dr. Bondi in his Supplemental Expert Witness Designations, or about any facts or conclusions contained in or based upon any portion of any report which was not designated by Dr. Bondi in his Supplemental Expert Witness Designations.

Yours sincerely,

*[signature]*

Michael J. Dell

cc: All counsel (by pdf)

KL3 2594315.3

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

MICHAEL J. DELL
PARTNER
PHONE 212-715-9129
FAX 212-715-8000
MDELL@KRAMERLEVIN.COM

May 22, 2007

<u>VIA EMAIL (BY PDF)</u>
scraig@beusgilbert.com

Stephen M. Craig, Esq.
Beus Gilbert PLLC
4800 North Scottsdale Road
Suite 6000
Scottsdale, AZ 85251

Re:   In Re Parmalat Securities Litigation
      <u>04 Civ. 0030 (LAK), etc.</u>

Dear Steve:

I write on behalf of DTT, DT-US and DT-Italy concerning Messrs. Pappas and Smith's statements in their Supplemental Disclosure Statements Regarding Experts Intended to Be Used at Trial, dated May 21, 2007 (hereinafter the "supplemental disclosures"), that, in addition to the seven expert witnesses Messrs. Pappas and Smith have identified by name, they "reserve[] the right to use reports . . . or at trial testimony of any or all other experts identified . . . by other parties to the MDL proceedings." The supplemental disclosures expressly reserve the right to use at trial *all* of the more than 40 purported experts in the MDL proceedings, most of whom are not identified as witnesses in the Pappas and Smith actions, and specifically name 25 such other experts.

The supplemental disclosures are entirely inappropriate, unfair and untimely. The Court did not authorize Messrs. Smith and Pappas to add these designations at this juncture. Moreover, the disclosures fail to provide DTT, DT-US and DT-Italy with "a reasonable opportunity to prepare for effective cross-examination" of these witnesses at trial, Fed. R. Civ. P. 26 advisory committee notes, or to prepare appropriate rebuttal reports. *See* Fed. R. Civ. P. 37(c)(1); *Mayes v. City of Hammond*, 2006 WL 2054377, at *5 (N.D. Ind. July 21, 2006) (parties are not "required to guess or to anticipate [another party's] intentions" regarding expert testimony). That failure would cause DTT, DT-US and DT-Italy to have to waste an enormous amount of time and resources unnecessarily preparing rebuttal reports and cross-examinations of the more than 40 experts who may never be used against them at trial. Further, this needless duplication and inefficiency undermines the purpose of this MDL proceeding in promoting fairness, efficiency and the conservation of judicial and party resources.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

James J. Sabella, Esq.
May 22, 2007
Page 2

      Please inform us by 5 p.m. on May 24, 2007 whether Messrs. Pappas and Smith will withdraw from their supplemental disclosures any designation of these more than 40 purported experts. If Messrs. Pappas and Smith intend to reserve a right to call any of these purported experts identified by other parties to the MDL proceedings, please provide the following by 5 p.m. on May 24, 2007:

- Whether by May 21, 2007 Messrs. Pappas and Smith had retained and made arrangements for any of them to testify at trial and, if so, which of them.

- Whether Messrs. Pappas and Smith have control over any of them and can require them to appear at trial and produce required documents and, if so, which of them.

- Whether by May 21, 2007 Messrs. Pappas and Smith had signed an engagement agreement with any of them and, if so, which of them.

- Whether Messrs. Pappas and Smith have already paid, or agreed to pay, any money to any of them and, if so, which of them.

      In addition, Messrs. Pappas and Smith's supplemental disclosures include Stefania Chiaruttini, Franco Lagro, Oliver Galea and Roberto Megna among the list of additional purported experts who Messrs. Pappas and Smith say they may use at trial. These four witnesses have been retained by Dr. Enrico Bondi, whose Supplemental Expert Witness Designations, dated May 21, 2007, designated certain reports prepared by these witnesses. In particular, Dr. Bondi designated for Chiaruttini only pages 130 to 443 of her June 7, 2004 report; for Galea and Megna only volume I and volume II, part 2 of their reports; and for Lagro only 10 reports. If Messrs. Pappas and Smith will not withdraw from their disclosures any designations of these purported experts, please confirm by 5 p.m. on May 24, 2007 that Messrs. Pappas and Smith will not use, during deposition or at trial, any portion of any report by these four witnesses which was not designated by Dr. Bondi in his Supplemental Expert Witness Designations. Please also confirm that Messrs. Pappas and Smith will not question Chiaruttini, Lagro, Galea and Megna during any deposition or at trial about any portion of any report which was not designated by Dr. Bondi in his Supplemental Expert Witness Designations, or about any facts or conclusions contained in or based upon any portion of any report which was not designated by Dr. Bondi in his Supplemental Expert Witness Designations.

      Yours sincerely,

      Michael J. Dell

cc: All counsel (by pdf)

KL3 2594325.1