# EXHIBIT C



**Grant & Eisenhofer P.A.**

Jay W. Eisenhofer
Stuart M. Grant
Megan D. McIntyre
Geoffrey C. Jarvis
Sidney S. Liebesman
John C. Kairis
Michael J. Barry
James J. Sabella*
David E. Sellinger
Cynthia A. Calder
Stephen G. Grygiel
Keith M. Fleischman*

Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

485 Lexington Avenue
29th Floor
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

www.gelaw.com

Charles T. Caliendo*
Mary S. Thomas
Lesley E. Weaver*
Diane T. Zilka

Jill Agro
Jeff A. Almeida□
Naumon A. Amjed
Peter B. Andrews
James R. Banko
Ananda Chaudhuri
P. Bradford deLeeuw
Lydia Ferrarese*
Christine Mackintosh°

Jonathan D. Margolis*
James P. McEvilly, III
Sharan Nirmul
Catherine Pratsinakis
Brian M. Rostocki
Ralph N. Sianni
Hung Ta*
Marc D. Weinberg□
Kimberly L. Wierzel

□ Admitted in NJ & PA Only
* Admitted in NY Only
° Admitted in PA Only
✦ Admitted in CA Only

Writer's Direct Dial: 646-722-8520
Writer's E-Mail: jsabella@gelaw.com

May 24, 2007

<u>By E-Mail</u>

Michael J. Dell, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Re: *In re Parmalat Sec. Litig.*, No. 04 Civ. 0030 (LAK)

Dear Michael:

This is in response to your letter of May 22.

We reject your assertion that our amended Rule 26(a)(2) disclosures leave you "in the dark" as to what experts we intend to use. After you previously had complained that we did not identify from which experts retained by other parties we expected to offer testimony, we amended our disclosures to list by name each such expert from whom we intend to offer testimony. We will not withdraw our designations.

The answer to all four of the questions you pose in the bullet points on page two of your letter is no.

With respect to Chiaruttini, Lagro, Galea and Megna, Lead Plaintiffs do not agree to limit their testimony to the scope of the reports or excerpts thereof identified by Dr. Bondi in his supplemental expert witness designations. We would intend to elicit testimony, either at deposition or at trial, with respect to matters covered in the reports or excerpts thereof listed by Dr. Bondi and in the following reports by these persons:

<u>Chiaruttini</u>
June 7, 2004 (Exh. 2398-I)
June 22, 2004 (Exh. 2397-I)
Oct. 21, 2004 (Exh. 2399-I)

Michael J. Dell, Esq.
May 24, 2007
Page 2

<u>Galea/Megna</u>
   Dec. 3, 2004, including Vol. I (Exh. 13,046-I); Vol. II Parts I and II (Exh. 13,045-I)

<u>Lagro/PwC</u>
   Parmalat Project- Phase 1, Feb. 6, 2004 (LP0000038233-373 and BOFA1797593-765)
   Parmalat Project- Phase 2, Mar. 31, 2004 (LP0000014503-635 and P02652503-635)
   Parmalat project- reconstruction of in-out flows of 2003 (P03780809-834)
   Information about the Ratified Assets, July 20, 2004 (P02653033-60)
   Report on the results of the arranged procedures in reference to the indebtedness, June 11, 2004 (P02649904-24)
   Report on the payment of commissions to banks, Mar. 29, 2005 (LP0000266499-514)
   Parmalat group: documents originating in the Antilles, Jan. 14, 2004 (P03617698-731)
   Selected road shows and meeting with investors, Mar. 18, 2005 (P02652769-793)
   Parmalat Brazil 1999-2001 selected number of acquisitions, Aug. 12, 2005 (P03621428-538)
   Parmalat Brazil financial statements, August 30, 2005 (P03622319-355)
   Transactions with Citibank, May 3, 2005 (P02650664-1131)
   Analysis of the settlements of receivables accepted by Archimede Securitisation Srl as of March 30, 2005, June 1, 2005 (LP0000246623-716)

Sincerely,

James J. Sabella

cc:   Lisa M. Mezzetti, Esq.
      Robert M. Roseman, Esq.
      All other Plaintiffs' and Defendants' Counsel

# BEUS GILBERT
#### PLLC

ATTORNEYS AT LAW

4800 NORTH SCOTTSDALE ROAD
SUITE 6000
SCOTTSDALE, ARIZONA 85251-7630
(480) 429-3000
FAX (480) 429-3100

STEPHEN M. CRAIG
DIRECT (480) 429-3033

EMAIL: SCRAIG@BEUSGILBERT.COM

73127-0001

24 May 2007

**VIA EMAIL**

Michael Dell, Esq.
KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP
1177 Avenue of the Americas
New York, NY 10036

Re: *In re Parmalat Securities Litigation*, Master Docket 04 MD 1653 (LAK)

Dear Michael:

I write in response to your May 22, 2007 letter regarding Plaintiffs Pappas and Smith's supplemental disclosure statement. The disclosures are neither inappropriate nor unfair; rather, they were made well in advance of trial and even before any expert has been deposed. They have identified each expert who may be called at trial; therefore, Deloitte is not "required to guess or to anticipate [our] intentions." The experts designated in the MDL proceedings have issued reports, fairly presenting their opinions so that Deloitte will not have to "waste an enormous amount of time and resources unnecessarily preparing rebuttal reports and cross-examinations." Rather, upon reviewing the expert reports, Deloitte can tailor its rebuttals and cross-examinations to the relevant material.

We believe the few authorities you've cited in your letter are either inapplicable or distinguishable. Nowhere in the Advisory Committee Notes to Rule 26 is a party's right to use the testimony of another party's experts limited. The Advisory Committee Notes do provide that a party must be given "a reasonable opportunity to prepare for effective cross-examination." However, Deloitte has had and will have such a reasonable opportunity at upcoming expert depositions. *Mayes v. City of Hammond*, the only case you've cited, is distinguishable because *Mayes* dealt with a party's *failure to disclose any expert* on a particular issue. Here, Plaintiffs Pappas and Smith have specifically identified experts whose testimony may be used at trial. All such experts have submitted reports as required by Rule 26.

Having stated the above, and although we do not concede that we are required to provide the information you request, Plaintiffs Pappas and Smith: (1) have not retained nor made arrangements with any of the MDL experts (except as stated in our disclosure); (2) have no control over the other parties' experts and no ability to require them to appear at trial or produce documents; (3) have not signed any engagement agreements with any of these experts; and (4) have neither paid nor have any agreement to pay these experts. However, we do have access to their submitted reports, and we will have an opportunity to examine the experts at their depositions – as will you. It does not make sense that we should be precluded from using

Michael Dell, Esq.
24 May 2007
Page 2

testimony by other experts in the MDL proceedings – that would nullify some of the efficiencies of consolidation.

On that basis, our clients reserve the right to use at trial testimony from Bondi's experts, Chiaruttini, Lagro, Galea, and Megna. We do not agree to limit ourselves to the portions of the reports filed along with Dr. Bondi's expert designations. Deloitte previously objected to the use of these reports complaining that it would not have the opportunity to cross-examine the authors. Deloitte will now have that opportunity. Our recent disclosure expressed our intent to use the testimony, and as a courtesy to you, we will provide to you a list (similar to Jim Sabella's of today) of the reports, or report sections, that we view as relevant to our case against Deloitte. However, in order to be thorough, we will need until after the upcoming holiday to generate the list.

Additional expert reports and testimony we reserve the right to use in our case against Deloitte include those from: Scott Hakala, Paul Regan, John Garvey, Douglas Carmichael, and Bruce Dubinsky.

Again, the disclosure was made in an appropriate manner, and there is no ground for our clients to be denied the right to use the testimony.

Kind Regards,

BEUS GILBERT PLLC

Stephen Craig

SMC:KCR:mlc

cc: All Counsel (by pdf)

::ODMA\PCDOCS\BGD\6871\1 Resp. to Dell 5-22-07 ltr.