# EXHIBIT F



| | |
|---|---|
| SIDLEY AUSTIN LLP | |
| 1501 K STREET, N.W. | |
| WASHINGTON, D.C. 20005 | |
| (202) 736 8000 | |
| (202) 736 8711 FAX | |

| | |
|---|---|
| BEIJING | LOS ANGELES |
| BRUSSELS | NEW YORK |
| CHICAGO | SAN FRANCISCO |
| DALLAS | SHANGHAI |
| FRANKFURT | SINGAPORE |
| GENEVA | SYDNEY |
| HONG KONG | TOKYO |
| LONDON | WASHINGTON, D.C. |

mguerrera@sidley.com
(202) 736-8580

FOUNDED 1866

May 29, 2007

**By Email**

Loren Kieve
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

      Re:    In re Parmalat, 04 MD 1653 (LAK)

Dear Loren:

      I write in response to your letter dated May 25, 2007 regarding deposition dates for Franco Lagro, Oliver Galea and Roberto Megna pursuant to Rule 26 of the federal rules.

      As you know, Bank of America believes that Bondi's designation of these individuals is improper and should be withdrawn. However, in the event that these PwC witnesses are allowed to give expert testimony on Bondi's behalf in this case, we believe that two days will prove insufficient for Mr. Lagro's deposition. As you noted, Mr. Lagro will be testifying in Italian and his ten reports on which he has been designated to testify relate to multiple defendants and multiple issues. Moreover, although he did testify before, that testimony was time-constrained by the Hague Convention process. As such, please let us know if Mr. Lagro is available for the entire week of June 25th. We expect Mr. Galea's deposition to last more than two days as well.

      We will address your questions regarding jurisdictional issues, if necessary, upon resolution of the pending dispute regarding the appearance of these witnesses.

      Sincerely,

      Mark P. Guerrera

# STROOCK

By E-Mail

May 30, 2007

James L. Bernard
Direct Dial  212-806-5684
Direct Fax  212-806-2684
JBERNARD@stroock.com

Loren Kieve, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, California 94111

Re:    In re Parmalat Securities Litigation

Dear Loren:

I write in response to your letter of May 25, 2007.  Grant Thornton International
("GTI") will depose Messrs. Lagro, Galea, and Megna, in the event they are permitted
to give expert testimony.  For the reasons set forth in Grant Thornton LLP's May 29,
2007, response to your letter, GTI agrees that the deposition of Mr. Lagro should be
scheduled in mid- to late July – the time you proposed for the depositions of Messrs.
Galea & Megna – to allow time for the resolution of the issues regarding these
individuals, including whether they have been properly designated as experts and
whether they may be called by parties other than Mr. Bondi.  Further, if Mr. Lagro is
allowed to testify, more than two days will be required.

Sincerely,

James L. Bernard

cc:    All MDL Counsel

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON EC4N 8NH | (312) 558-5600 | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE |
| 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | FACSIMILE (312) 558-5700 | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |
| | www.winston.com | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

WRITER'S DIRECT DIAL NUMBER
312-558-5139

May 29, 2007

**BY E-MAIL**

Loren Kieve
Quinn Emanuel
50 California Street
22nd Floor
San Francisco, CA  94111
lorenkieve@quinnemanuel.com

Re:    **In re Parmalat Securities Litigation**

Dear Loren:

Thank you for your letters of May 25, 2007.  Pursuant to Federal Rule of Civil Procedure 26, Grant Thornton LLP will depose each of the individuals that may give expert testimony on Mr. Bondi's behalf against Grant Thornton LLP.

I appreciate your effort to begin scheduling the depositions of Mr. Bondi's purported experts, specifically Mr. Lagro, Mr. Galea, and Mr. Megna, and I agree that you must make them available in the United States.  However, there are several issues regarding whether these and other individuals have been properly designated as experts, and by whom.

In the event that they are permitted to give expert testimony, your proposal of two days for Mr. Lagro's deposition will not be sufficient, especially given that he intends to testify in Italian.  As we learned during fact discovery, it takes at least twice as long to depose a witness testifying in Italian as it does to depose a witness who agrees to testify in English.  In addition, Mr. Smith, Mr. Pappas, and the Class also have disclosed their intent to call Mr. Lagro, Mr. Galea, and Mr. Megna to testify at trial against Grant Thornton LLP.  Although your letters suggest that you might try to oppose their efforts to do so, I am sure you understand that in order for Grant Thornton LLP to protect its rights, it must proceed under the assumption that your fellow plaintiffs will seek to present these witnesses in the respective trials.

Because the length and scope of Mr. Lagro's deposition, as well as whether he can testify at all, will be affected by the outcome of these disputes, efficiency and fairness

**WINSTON & STRAWN** LLP

Loren Kieve
May 29, 2007
Page 2

counsel against scheduling Mr. Lagro's deposition in June as you have proposed. Instead, I suggest scheduling the deposition of Mr. Lagro near your proposed time for the depositions of Mr. Galea and Mr. Megna in mid- to late July. It is likely that the outstanding issues regarding these individuals will have been resolved by that time.

I look forward to continuing to work with you to schedule the depositions of each of the individuals whom you may present as experts. I fully expect that we will be able to agree on dates that will be suitable to these individuals as well as to all of the effected parties.

Very truly yours,

*Bruce R. Braun*

Bruce R. Braun

cc:     All Counsel

**C L I F F O R D**

**C H A N C E**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com


Jason D'Angelo
Counsel

DIRECT TEL +1 212 878 3272
jason.d'angelo@cliffordchance.com

May 31, 2007

VIA E-MAIL

Loren Kieve, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California, Street, 22nd Floor
San Francisco, CA 94111

Re:     *In re Parmalat Securities Litigation*, 04-CV-0030

Dear Loren:

I write in response to your letters dated May 25, 2007, regarding the depositions of Dr. Bondi's purported experts, Messrs. Lagro, Megna and Galea. We acknowledge and appreciate your client's position that these purported experts were designated in the third-party contribution case brought by Grant Thornton International and Grant Thornton US in the event that their third-party complaint is permitted to proceed. We further acknowledge and appreciate your client's position that although this third-party complaint nominally falls under the 04-CV-0030 docket, Dr. Bondi has <u>not</u> designated these purported experts in the putative class action for any other purpose or against any other party, including Citigroup, Citibank, N.A., and Eureka Securitisation, plc. (the "Citigroup Defendants").

Nevertheless, in Mr. Sabella's letter to Michael Dell, dated May 24, 2007, class plaintiffs state that they intend to depose Messrs. Lagro, Megna and Galea (as well as Dr. Chiaruttini) in connection with the *putative class action*, and do not intend to limit the scope of such examination to the specific reports or portions of reports that Dr. Bondi identified in his supplemental expert witness designations. While your letters of May 25th suggest that Dr. Bondi will oppose class plaintiffs' efforts to do so, the Citigroup Defendants must be allotted adequate time to examine these witnesses should their testimony be permitted, and should such testimony impact the Citigroup Defendants' case in the putative class action.

Sincerely,

Jason D'Angelo

cc:     All MDL Counsel

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

MICHAEL J. DELL
PARTNER
PHONE 212-715-9129
FAX 212-715-8000
MDELL@KRAMERLEVIN.COM

May 30, 2007

<u>VIA E-MAIL (PDF)</u>
lorenkieve@quinnemanuel.com

Loren Kieve, Esq.
Quinn, Emanuel, Urquhart, Oliver
  & Hedges LLP
50 California Street, 22nd Floor
San Francisco, California 94111

Re:    <u>In Re Parmalat Sec. Litig., No. 04 MD 1653 (LAK)</u>

Dear Loren:

   On behalf of DTT, DT Italy and DT US, I respond to your May 25, 2007 letters to All Counsel and to Counsel for Bank of America and the Grant Thornton defendants regarding the designation and depositions of Drs. Chiaruttini, Galea, Megna and Lagro.

   The issues you raise are complicated by the designation of Drs. Chiaruttini, Galea, Megna and Lagro as expert witnesses, and the reliance on their reports, by class plaintiffs and Messrs. Smith and Pappas and their purported experts. As you know, DTT, DT Italy and DT US do not consent and have objected and continue to object to the designation of Drs. Chiaruttini, Galea, Megna and Lagro as experts, or testimony by any of them, or the use of their testimony and reports by other parties in lawsuits in which DTT, DT Italy or DT US are parties. DTT, DT Italy and DT US must therefore reserve their right to participate in the depositions of Chiaruttini, Galea, Megna and Lagro, and to cross-examine, if parties other than Bank of America and the Grant Thornton defendants depose these witnesses or continue to assert the right to use their testimony or reports at summary judgment or at trial, or to have their experts rely thereon, in actions to which DTT, DT Italy and DT US are parties, or if Bank of America or the Grant Thornton defendants ask questions that affect DTT. If the parties agree, or the Court rules, that these witnesses cannot be used against DTT, DT Italy and DT US in any case in which any of them is a party, then we would have no need to reserve our rights or to examine these witnesses.

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036   PHONE 212.715.9100   FAX 212.715.8000   WWW.KRAMERLEVIN.COM

ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

IN ALLIANCE WITH BERWIN LEIGHTON PAISNER:   LONDON * BRUSSELS

KL3 2595351.1

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Loren Kieve, Esq.
May 30, 2007
Page 2


       Since Drs. Galea, Megna and Lagro would be coming to the United States to do business here, as paid experts, we do not understand the basis for your statement that their presence would not subject PwC SpA to personal jurisdiction here.

Sincerely,

Michael J. Dell

cc (by email - pdf)   Richard Martin, Esq. (rmartin@hewm.com)
                    Sharon Katz, Esq. (Sharon.Katz@dpw.com)



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| 1501 K STREET, N.W. | BRUSSELS | NEW YORK |
| WASHINGTON, D.C. 20005 | CHICAGO | SAN FRANCISCO |
| (202) 736 8000 | DALLAS | SHANGHAI |
| (202) 736 8711 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

mguerrera@sidley.com
(202) 736-8580

FOUNDED 1866

June 6, 2007

**By Email**

Loren Kieve
Quinn Emanuel Urquhart
    Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Re:    Bank of America/Parmalat

Dear Loren:

We write in response to your letter of June 4, 2007.

Like the Grant Thornton Defendants, we note there are several issues surrounding whether Stefania Chiaruttini has been properly designated as an expert, and by whom. In the event that Ms. Chiaruttini is allowed to give expert testimony, her deposition will surely last longer than 2 days, especially given her intent to testify in Italian. We ask that you make her available, in New York, for the entire week of July 23, 2007.

Very truly yours,

Mark P. Guerrera.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

# STROOCK

By E-Mail

June 6, 2007

James L. Bernard
Direct Dial  212-806-5684
Direct Fax  212-806-2684
JBERNARD@stroock.com

Loren Kieve, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, California 94111

Re:     In re Parmalat Securities Litigation

Dear Loren:

I write in response to your letter of June 4, 2007.  As you know, there are unresolved issues concerning whether Ms. Chiaruttini will be allowed to testify as an expert, and for which parties.  In the event she is allowed to testify, however, Grant Thornton International will depose Ms. Chiaruttini.  Please confirm that you will make her available for deposition in New York.  Further, if Ms. Chiaruttini is allowed to testify, more than two days will be required, particularly given that she intends to testify in Italian.  Please let us know if Ms. Chiaruttini is available for the entire week of July 23.

Sincerely,

James L. Bernard

cc:      All MDL Counsel

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | (312) 558-5600 | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE |
| 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | FACSIMILE (312) 558-5700<br>www.winston.com | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |
| | | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

BRUCE R. BRAUN
(312) 558-5139
bbraun@winston.com

June 5, 2007

**BY E-MAIL**

Loren Kieve
Quinn Emanuel
50 California Street
22nd Floor
San Francisco, CA 94111
lorenkieve@quinnemanuel.com

Re:     In re Parmalat Securities Litigation

Dear Loren:

I write in response to your letter of June 4, 2007. Pursuant to Federal Rule of Civil Procedure 26, Grant Thornton LLP will depose each of the individuals that may give expert testimony on Mr. Bondi's behalf against Grant Thornton LLP, including Stefania Chiaruttini. As with your other purported expert witnesses, you must make Ms. Chiaruttini available for a deposition in the United States where her testimony will be governed by the laws of the United States, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of New York.

As you are aware, there are several issues regarding whether Ms. Chiaruttini has been properly designated as an expert, and by whom. In the event that she is permitted to give expert testimony, your proposal of two days for Ms. Chiaruttini's deposition will not be sufficient, especially given that she intends to testify in Italian. As we learned during fact discovery, it takes at least twice as long to depose a witness testifying in Italian as it does to depose a witness who agrees to testify in English. In addition, Mr. Smith, Mr. Pappas, and the Class also have disclosed their intention to call Ms. Chiaruttini to testify at trial against Grant Thornton LLP. Although your letter suggests that you might try to oppose their efforts to do so, I am sure you understand that in order for Grant Thornton LLP to protect its rights, it must proceed under the assumption that your fellow plaintiffs will seek to present Ms. Chiaruttini's testimony in their respective trials. For these reasons, I suggest scheduling Ms. Chiaruttini for five full days of deposition testimony. Please confirm that she will be available for the entire week of July 23, 2007, for this purpose.

WINSTON & STRAWN LLP

Loren Kieve
June 5, 2007
Page 2

       I look forward to continuing to work with you to schedule the depositions of each of the individuals whom you may present as experts.  I fully expect that we will be able to agree on dates that will be suitable to these individuals as well as to all of the effected parties.

Very truly yours,

Bruce R. Braun

cc:    All Counsel

**C L I F F O R D**

**C H A N C E**

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

**Jason D'Angelo**
Counsel

DIRECT TEL +1 212 878 3272
jason.d'angelo@cliffordchance.com

June 5, 2007

VIA E-MAIL

Loren Kieve, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California, Street, 22nd Floor
San Francisco, CA 94111

Re:    *In re Parmalat Securities Litigation*, 04-CV-0030

Dear Loren:

I write in response to your letter dated June 4, 2007, regarding the deposition of Dr. Chiaruttini. We understand your position with respect to Dr. Chiaruttini is the same as it is for Messrs. Lagro, Megna and Galea — *i.e.*, that all four purported experts are designated in the third-party contribution case brought by the Grant Thornton entities in the event that their third-party complaint is permitted to proceed, and that while this complaint nominally falls under the 04-CV-0030 docket, Dr. Bondi has not designated any of these purported experts in the putative class action for any other purpose or against any other party, including Citigroup, Citibank, N.A., and Eureka Securitisation, plc. (the "Citigroup Defendants"). Please let us know if our understanding is incorrect.

As stated in my May 31, 2007 letter to you, class plaintiffs indicated that they intend to depose Dr. Chiaruttini in connection with the *putative class action*, and do not intend to limit the scope of such examination to the specific reports or portions of reports that Dr. Bondi identified in his supplemental expert witness designations. While we understand that Dr. Bondi will likely oppose class plaintiffs' efforts to do so, the Citigroup Defendants must be allotted adequate time to examine Dr. Chiaruttini should her testimony be permitted, and should such testimony impact the Citigroup Defendants' case in the putative class action.

Sincerely,

*Jason D'Angelo*

Jason D'Angelo

cc:    All MDL Counsel (by e-mail)

# KRAMER LEVIN NAFTALIS & FRANKEL LLP

MICHAEL J. DELL
PARTNER
PHONE 212-715-9129
FAX 212-715-8000
MDELL@KRAMERLEVIN.COM

June 7, 2007

VIA E-MAIL (PDF)
lorenkieve@quinnemanuel.com

Loren Kieve, Esq.
Quinn, Emanuel, Urquhart, Oliver
    & Hedges LLP
50 California Street, 22nd Floor
San Francisco, California 94111

Re:    Dr. Enrico Bondi v. Grant Thornton International, et al.,
       04 Civ. 9771 (LAK)

Dear Loren:

        On behalf of DTT, DT Italy and DT US, I respond to your June 4, 2007 letter to
Bank of America and the Grant Thornton defendants concerning the deposition of Dr.
Chiaruttini.  Our response is the same as we set forth in my May 30, 2007 letter to you, another
copy of which is enclosed.  If the parties agree, or the Court rules, that Dr. Chiaruttini cannot be
used against DTT, DT Italy and DT US in any case in which any of them is a party, and other
parties' experts cannot rely on her for opinions against DTT, DT Italy and DT US, then we
would have no need to reserve our right to examine her.

                                        Sincerely,

                                        Michael J. Dell

Enclosure

cc (by e-mail - PDF):  Richard A. Martin, Esq. (RMartin@hewm.com)
                       Sharon Katz, Esq. ( (Sharon.Katz@dpw.com)

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036   PHONE 212.715.9100   FAX 212.715.8000   WWW.KRAMERLEVIN.COM

ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

KL3 2597155.1

# BEUS GILBERT
### PLLC
#### ATTORNEYS AT LAW

4800 NORTH SCOTTSDALE ROAD
SUITE 6000
SCOTTSDALE, ARIZONA 85251-7630
(480) 429-3000
FAX (480) 429-3100

STEPHEN M. CRAIG
DIRECT (480) 429-3033

EMAIL: SCRAIG@BEUSGILBERT.COM
73127-0001

8 June 2007

**VIA EMAIL & U. S. MAIL**

Michael Dell, Esq.
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

     Re:    *In re Parmalat Securities Litigation*, Master Docket 04 MD 1653 (LAK)

Dear Michael:

This letter is a follow-up to my letter of May 24, 2007 to you, in which I indicated we would send a list of specific reports we reserve the right to use in our case against Deloitte.

We reserve any right we have to use portions of the Chiaruttini and PwC reports as well as the testimony of Chiaruttini, Galea, Megna, and Lagro, including any right we may have to use their testimony as fact witnesses (including lay opinion testimony) as expert witnesses, as unretained experts, or as experts upon whom our own experts may rely. We designate those portions of the reports listed by Jim Sabella in his letter of May 24, 2007, in addition to the following:

**Lagro/PwC:**

Parmalat Group: Forensic Procedures – Plan and Estimates, 27 Apr 2004 (PwC LLP 000001-107)

Transactions with Bank of America, 5 May 2004 (PwC LLP 001556-660).

Wishaw Trading SA, 18 Mar 2004 (PwC LLP 000147-217).

**Chiaruttini:**

Expert Witness Report "Parmalat Group;" Auditing Work Performed by Deloitte & Touche, 3 Feb 2004 (not Bates labeled).

Chiaruttini 3rd, On the Auditing Activities Performed by Deloitte & Touche, 3 Feb 2004 (LP0000003769-3912).

Michael Dell, Esq.
8 June 2007
Page 2

First Memorandum on the Auditing Activities Carried Out by Deloitte & Touche SPA, 18 Feb 2004 (LP0000066826-866).

Parmalat: Slides for Proceedings held March 7 - 14, 2006 (not Bates labeled).

Chiaruttini Report, 2nd, 18 Mar 2004 (LP0000066867-912).

**Misc.:**

Report on the causes of insolvency of Parmalat Finanziaria S.p.A. and its subsidiaries dated 19 Jun 2004 signed by the Extraordinary Commissioner Dr. Enrico Bondi (not Bates labeled).

Verbale Di Ispezione ("Inspection Report"), 18 Mar 2004 (P03704220-4319)

     I hope this is of assistance to you.

                    Best regards,

                    BEUS GILBERT PLLC

                    Stephen M. Craig

SMC/paw

cc:  All counsel of record (via email)

ALLEN & OVERY

June 11, 2007

Allen & Overy LLP
1221 Avenue of the Americas
New York  NY  10020  USA

Tel       +1 212 610 6300
Fax      +1 212 610 6399
Direct Line  +1 212 756 1130
todd.fishman@newyork.allenovery.com

**BY E-MAIL**

L. Richard Williams, Esq.
Stephen M. Craig, Esq.
Beus Gilbert PLLC
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251-7630

      Re:   In re Parmalat Securities Litigation, Master Docket 04 MD 1653 (LAK)
             This relates to: Smith v. Bank of America Corp., 06 Civ. 383 (LAK)
                     Pappas v. Bank of America Corp., 06 Civ. 3109 (LAK)

Dear Richard and Stephen:

      On behalf of Credit Suisse, Credit Suisse International and Credit Suisse Securities (Europe) Limited (collectively, "Credit Suisse") in the referenced actions, I write to follow up on the meet and confer held by telephone conference this past Thursday, June 7 among counsel to Dr. Bondi and other parties.

      Plaintiffs Smith's and Pappas's Supplemental Disclosure Statements Regarding Experts Intended To Be Used at Trial dated May 21, 2007 list Stefania Chiaruttini, Franco Lagro, Oliver Galea or Roberto Megna among the additional experts who plaintiffs indicate they may use at trial.  In light of the stated objected by Dr. Bondi, however, it is not clear from Thursday's discussion whether plaintiffs Smith and Pappas intend to examine Chiaruttini, Lagro, Galea or Megna for purposes of their individual cases against Credit Suisse.  Please confirm whether or not plaintiffs Smith and Pappas intend to do so.

      If, in fact, plaintiffs Smith and Pappas do intend to examine any of Chiaruttini, Lagro, Galea or Megna as part of their cases against Credit Suisse, we ask that plaintiffs state whether or not they intend to limit their examinations, during deposition or at trial, to the reports by those four witnesses which were designated by Dr. Bondi in his Supplemental Expert Witness Designations.  If plaintiffs Smith and Pappas do not agree to so limit the scope of their potential examinations, we ask that plaintiffs (i) identify by production number any additional report or reports by any of those four witnesses, or any portion thereof, which they intend to use at any deposition or at trial and (ii) provide a statement of the subject matter of any other opinion or opinions on which plaintiffs will seek to examine those witnesses as well as the underlying basis

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Law Society of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practise in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One New Change, London, EC4M 9QQ and at the above address. Any reference to a partner in relation to Allen & Overy LLP means a member, consultant or employee of Allen & Overy LLP.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Budapest, Dubai, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Milan, Moscow, New York, Paris, Prague, Rome, Shanghai, Singapore, Tokyo, Turin, Warsaw

and reasons for those opinions.  Please provide the requested information by 5:00 p.m. on June 13, 2007.

       This letter must not be read as Credit Suisse's acquiescence in the efforts by plaintiffs Smith and Pappas to examine any of these witnesses during depositions or at trial.  To be clear, Credit Suisse objects to any attempt by plaintiffs Smith and Pappas to examine Chiaruttini, Lagro, Galea or Megna during depositions or trial, and expressly reserves its right to seek appropriate relief from the Court.  Should you have any questions about these matters, please feel free to telephone me.

       Very truly yours,

       Todd S. Fishman

cc:    Michael S. Feldberg, Esq.
      Loren Kieve, Esq.
      All Defense Counsel