UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x
                                                          :     MASTER DOCKET
In re PARMALAT SECURITIES LITIGATION    :     04 MD 1653 (LAK)
                                                          :     ECF Case
This document relates to: All Cases              :
                                                          :
———————————————————————x

**DTT'S RESPONSE TO DR. BONDI'S MOTION FOR A PROTECTIVE
ORDER REGARDING HIS PURPORTED EXPERT WITNESSES**

Deloitte Touche Tohmatsu ("DTT") respectfully submits this response to Dr. Bondi's Motion for a Protective Order Regarding His Expert Witnesses.[1]

For the reasons stated in DTT's June 12, 2007 Motion to Preclude Class Plaintiffs, G. Peter Pappas and Gerald K. Smith From Using the Testimony of Chiaruttini, Galea, Megna and Lagro, and Any Other Experts Designated by Other Parties to the MDL Proceedings, DTT agrees that class plaintiffs and Messrs. Pappas and Smith (together, "plaintiffs"), as well as other parties, cannot use Dr. Bondi's purported experts Stefania Chiaruttini and PricewaterhouseCoopers Italy partners Oliver Galea, Roberto Megna and Franco Lagro (together, "Chiaruttini/PwC Italy").  DTT also agrees that any depositions of Chiaruttini/PwC Italy must be limited to the opinions contained in the Chiaruttini/PwC Italy reports designated in Dr. Bondi's supplemental disclosure statement, none of which concern DT Italy's Parmalat audits.  If those depositions are so limited, and cannot be used against DTT, DT US, DT Italy and Mr. Copeland (together, the "Deloitte defendants"), then DTT further agrees that no party should be able to depose Chiaruttini/PwC Italy except the parties against whom Dr. Bondi has designated their testimony—Bank of America and the Grant Thornton defendants.

However, if those defendants or any party is permitted to elicit testimony from Chiaruttini/PwC Italy that is adverse to the Deloitte defendants and may be used against them, then the Deloitte defendants too must have the right to depose them.[2]  In

---

[1]  DT US and DT Italy join in this response.

[2]  Rule 26(b)(4) provides that "[a] party may depose any person who has been identified as an expert witness and whose opinions may be presented at trial."  If Chiaruttini, Galea, Megna and Lagro are permitted to offer opinions against the Deloitte defendants, then the Deloitte defendants must have a reasonable opportunity to test these witnesses' credibility and question their methods.  *See In re Parmalat Securities Litigation*, 477 F.Supp.2d 637, 641 (S.D.N.Y. 2007).  Although Dr. Bondi claims that "all parties

1

that event, those witnesses will have to be available for at least one week of depositions each in order to afford the parties a reasonable opportunity to depose them. The 11 reports designated by Dr. Bondi in his supplemental disclosure statement total approximately 1900 pages alone (and class plaintiffs and Messrs. Pappas and Smith seek to question Chiaruttini/PwC Italy about 26 additional reports totaling at least 3100 pages). (Dell Decl. Exs. 5, 6.) Moreover, the depositions will be taken in Italian with non-simultaneous translation and many parties in addition to Bank of America and the Grant Thornton defendants may wish to depose those witnesses at length, including the Deloitte defendants.

Finally, DTT believes the Court should not rule at this juncture as to whether the appearance here of Messrs. Galea, Megna and Lagro as paid purported experts should subject them or PricewaterhouseCoopers, S.p.A. to jurisdiction here. That issue is not properly presented as a discovery motion. Moreover, jurisdiction depends on many factors that are not presented in Dr. Bondi's motion.

Dated: New York, New York
        June 13, 2007

By: _____/s/ Michael J. Dell_____
          Michael J. Dell (MD-7714)

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

*Attorneys for Defendant Deloitte Touche Tohmatsu*

---

have already extensively questioned them (or could have done so)" (Bondi Mem. 2-3), DTT was prevented from thoroughly cross-examining Chiaruttini/PwC Italy at their prior depositions because they refused to abide by the Protective Order and sign the confidentiality agreement. (June 13, 2007 Declaration of Michael J. Dell, Exs. 1-4) (hereinafter "Dell Decl. Ex. __").