UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
In re PARMALAT SECURITIES LITIGATION

This document relates to: All Cases

----------------------------------------x

MASTER DOCKET
04 MD 1653 (LAK)

**Electronically Filed**

**Reply in Support of Dr. Bondi's Motion for a Protective Order
for His Italian Expert Witnesses**

We respectfully submit that Dr. Bondi's June 11, 2007 motion for a protective order demonstrated why:

(1) other parties to these MDL pretrial proceedings should not be permitted to transform Dr. Bondi's Italian expert witnesses (Franco Lagro, Oliver Galea, Roberto Megna and Stefania Chiaruttini) into "their" involuntary expert witnesses, and only parties to the cases in which Dr. Bondi's witnesses have been designated – *viz.*, Grant Thornton and Bank of America – should be allowed to examine them;

(2) the Court should order, in advance, that Dr. Bondi's Italian experts do not subject themselves to jurisdiction by coming to New York for depositions under Fed. R. Civ. P. 26(b)(4)(A) – or alternatively permit the depositions to take place outside the United States;

(3) for the same reasons, the Court should also confirm that these experts' agreement to the Court's protective order subjects them to jurisdiction only to enforce the terms of the protective order; and

(4) their depositions (which will require translation from Italian) should not exceed three days each for Dr. Chiaruttini and Mr. Lagro and two days each for Messrs. Galea and Megna.

03679/2143782.1

### *The Italian Expert Witnesses Will Not Testify in the Class Action*

The responses of various parties – as well as the June 12, 2007 motions of the Grant Thornton and Deloitte defendants to preclude the testimony of these experts (to which Dr. Bondi will respond in due course) – take varying positions. These positions are in varying degrees based on whether Dr. Bondi's experts will testify in defending against the claims in the third party action filed by Grant Thornton International and Grant Thornton LLP under docket 04 Civ. 0030 (LAK).

Dr. Bondi designated these experts to testify only as to issues in the Grant Thornton third party action, and it is only the Grant Thornton defendants who should be permitted to examine them on those issues, and solely those issues, in that action.

After further consideration, however, and to make the issue a simple one for the Court, Dr. Bondi has now withdrawn his designation to have these experts testify in the third party action in docket 04 Civ. 0030 (LAK). A copy of this withdrawal is attached as Exh. 1 for the Court's information.

The arguments of the class plaintiffs are therefore moot. *A fortiori,* the arguments of the other parties – which are based solely on whether or not the class plaintiffs get to use these witnesses and therefore to examine them in their Rule 26(b)(4)(a) depositions – are also moot.

By the same token, the requests for additional days of deposition – based on the claimed need to enquire into issues other than the ones for which these witnesses have been designated by Dr. Bondi in his cases and only his cases – are likewise moot.

### *The Italian Witnesses Are Entitled to Be Protected from Subpoenas Now*

Although they do not come right out and say it, a number of the parties have sent strong signals that they intend to try to subpoena Dr. Bondi's experts if they come to New York for their Rule 26(b)(4)(A) depositions. Some say the issue is not ripe, while others argue that they should be subject to subpoena. The witnesses, and Dr. Bondi, should be entitled to know in advance that they

are protected from this form of abuse and harassment. *See American Centennial Ins. Co. v. Handal*, 901 F.Supp. 892, 896 (D.N.J. 1995) (even a party present in the jurisdiction for deposition is immune from service of process); *see also Viking Penguin v. Janklow*, 98 F.R.D. 763, 766 (S.D.N.Y. 1983).

The Court should therefore confirm that they are not subject to process. Alternatively, the Court should direct that these depositions may be held outside the U.S. unless those parties that are permitted to conduct the depositions stipulate in writing that they will not attempt to serve process on them when they are in the United States.

We respectfully believe that the other issues raised by the parties in connection with Dr. Bondi's motion for a protective order are addressed in Dr. Bondi's motion itself.

| | |
|---|---|
| New York, New York<br>June 14, 2007 | QUINN EMANUEL URQUHART OLIVER & HEDGES LLP<br><br>By  s/ Loren Kieve<br><br>John B. Quinn (JQ 0716)<br>Peter E. Calamari (PC 3964)<br>Loren Kieve (LK 3624)<br>R. Brian Timmons (*pro hac vice*)<br>Terry L. Wit (TW 3078)<br><br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br>(212) 849-7100 (fax)<br><br>Attorneys for plaintiff Dr. Enrico Bondi,<br>Extraordinary Commissioner of Parmalat Finanziaria<br>S.p.A., Parmalat S.p.A. and other affiliated entities in<br>Extraordinary Administration under the laws of Italy |

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re PARMALAT SECURITIES LITIGATION

This document relates to:   04 Civ. 0030 (LAK)

MASTER DOCKET
04 MD 1653 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### Dr. Enrico Bondi's Withdrawal of Expert Witness Designations

Plaintiff Dr. Enrico Bondi hereby withdraws his designations of Franco Lagro, Oliver Galea, Roberto Megna and Stefania Chiaruttini as experts to testify in the third party action filed by Grant Thornton International and Grant Thornton LLP under docket 04 Civ. 0030 (LAK).

New York, New York
June 13, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

By _____
John B. Quinn (JQ 0716)
Peter E. Calamari (PC 3964)
Loren Kieve (LK 3624)
R. Brian Timmons (*pro hac vice*)
Terry L. Wit (TW 3078)

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
(212) 849-7100 (fax)

Attorneys for plaintiff Dr. Enrico Bondi, Extraordinary Commissioner of Parmalat Finanziaria S.p.A., Parmalat S.p.A. and other affiliated entities in Extraordinary Administration under the laws of Italy and Attorneys for Parmalat S.p.A.

03679/2143849.1