UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION : | MASTER DOCKET |
| : | |
| : | 04 MD 1653 (LAK) ECF Case |
| This document relates to: 04 Civ. 0030 (LAK) : | |
| : | **Electronically Filed** |

### LEAD PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DR. BONDI'S MOTION TO FILE A REPLY IN CONNECTION WITH HIS MOTION FOR A PROTECTIVE ORDER REGARDING EXPERT WITNESSES

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Steven J. Toll
Lisa M. Mezzetti (LM-5105)
Mark S. Willis
Julie Goldsmith Reiser
Joshua S. Devore
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005-3964
202-408-4600

*Of Counsel*:

**SPECTOR ROSEMAN & KODROFF, P.C.**
Robert M. Roseman (RR-1103)
Andrew D. Abramowitz
Daniel J. Mirarchi
Rachel E. Kopp
1818 Market Street, 25th Floor
Philadelphia, PA 19103
215-496-0300

**GRANT & EISENHOFER P.A.**
Stuart M. Grant (SG-8157)
James J. Sabella (JS-5454)
John C. Kairis (JK-2240)
Diane Zilka (DZ-9452)
485 Lexington Avenue
New York, NY 10017
646-722-8500

*Co-Lead Counsel for Plaintiffs*

Upon receipt of Lead Plaintiffs' opposition to his motion for a protective order, which demonstrated that his motion was meritless, Dr. Bondi now endeavors to completely change course. Dr. Bondi's attempt to make an entirely different application, in the guise of a motion to file a reply in support of his motion for a protective order regarding four unique and irreplaceable expert witnesses, should be denied. This Court's practices do not permit replies on discovery disputes of this type under ordinary circumstances, and it is respectfully submitted that it should not permit a reply here. However, even if the Court were to consider Dr. Bondi's reply, the arguments therein do not change the fact that Lead Plaintiffs should be permitted to depose and use testimony from these witnesses.

Early this morning, Dr. Bondi's counsel circulated a Withdrawal of Expert Witness Designations in the 04 Civ. 0030 portion of the MDL (attached as Exhibit A), purporting to withdraw the designations of Dr. Chiaruttini and Messrs. Lagro, Galea and Megna as experts in the third-party complaint filed by the Grant Thornton Defendants against Dr. Bondi in this class action. Such attempted withdrawal is an acknowledgement that Lead Plaintiffs are correct in their opposition brief that they must be permitted to depose and compel testimony from any experts designated in this class action regardless of whether they are supposedly designated solely for Grant Thornton's third-party claims. Dr. Bondi's eleventh-hour (actually, 12:50 a.m.) efforts to change the playing field should not change the outcome.

This Court plainly has the power to prevent Dr. Bondi from withdrawing these designations,[1] and Lead Plaintiffs submit it is appropriate to do so here. Dr. Bondi's continued efforts to keep these unique experts solely as his own should not be countenanced. But even if

---

[1]    See *Stoner v. New York City Ballet Co.*, No. 99 Civ. 0196 (BSJ)(MHD), 2002 WL 31875404, *6 (S.D.N.Y. Dec. 24, 2002) (preventing plaintiff from withdrawing designated testifying expert).

Dr. Bondi is permitted to withdraw their designations in this action, Lead Plaintiffs should still be permitted to take these experts' depositions under the "exceptional circumstances" provision of Fed. R. Civ. P. 26(b)(4)(B).[2] As Lead Plaintiffs noted in their opposition, these witnesses have undertaken lengthy and costly investigations of the various defendants' malfeasance (which, in the case of three of them, was paid for not by Dr. Bondi but by the Italian court), and reproduction of their work would be unreasonable and impractical at this late time, and not in accord with the principles of multi-district litigation of avoiding duplication of efforts and achieving judicial economies. *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34 (S.D.N.Y. 1997), on which Dr. Bondi relied in filing his motion and which Lead Plaintiffs previously discussed in their opposition, recognizes that there is no practical alternative to allowing the depositions of experts who engaged in lengthy and costly investigations, even where the experts are only deemed to be consultative experts for an adversary. That is particularly true here where the experts had unique access to documents and witnesses, and indeed spent far more time investigating the misconduct alleged by Lead Plaintiffs than the expert did in *Bank Brussels*.

Finally, Lead Plaintiffs would plainly be prejudiced by this belated withdrawal, as they otherwise would have had the opportunity to retain their own rebuttal expert witnesses to testify on a multitude of defendants' other experts' assertions (recognizing that any rebuttal experts Lead Plaintiffs could have obtained would not have had been in as good a position to respond to certain points as these four witnesses). However, even if Dr. Bondi is permitted to withdraw these experts at this late time, Lead Plaintiff should still be permitted to participate in their depositions and use such testimony at trial against Dr. Bondi as well as the other defendants for

---

[2/]    Rule 26(b)(4)(B) permits a party to take the deposition of an adversary's *consultative* non-testifying witness under circumstances such as those present here.

the same reasons as those previously noted. Any other result would be inconsistent with past practice, where all parties to the MDL have been permitted to attend and question the witnesses in any deposition under the MDL.

Dated: June 14, 2007

Respectfully submitted,

/s/ Lisa M. Mezzetti
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Steven J. Toll
Lisa M. Mezzetti (LM-5105)
Mark S. Willis
Julie Goldsmith Reiser
Joshua S. Devore
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel: 202-408-4600

*Of Counsel*:

**SPECTOR ROSEMAN & KODROFF, P.C.**
Robert M. Roseman (RR-1103)
Andrew D. Abramowitz
Daniel J. Mirarchi
Rachel E. Kopp
1818 Market Street, 25th Floor
Philadelphia, PA 19103
Tel: 215-496-0300

**GRANT & EISENHOFER P.A.**
Stuart M. Grant (SG-8157)
James J. Sabella (JS-5454)
John C. Kairis (JK-2240)
Diane Zilka (DZ-9452)
485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500

*Co-Lead Counsel for Plaintiffs*