UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
:
In re PARMALAT SECURITIES LITIGATION   :   MASTER DOCKET
:   04 MD 1653 (LAK)
:   ECF Case
This document relates to: All Cases   :
:
———————————————————————— x

# DTT'S MEMORANDUM IN SUPPORT OF DR. BONDI'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER REGARDING HIS PURPORTED EXPERT WITNESSES

KL3 2598839.3

Deloitte Touche Tohmatsu ("DTT") respectfully submits this memorandum in support of Dr. Bondi's motion for leave to file a reply in support of his motion for a protective order regarding his purported expert witnesses Chiaruttini, Galea, Megna and Lagro (together, "Chiaruttini/PwC Italy").[1]  Class plaintiffs' opposition lacks merit for the following reasons:

- Dr. Bondi has the right to withdraw his expert designations.  *See In re Shell Oil Refinery*, 132 F.R.D. 437, 440 (E.D. La. 1990).[2]  *Stoner v. New York City Ballet Co.*, 2002 WL 31875404, at *6 (S.D.N.Y. Dec. 24, 2002), the sole cited by class plaintiffs on this point, is not to the contrary.  *Stoner* merely stated that plaintiff in that case could not substitute another expert for his psychiatric expert who had been deposed, since there was "no basis for playing musical chairs with the experts" after plaintiff "had reversed field on several occasions" about which expert to use.  *Id*.

- Class plaintiffs implicitly concede that they have no right to depose Chiaruttini/PwC Italy under Rule 26(b)(4)(A) now that Dr. Bondi has withdrawn his designation of them as testifying witnesses on the Grant Thornton defendants' third party claims.[3]  Class plaintiffs' assertion that (1) Chiaruttini/PwC Italy "had unique access to prosecutorial documents (which are not available to Lead Plaintiffs)" (6/13/07 Class Mem. In Opp. to Bondi's Mot. Protective Order at 2) (*see also* Class Mem. at 2), and (2) they cannot require Chiaruttini/PwC Italy to produce documents (*See* Dell Decl. dated 7/12/07 Ex. 24), shows they cannot conceivably comply with Rule 26(a)(2)(B) and produce all of the information considered by Chiaruttini/PwC Italy.  Consequently, class plaintiffs could not possibly provide DTT an opportunity effectively to exercise its right to cross-examine these witnesses, particularly with respect to reports not designated by Dr. Bondi.

- Class plaintiffs have no right to depose Chiaruttini/PwC Italy as consulting experts under Rule 26(b)(4)(B), which allows the deposition of an "expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to

---

[1] DT US joins in this memorandum.

[2] *See also Netjumper Software, LLC v. Google, Inc.*, 2005 WL 3046271, at *2 (S.D.N.Y. Nov. 10, 2005); *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 2002 WL 1906628, at *4 (D. Del. Aug. 14, 2002); *Ross v. Burlington N. R.R. Co.*, 136 F.R.D. 638, 638-39 (N.D. Ill. 1991).

[3] Even if Dr. Bondi had not withdrawn his designations, class plaintiffs would have no right to depose and use Chiaruttini/PwC Italy for the reasons stated in DTT's June 12, 2007 Motion to Preclude Class Plaintiffs, G. Peter Pappas and Gerald K. Smith From Using the Testimony of Chiaruttini, Galea, Megna and Lagro, and Any Other Experts Designated by Other Parties to the MDL Proceedings ("DTT's motion to preclude").

1

be called as a witness at trial . . . only . . . upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Class plaintiffs have not even established that Chiaruttini/PwC Italy are consulting experts in connection with the class action (or any other action); Dr. Bondi has said he does expect to call them as witnesses at other trials, and in this action he had intended to use them only as trial witnesses to defend the Grant Thornton defendants' third party claims.

- In addition, class plaintiffs cannot meet their heavy burden of proving the exceptional circumstances required for a deposition under Rule 26(b)(4)(B), which imposes a "severe limitation on the discovery of consultative . . . experts." *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995) (Kaplan, J.); *accord, Vincent v. Mortman*, 2006 WL 2349448, at *2 (D. Conn. Aug. 11, 2006). Class plaintiffs have designated their own purported experts and do not even contend that they are unable "to obtain facts or opinions on the same subject by other means." Chiaruttini/PwC Italy are not the only auditors in Italy capable of expressing an opinion concerning Parmalat's prior audits, and they have no special or distinct abilities or skills that would render their professional opinions unique. *See Rubel*, 160 F.R.D. at 461-62.[4] The Court already has determined that the prior reports of Chiaruttini/PwC Italy "indicate a lack of reliability" and barred their admissibility under the public records exception to the hearsay rule.[5]

- Dr. Bondi has vehemently objected to class plaintiffs deposing or otherwise using his experts. It would be grossly "unfair" for class plaintiffs to free-ride on "the effort and expense incurred by [Dr. Bondi] in preparing his case . . . [since] each side should prepare its own case at its own expense." *Rubel*, 160 F.R.D. at 460. As in *Rubel*, there is a "risk of very substantial prejudice" if class plaintiffs are permitted to use Dr. Bondi's witnesses in a case in which (a) class plaintiffs cannot provide DTT full access to the documents those witnesses considered, and (b) they have sued New Parmalat.

---

[4] *See also In re "Agent Orange" Prod. Liab. Litig.*, 105 F.R.D. 577, 581 (E.D.N.Y. 1985); 8 *Wright & Miller*, Federal Practice & Procedure 26 (3d ed.) ("The burden on the moving party is to show circumstances such that it cannot get any facts or opinions on the subject in which it is interested.").

[5] *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 44-45 (S.D.N.Y. 1997), on which class plaintiffs rely, is inapposite. In that case, the expert in question was a consulting expert who was not expected to be called as a witness at trial, and there was no indication that the party which sought to compel a deposition of that expert had also retained its own expert. In addition, the purported expert had conducted a broad investigation based on unlimited access to documents, unlike here where this Court found Chiaruttini/PwC Italy did not conduct "sufficiently broad and unbiased factual investigations" to render their reports trustworthy. *In re Parmalat Sec. Litig.*, 2007 WL 1169217, at *1 (S.D.N.Y. Apr. 18, 2007).

- Class plaintiffs here have "had a full opportunity to produce expert testimony"—including through nine months of extensions of the time to designate expert witnesses—and if Chiaruttini/PwC Italy have some facts or opinions "that plaintiff[s have] not adduced already from other [purported] experts, the failure is attributable to plaintiff[s] and not to any inability to call" Dr. Bondi's witnesses. *Rubel*, 160 F.R.D. at 462. Class plaintiffs "knowingly took the risk" that they would not be able to rely on another party's witnesses, since Dr. Bondi, DTT, the Grant Thornton defendants and Bank of America have repeatedly objected to class plaintiffs' designations of Chiaruttini/PwC Italy. Class plaintiffs cannot show that they reasonably relied on Dr. Bondi's expert designations and would suffer prejudice by his withdrawal of them as testifying experts. *Id*. Indeed, on April 25, 2007 Dr. Bondi moved to dismiss the Grant Thornton defendants' third party claims—which are the only claims in the class action as to which he designated Chiaruttini/PwC Italy as experts. Therefore all parties have been well aware that those claims might not proceed.

- There is no point to the class plaintiffs deposing Chiaruttini/PwC Italy because their deposition testimony would not be admissible hearsay at trial, for the reasons given in DTT's motion to preclude (at pages 20-22), and class plaintiffs have conceded they cannot produce them at trial.

- Permitting Dr. Bondi to withdraw his designations and precluding class plaintiffs from deposing or using his witnesses is consistent with the purpose of these MDL proceedings "eliminate duplicative discovery" and "conserve the resources of the parties, their counsel and the judiciary." *In re Parmalat Sec. Litig.*, 350 F. Supp. 2d 1356, 1357 (J.P.M.L. filed Dec. 9, 2004).

Dated: New York, New York
       June 18, 2007

By:      /s/ Michael J. Dell
         Michael J. Dell (MD-7714)

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100
*Attorneys for Defendant Deloitte Touche Tohmatsu*

3

KL3 2598839.3