UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re PARMALAT SECURITIES LITIGATION

This document relates to:   All Cases
------------------------------------------------------------x

MASTER DOCKET
04 MD 1653 (LAK)

**ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/07

LEWIS A. KAPLAN, *District Judge.*

  Dr. Bondi moves for a protective order determining that (1) his Italian expert witnesses (Messrs Lagro, Galea and Megna and Dr. Chiaruttini) may be deposed only in those cases in which Dr. Bondi has designated them as experts, (2) the experts would not subject themselves to jurisdiction by coming to New York for their depositions, (3) the experts' agreement to the Court's protective order would subject them to jurisdiction here only to enforce the order, and (4) these depositions should be limited to three days for Dr. Chiaruttini and Mr. Lagro and two days for the others.

  1. The main bone of contention concerning the parties entitled to depose the experts was with the Class Plaintiffs, who sought to do so principally on the theory that Dr. Bondi had designated them as experts whom he intended to call in defending against a cross-claim asserted against him in the class action. Dr. Bondi now has withdrawn that designation and will not call any of these experts in the class action. Class Plaintiffs nevertheless contend that the Court should reject that withdrawal, allow them to depose these witnesses, and permit them in effect to make them their own.

  Class Plaintiffs' argument is unpersuasive. They are responsible for preparing their own case, both because that is the inherent nature of the litigation process and for the additional

2

practical reason that Dr. Bondi's actions were transferred here only for pretrial purposes and will be remanded for trial if they survive, leaving the class action here. Moreover, Class Plaintiffs never had any assurance, and indeed do not today have any assurance, that Dr. Bondi will not settle his cases, which would result in his never going forward with the expert testimony. There was no justifiable reliance interest in the availability of Dr. Bondi's experts. Accordingly, I decline to interfere with Dr. Bondi's withdrawal of these witnesses as experts in the Class Action. That branch of his motion therefore is moot.

        2.      It is an established principle of federal jurisprudence that federal courts, being courts of limited jurisdiction, do not give advisory opinions. I decline to express any view as to the legal consequences of the execution of the protective order by or the service of process on these experts while in New York for their depositions. It will be time enough to decide such questions if they ever arise.

        3.      The proposed time limits for the depositions, particularly in light of the fact that they will be conducted through Italian interpreters, are unreasonable. Any party who feels that they have become unduly protracted may seek appropriate relief at that time.

Accordingly, Dr. Bondi's motion [04MD1653 docket item 1331] is denied in all respects. His motion for leave to file a reply [04MD1653 docket item 1360] is granted.

SO ORDERED.

Dated:     June 26, 2007

_____
Lewis A. Kaplan
United States District Judge