UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION<br><br>This document relates to: 1:07-03790 | MASTER DOCKET<br><br>04 MD 1653 (LAK) |
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and JOHN HANCOCK INSURANCE COMPANY OF VERMONT,<br><br>              Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, a Delaware Corporation; BANK OF AMERICA, N.A., a National Banking Association; and BANC OF AMERICA SECURITIES LLC, a Delaware limited liability company,<br><br>              Defendants. | CIVIL ACTION NO. 07C-03790<br><br><br><br>**MOTION FOR PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. Pro. 26(c) and 30, Defendants Bank of America Corporation, Bank of America N.A. and Banc of America Securities LLC (collectively "Bank of America" or the "Bank") respectfully move this Court for a Protective Order (i) limiting the examination of two Bank 30(b)(6) witnesses who will testify on October 10 in the case titled *John Hancock Life Insurance Company, et. al. v. Bank of America Corporation et. al.*, 04 MD 1653 (LAK) ("*Hancock*"), such that only counsel in the *Hancock* matter may question the witnesses; and (ii) limiting the use of that 30(b)(6) deposition to the *Hancock* case.[1] Allowing the parties in the other actions consolidated in these MDL proceedings to examine the Bank witnesses or to make use of the deposition would amount to reopening fact discovery, which concluded months ago. *See* Order, *In re Parmalat Securities Litigation*, Case No. 1:04-md-1653-LAK (June 13, 2007) (Kaplan, J.) (granting motions to bar depositions noticed after the close of fact discovery). The Bank respectfully requests an informal conference with the Court to discuss this Motion pursuant to Local Civil Rule 37.2.

Fact discovery in every case in these MDL proceedings other than *Hancock* closed on either March 5, 2007 or April 3, 2007.[2] Indeed, *expert* discovery has concluded in every case in these MDL proceedings other than *Hancock*, including the exchange of opening and rebuttal expert reports and the completion of expert depositions. In addition, pursuant to a schedule approved by the Court, the parties in these MDL proceedings will exchange preliminary 56.1 statements of uncontested facts on October 4, 2007. By contrast, fact discovery in *Hancock*, which was the last case to join the MDL, does not close until October 25, 2007.[3]

---

[1] Pursuant to Fed. R. Civ. P. 26(c), the Bank has met and conferred with the relevant parties in an effort to resolve this issue without requiring the Court's intervention, to no avail.
[2] In the lawsuit filed against the Bank by Hartford Life Insurance Company ("Hartford"), fact discovery closed on April 3, 2007 due to the case's late inclusion in the MDL.
[3] The *Hancock* suit was not filed until January 5, 2007, and was not consolidated into these MDL proceedings until May 17, 2007. Due to this delay, counsel for the Bank and Hancock agreed to a separate discovery schedule, which

On September 26, 2007, counsel for Hancock noticed a Fed. R. Civ. P. 30(b)(6) deposition of the Bank on two topics: (i) a portion of a document entitled "Banc of America Securities Debt Capital Markets Due Diligence Policy and Procedures" dated March 1, 2002, and (ii) a document entitled "Credit Approval Memorandum Modification" dated October 9, 2002.[4] *See* Hancock's Second Amended Notice of Deposition, appended hereto (without attachments) as Exhibit A. The 30(b)(6) deposition will be conducted on October 10, 2007. The first document addresses certain policies and procedures relating to Banc of America Securities, and the second document is a modification to a credit approval document (with several unrelated but consecutively bates-numbered documents) involving a company known as Cur Holdings Limited. Both general topics have been covered at some length by Bank 30(b)(6) witnesses in previous depositions. Nevertheless, inasmuch as fact discovery in the *Hancock* matter is not yet closed, and in light of the limited nature of the topics noticed, the Bank has agreed to produce two witnesses on October 10, 2007.

It is now apparent that one or more other parties to these MDL proceedings will attempt to ask questions of the witness, despite the fact that discovery ended months ago in their cases. Specifically, on October 2, 2007, the Bank was served with an Amended Notice of Deposition from Hartford Life Insurance Company ("Hartford") that was similar to the Notice served on the Bank by Hancock.[5] (A copy of Hartford's Notice is attached as Exhibit B.) Hartford is the plaintiff in a separate lawsuit against the Bank, which has also been consolidated into the *In re Parmalat Securities Litigation*. The Bank has objected to Hartford's 30(b)(6) notice on the

---

initially required the completion of fact discovery by September 21, 2007 but was extended to October 25, 2007, by the Court's September 19, 2007 endorsement of a joint stipulation.

[4] Hancock initially served a notice of deposition on the Bank on September 6, 2007, but that notice was subsequently voluntarily withdrawn.

[5] Hartford's initially served a notice of deposition on the Bank on September 10, 2007, shortly after Hancock served its initial notice, which was subsequently withdrawn. *See supra* at fn.3. Hartford served an amended notice on the Bank on October 2, 2007, and affirmed its assertion of a right to question the witnesses.

grounds that it is untimely and improper in light of the fact that fact discovery ended in the *Hartford* case many months ago. *See* September 17, 2007 letter from John H. Cobb to Michael Bowen and Joshua Bauchner, attached as Exhibit C.[6] Hartford has refused to withdraw its Notice. *See* October 2, 2007 letter from Joshua Bauchner to John H. Cobb, attached as Exhibit D.

In these circumstances, where fact and expert discovery are long closed in all the other MDL actions, only counsel for Hancock should be permitted to question the Bank's 30(b)(6) witness at the deposition, and the deposition should only be available for potential use in the *Hancock* matter.[7] In the interest of fairness, the parties in the other actions should not be given another opportunity to question a Bank witness where there is no correlative opportunity for the Bank to depose additional witnesses from the plaintiffs in the other actions. Moreover, expert discovery is concluded in the other MDL cases, and the experts for all parties have formed their conclusions and have been deposed based upon the state of the record in those cases at that time. Allowing additional fact discovery in those cases potentially creates the need to reopen expert discovery in light of new fact discovery.

Finally, substantial fact discovery has already been had in the other MDL cases on the topics set forth in Hancock's 30(b)(6) notice. The Bank has already provided extensive 30(b)(6)

---

[6] On August 21, 2007, the Court ruled that a portion of the document forming the basis for topic one of the Hancock deposition to the Bank was not privileged. *See* Opinion and Order, Doc. 149, *Hartford Life Ins. Co. v. Bank of America Corp., et al.*, Case No. 1:06-cv-03805-LAK (Aug. 21, 2007) (Pitman, J.). However, Hartford had a copy of the document at issue, including the portion the Bank asserted was privileged, since September 2006, but never sought to make use of the document during fact discovery. In fact, Hartford has claimed that it was unaware of the Bank's assertion of privilege as to the document until June 2007 – two months after the close of fact discovery. It was only after the Bank objected to Hartford's use of the document in its expert report that Hartford challenged the Bank's privilege claim. Hartford was the only party to challenge the Bank's claim of privilege, and it did so after the close of fact discovery. Furthermore, Hartford cannot unilaterally reopen fact discovery at this time without leave of the Court, which it has not sought.

[7] *See* Fed. R. Civ. P. 26(c) ("[U]pon a motion by a party or by the person from whom discovery is sought ... the court in the district where the action is pending ... may make any order which justice requires to protect a party ...."); Fed. R. Civ. P. 26(c)(2) and (5) (permitting the Court to limit "that the disclosure or discovery not be had," or that "discovery be conducted with no one present except persons designated by the Court").

3

testimony as to various policies and procedures, including those relating to due diligence, regarding Banc of America Securities,[8] and as to the Cur Holdings transaction.[9] There is no reason why plaintiffs in those cases should be permitted another opportunity to question the Bank on those topics. Indeed, allowing plaintiffs to re-plow old ground frustrates the MDL's purpose of providing increased judicial economy in complex cases.[10]

Accordingly, the Bank requests an Order (i) limiting the examination of the Bank's 30(b)(6) witnesses being presented on October 10 to testify in the *Hancock* matter such that only counsel in that matter may question the witnesses, and (ii) limiting the use of the deposition to the *Hancock* case itself.

---

[8] On February 14, 2007, Bank of America presented Mr. Gregory Johnson to testify as a Rule 30(b)(6) witness regarding Topic 30 of Schedule A of the Rule 30(b)(6) Notice of Deposition served on the Bank in the *Bondi v. Bank of America, et al.* lawsuit, which is part of the *In re Parmalat Securities* MDL. Mr. Johnson testified for several hours regarding, among other things, due diligence practices and procedures used by the private placement group within Banc of America Securities.

[9] On September 28 and 29, 2006, Bank of America presented Mr. Bruce McCormick to testify as a Rule 30(b)(6) witness regarding Topics 41 and 42 of Schedule A of the Rule 30(b)(6) Notice of Deposition served on the Bank in the *Bondi* lawsuit. Mr. McCormick testified at length regarding the Bank's understanding of and participation in the Cur Holdings restructuring transaction, which is the same topic implicated by Topic 2 in Hancock's Rule 30(b)(6) Notice of Deposition.

[10] *See generally* 28 U.S.C. § 1407 (2007); *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 751 (E.D.N.Y. 1984) ("Section 1407 is designed to promote judicial economy and avoid conflict and duplication in discovery by consolidating related actions for pretrial purposes.").

This the 3rd day of October, 2007.

                HELMS MULLISS & WICKER, PLLC

                By: /s/ John H. Cobb
                Peter J. Covington (admitted *pro hac vice*)
                John H. Cobb (admitted *pro hac vice*)
                Mark W. Kinghorn (admitted *pro hac vice*)
                HELMS MULLISS & WICKER, PLLC
                201 North Tryon Street
                Charlotte, North Carolina  28202
                (704) 343-2000
                (704) 343-2300 (fax)

                *Attorneys for Bank of America Corp., Banc of America Securities LLC, and Bank of America, N.A.*

## Certificate of Service

The undersigned hereby certifies that the foregoing Motion for Protective Order was electronically served on all parties registered with the Court's CM/ECF system in this matter.

　　　　　　　　　　/s/ John H. Cobb