# Exhibit C



Helms Mulliss & Wicker, PLLC   *Attorneys at Law*
Charlotte   Raleigh   Wilmington   *www.hmw.com*

**HELMS MULLISS WICKER**

704 343.2196
Fax 704.343.2300
jack cobb@hmw com

201 North Tryon Street
Charlotte, NC 28202
P.O. Box 31247 (28231)
704.343.2000
*f* 704.343.2300

September 17, 2007

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**

Michael Bowen
Joshua Bauchner
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, New York 10019-6799

      Re:  Hartford Life Insurance Company v. Bank of America Corp., et al.

Dear Michael and Josh:

      As you may have seen, the Notice of 30(b)(6) Deposition recently served in the *Hancock* case – the only In re *Parmalat* matter where fact discovery is not closed – was recently cancelled. The deposition therefore will not be going forward on September 18, 2007, the date noticed by Hancock.

      However, we wanted to write to make clear our objection to your September 6, 2007 Notice of Deposition to Bank of America, seeking an additional 30(b)(6) deposition on the following two documents:  (1) Banc of America Securities Debt Capital Markets Due Diligence Policy and Procedures dated March 1, 2002, (BOFA 1843764 - 1843916); and (2) Credit Approval Memorandum Modification dated October 9, 2002, (BOFA 2063474 - 2063527) ("Cur CAM"). We object to your Notice of Deposition and any future such notices for several reasons. First, fact discovery ended in this case in April 2007. You are therefore purporting to notice a fact deposition five months after the close of fact discovery, which is improper.

      Second, as to the first proposed topic, the due diligence policy that was the subject of the Court's August 21, 2007 order regarding attorney-client privilege, this document was produced to you in September 2006 – over a year ago. The entire fact discovery period passed without Hartford seeking a deposition concerning this document. Had Hartford sought a 30(b)(6) deposition concerning the due diligence policy during the fact discovery period, we could have resolved the privilege issue at that time and proceeded according to the Court's direction, within the time allotted for fact discovery. We do not believe that the Court's order in any way re-opens fact discovery.

      Third, there is no basis for your request for a 30(b)(6) deposition concerning item number two, the Cur CAM. Exhibit 2 to your Notice of Deposition includes a number of documents in addition to the Cur CAM, many of which were the subject of testimony by Bruce McCormick, a 30(b)(6) witness

Messrs. Bowen and Bauchner
September 17, 2007
Page 2

for Bank of America. In fact, Mr. McCormick testified extensively concerning the Foods Holdings, Dairy Holdings and Cur transactions. It was Hartford's obligation to direct any of its questions regarding the Cur CAM and related documents to Mr. McCormick at his deposition on that topic.

     In the event that Hancock re-notices a 30(b)(6) deposition on these topics, we wanted to make our view clear that any effort by Hartford to cross notice the deposition or to attempt to pose questions of the witness is improper.

                                    Sincerely,

                                    HELMS MULLISS & WICKER, PLLC

                                  John H. Cobb