# Exhibit D

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

WRITER'S DIRECT DIAL NUMBER
(212) 506-1952

ATLANTA
HOUSTON
NEWARK
SAN FRANCISCO

October 2, 2007

*Via Email and U.S. Mail*

John H. Cobb, Esq.
Helms Mulliss & Wicker, PLLC
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202

  Re: *Hartford Life Insurance Company v. Bank of America Corp., et al.*
    Case No.: 06-CV-3805

Dear Jack:

  I write further to our phone conversation earlier today regarding the Rule 30(b)(6) deposition noticed by Hartford Life Insurance Company ("Hartford Life") for October 10, 2007. It is my understanding that you intend to seek a protective order precluding Hartford Life and the other parties to the Multidistrict Proceeding (with the exception of plaintiff John Hancock Life Insurance Company ("John Hancock")) from examining the deponent. I want to ensure you understand our position: we intend to depose this 30(b)(6) witness on one document only, the "Overview of the Due Diligence Process in Capital Markets" (the "Slide Show") (BOFA-1843869-3916). Because defendants had erroneously asserted a now-debunked privilege that wrongfully prevented Hartford Life from questioning defendants' witnesses about this document, and because there is no burden or prejudice to the defendants which must produce the witness in any event in the John Hancock action, our view is the defendants have no grounds to object.

  As you well know, defendants Bank of America Corp., Bank of America, N.A., and Banc of America Securities LLC (collectively the "Bank") argued that this document was protected by the attorney-client privilege. Hartford Life disagreed with the Bank's assertion of privilege and the parties litigated the issue. On August 21, 2007, after the close of fact discovery in the Hartford Life case, the Court determined that the Slide Show was not, in fact, privileged. However, Hartford Life never had the opportunity to examine a Bank witness regarding the document.

  It is our understanding that counsel for John Hancock is taking the lead in examining the Bank witness. However, we plan to attend the deposition, as that testimony is clearly admissible

1

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

in the Hartford Life action as, among other bases, admissions of a party opponent. Although we may elect not to examine the witness at the deposition if the attorneys for John Hancock exhaustively cover the questions relating to the Slide Show, we reserve our right to do so. In any event, our attendance and/or examination will obviously not be any burden or inconvenience to, or otherwise prejudice, the Bank. By contrast, denying Hartford Life the opportunity to attend and examine the witness concerning the Slide Show will unfairly and improperly prejudice Hartford Life in pursuing its case.

Please feel free to contact us with any questions.

Very truly yours,

Joshua S. Bauchner

cc: Counsel of record (by email)

2