# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION<br><br>This document relates to: 1:07-03790 | MASTER DOCKET<br><br>04 MD 1653 (LAK) |
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and JOHN HANCOCK INSURANCE COMPANY OF VERMONT,<br><br>    Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, a Delaware Corporation; BANK OF AMERICA, N.A., a National Banking Association; and BANC OF AMERICA SECURITIES LLC, a Delaware limited liability company,<br><br>    Defendants. | CIVIL ACTION NO. 07-CV-03790<br><br>MOTION FOR LEAVE TO FILE REPLY<br><br>AND<br><br>[PROPOSED] REPLY IN SUPPORT OF BANK OF AMERICA'S MOTION FOR PROTECTIVE ORDER |

Defendants Bank of America Corporation, Bank of America N.A. and Banc of America Securities LLC (collectively "Bank of America" or the "Bank") respectfully move this Court for leave to reply to Hartford Life Insurance Company's ("Hartford's") Memorandum of Law in Opposition to the Bank's Motion for Protective Order ("Hartford's Opposition") and Dr. Bondi's Opposition to the Bank's Motion for Protective Order ("Bondi's Opposition").

With the Court's permission, the Bank responds to Hartford's Opposition and Bondi's Opposition as follows:

1. Hartford and Bondi's claims that they were deprived of the right to ask questions of the Bank regarding the document titled "Overview of the Due Diligence Process in Capital Markets" (the "Document") during fact discovery is unfounded. Bondi never challenged the Bank's claim of privilege. In Hartford's submission to this Court challenging the Bank's assertion of privilege as to the Document, Hartford admitted that it *did not know* the Bank had declared the Document privileged until June 5, 2007, two months after the close of fact discovery. *See* Letter from Michael Bowen to Hon. Lewis Kaplan dated July 5, 2007, at 4 fn.1 (attached hereto as Exhibit A). Yet, Hartford never sought to use the Document at any depositions of Bank witnesses. Hartford was not "denied the ability" to introduce the Document during fact discovery; it *chose* not to do so, even though it was unaware of the Bank's privilege claim. Neither Hartford nor Bondi should be allowed now, more than six months after the close of fact discovery, to question the Bank's fact witness about a document that they chose not to use (or to challenge) during the dozens of depositions that took place during fact discovery.

2. Likewise, the proper method for challenging a party's claim of privilege as to a document is to file a motion to compel production of the document *during fact discovery*. Neither Hartford nor Bondi nor any other party did so with respect to the Document.

1

3.  Hartford incorrectly represents the Bank's position with respect to other fact depositions in the *Hancock* case. The Bank has objected to the questions posed by parties other than the Bank and Hancock at several *Hancock*-related depositions and is of the view that such participation is improper. The Bank, however, is powerless to *prevent* other parties from asking questions of Hancock's witnesses; that is a decision for Hancock's counsel. Bondi's reference to the use of depositions taken shortly after the fact discovery period (and pursuant to stipulations of the parties) is also misplaced. The Bank has not made use of any deposition testimony given after the close of expert discovery, as Hartford and Bondi seek to do here.

4.  The Bank's submission of its Motion for Protective Order was timely. While Hancock and Hartford first noticed the Bank's 30(b)(6) deposition in early September 2007 – as noted in the Bank's Motion – Hancock withdrew its initial Notice shortly thereafter. Thus, the Bank had no active notice upon which to file its Motion. The Bank filed its Motion for Protective Order on October 3, 2007, one day after Hartford served the amended notice that made the instant motion necessary.

For these reasons, as well as those stated in the Bank's Motion, the Bank requests an Order (i) limiting the examination of the Bank's 30(b)(6) witnesses being presented on October 10 to testify in the *Hancock* matter such that only counsel in that matter may question the witnesses, and (ii) limiting the use of the deposition to the *Hancock* case itself.

This the 8th day of October, 2007.

        HELMS MULLISS & WICKER, PLLC

        By:   /s/ John H. Cobb
        Peter J. Covington (admitted *pro hac vice*)
        John H. Cobb (admitted *pro hac vice*)
        Mark W. Kinghorn (admitted *pro hac vice*)
        HELMS MULLISS & WICKER, PLLC
        201 North Tryon Street
        Charlotte, North Carolina  28202
        (704) 343-2000
        (704) 343-2300 (fax)

*Attorneys for Bank of America Corp., Banc of America Securities LLC, and Bank of America, N.A.*

## Certificate of Service

The undersigned hereby certifies that the foregoing Motion for Leave to File Reply and Proposed Reply in Support of Bank of America's Motion for Protective Order was electronically served on all parties registered with the Court's CM/ECF system in this matter.

                                                                                       /s/ John H. Cobb