Peter J. Covington
John H. Cobb
HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
Charlotte, NC 28202
(704) 343-2000
(704) 343-2300

*Attorneys for Bank of America Corporation, Bank of America, N.A. and Banc of America Securities LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION,<br><br>This document relates to: 07 CV 3790 | MASTER DOCKET<br><br>04 MD 1653 (LAK) |
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and JOHN HANCOCK INSURANCE COMPANY OF VERMONT,<br><br>       Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., and BANC OF AMERICA SECURITIES LLC<br><br>       Defendants. | **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY BY 30(B)(6) WITNESS**<br><br>ELECTRONICALLY FILED |

Defendants, Bank of America Corporation, Bank of America, N.A. and Bank of America Securities LLC (collectively, the "Bank" or "Bank of America"), respectfully move to compel Barclays Bank PLC[1] ("Barclays Bank") and Barclays Capital, Inc. ("Barclays Capital" and, collectively, "Barclays") to comply with discovery requests pursuant to Rule 45 of the Federal Rules of Civil Procedure. This dispute arises out of a lawsuit between Bank of America and the above-captioned Plaintiffs (collectively "Hancock"), who sued the Bank based on their purchase of certain notes issued by Parmalat-related entities, including Parmalat Capital Finance Limited ("PCFL"). Barclays possesses potentially relevant information but has refused to produce it despite being served with valid document and deposition subpoenas.

In August 1998, PCFL issued $500 million of Eurobond notes guaranteed by Parmalat SpA. (Compl. at ¶ 74.) According to the offering circular, the PCFL notes were underwritten by a consortium of international banks led by Barclays. In 2002 the PCFL notes were still not fully subscribed, and Barclays solicited Hancock, which purchased $20 million of the notes. (Compl. at ¶ 76.) In connection with this purchase, Barclays' New York office emailed Hancock the offering circular, and a representative in Barclays Capital's New York office signed and sent a representation and warranty letter to Hancock. (Ex. A to Decl.). In addition to Barclays' role in Hancock's purchase of PCFL notes, Barclays also advised Parmalat in connection with obtaining an investment grade rating from Standard & Poors. Bank of America played no role in Barclays' sale of PCFL notes to Hancock and was unaware of Hancock's purchase. Nevertheless, Hancock has sued the Bank on the PCFL notes purchased from Barclays.

This motion seeks relief from Barclays' refusal to produce documents and a Rule 30(b)(6) witness to testify regarding (i) the PCFL Notes, (ii) Barclays' ratings advisory services to Parmalat, and (iii) Barclays' efforts (if any) to locate responsive documents.

---

[1] Barclays Bank is a global financial service provider with offices worldwide, including in New York, London and Milan. These offices are all part of the entity identified in the subpoena to Barclays Bank.

**Document Subpoenas.** The Bank sent Barclays Bank and Barclays Capital separate subpoenas *duces tecum* ("Document Subpoenas") on June 29, 2007, by certified mail return receipt requested. (Ex. B to Decl.). Counsel for Barclays accepted service on behalf of Barclays Capital. Service was obtained on Barclays Bank through the service of the Document Subpoena on Barclays Bank's appointed agent for service of process, located at 200 Park Ave, NY, NY 10166.[2] The return receipt was signed on behalf of Barclays Bank on July 3, 2007. Barclays Bank never provided written objections or responses to its Document Subpoena. Barclays Capital served responses and objections, indicating it would produce responsive, non-privileged documents. (Ex. E to Decl.).

After several discussions in which Barclays' counsel indicated that Barclays Capital and Barclays Bank were searching for responsive documents, Barclays' counsel wrote the Bank on September 11, 2007, indicating that Barclays Capital had no responsive documents (Ex. F to Decl.), but provided no update as to Barclays Bank. Barclays agreed to continue searching for documents. (Ex. G to Decl.). However, in late September it became apparent from discussions with counsel that Barclays Bank interpreted the subpoena to apply solely to materials in its New York office, thus excluding responsive materials from its other offices, such as London and Milan, that apparently participated in the PCFL offering and the ratings advisory services. (Ex. H to Decl.). To date, and despite numerous requests, Barclays has refused to produce documents or even to search outside of its New York office.

**Deposition Subpoenas.** To obtain substantive testimony and information about Barclays' failure to produce any materials in response to the Document Subpoenas, the Bank noticed 30(b)(6)

---

[2] Barclays Bank has appointed "Barclays Bank, PLC (New York Branch)" located at 200 Park Ave, NY, NY 10166 as its agent for service of process. (Ex. C to Decl.). *See* 17 CFR § 230.489 (2007). Bank of America also sent a copy of the Document Subpoena to counsel for Barclays Bank. In any event, by so doing Bank of America unquestionably obtained service as to Barclays Bank with respect to the Document Subpoena. Fed.R.Civ.P. 4(h); *see Tadco Constr. Corp. v. Peri Framework Sys., Inc.*, 460 F. Supp. 2d 408, 411-12 (E.D.N.Y. 2006); *accord Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 272-73 (1980) (appointment of agent for purposes of service of process need not follow any particular formality and service should be upheld when made in a manner calculated to give fair notice). Proof of service was filed on October 17, 2007. (Ex. D to Decl.).

2

depositions for Barclays Capital and Barclays Bank for October 12, 2007, and served subpoenas and deposition notices ("Deposition Subpoenas") on the individual identified by Barclays' attorney as being authorized to accept service of process on behalf of both entities. The subpoenas were properly served.[3] (Ex. I to Decl.). Barclays Capital and Barclays Bank did not move to quash the subpoenas. Instead, after the close of business on October 11 -- the evening before the deposition was scheduled to commence in New York -- Barclays informed the Bank that it would not present a witness. The deposition was convened as noticed, and Barclays in fact failed to produce a witness. (Transcript, Ex. J to Decl.). Late in the day on October 12, counsel for Barclays sent a letter belatedly objecting to the depositions.[4]

Counsel for Bank of America has attempted numerous times to resolve this matter informally and without the Court's intervention, but to no avail. Barclays refuses to search for responsive materials in its London and Milan offices and refuses to provide a Rule 30(b)(6) witness. However, the law is clear that nonparties such as Barclays are obligated to produce documents in their possession, custody, or control, regardless of their location. *Ssangyong Corp. v. Vida Shoes Int'l, Inc.*, 2004 U.S. Dist. LEXIS 9101, 4-5 (S.D.N.Y. 2004) (citing Fed.R.Civ.P. 45(a)(1)(C)).[5] In *Ssangyong*, Plaintiff sought documents from the Hong Kong office of Shanghai Commercial Bank, Ltd. ("SCB") by serving a subpoena on SCB's New York office. The court enforced the subpoena and required production of the Hong Kong materials, ruling that "the production of documents may not be resisted merely because the documents are located abroad." *Id. See also Matter of Marc Rich & Co., A.G.*, 707 F.2d 663, 667 (2d Cir. 1983). As explained in *Ssangyong*, "control" does "not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party

---

[3] Barclays' counsel identified Carolina deOnis at the same address that the Bank previously served the Document Subpoenas.
[4] Prior to this letter, Barclays Bank never objected to the Document Subpoena or Deposition Subpoena, and Barclays Capital had not objected to the Deposition Subpoena.
[5] *See also U.S. v. First Nat. City Bank*, 396 F.2d 897, 901 (2nd Cir. 1968); *United States v. Chase Manhattan Bank, N.A.*, 584 F. Supp. 1080, 1081 (S.D.N.Y. 1984).

3

has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Ssangyong*, 2004 U.S. Dist. LEXIS 9101, at *10; *see also United States v. Stein*, 488 F. Supp. 2d 350, 361 (S.D.N.Y. 2007) (Kaplan, J.) (noting that "the term control is broadly construed") (citations omitted).

Likewise, Barclays is obligated to search for and to produce responsive documents from all its offices. In fact, Barclays has no basis[6] for arguing that documents outside of the United States yet belonging to its same or related entity are outside of its "custody or control" and therefore exempt from production.[7] Barclays should not be allowed to ignore its discovery obligations. Further, given the failure by Barclays Bank to make *any* response to the Document Subpoena and the Deposition Subpoena, and the failure by Barclays Capital to timely respond to the Deposition Subpoena, Barclays has waived any objection to these subpoenas. *See United States v. IBM Corp.*, 70 F.R.D. 700, 702 (S.D.N.Y. 1976) (failure to serve written objections to a subpoena within the time specified by Rule 45 constitutes a waiver of such objections).

It is undisputed that Bank of America has been, and continues to be, prejudiced by Barclays' refusal to produce relevant documents. In addition, Barclays' obstructive conduct caused counsel for the Bank (and Hancock) to travel to New York to convene the 30(b)(6) deposition at which Barclays failed to appear, thereby incurring travel expense and inconvenience. For these reasons, the Bank respectfully requests that this Court require Barclays (i) to produce all responsive documents and a witness(es) by no later than the last day for fact discovery, which is October 25th, 2007 and (ii) tax Barclays with the costs of the court reporting service and the travel expenses incurred by the Bank's counsel.[8]

---

[6] Any reliance Barclays may place on the "separate entity rule" as a way to avoid discovery is entirely misplaced because that rule is limited to attachment of accounts in other bank branches, *not* responses to document and deposition subpoenas. *See Motorola Credit Corp. v. Uzan*, 288 F. Supp. 2d 558 (S.D.N.Y. 2003). In any event, having failed to object to the subpoenas, Barclays should not now be heard to complain about them.
[7] The control test is the same for parties and non parties. *See Alcan Int'l Ltd. v. S.A. Day Mfg. Co., Inc.*, 176 F.R.D. 75, 78 (W.D.N.Y. 1996).
[8] Pursuant to S.D.N.Y. local rule 37.2, the Bank requests an informal conference with the Court on this matter. Furthermore, if the production of responsive documents and a knowledgeable 30(b)(6) witness requires time beyond the October 25 cutoff, the Bank respectfully requests that the Court allow discovery to remain open for the limited purpose of obtaining Barclays' compliance with the subpoenas.

This, the 17th day of October, 2007.

By:   /s/ John H. Cobb
Peter J. Covington (admitted *pro hac vice*)
John H. Cobb (admitted *pro hac vice*)
William C. Mayberry (admitted *pro hac vice*)
Grant D. Goldenberg (admitted *pro hac vice*)
Angie H. Zimmern (AZ-6953)

HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
Charlotte, NC 28202
Telephone: (704) 343-2000
Facsimile: (704) 343-2300

*Attorneys for Defendants Bank of America Corporation, Banc of America Securities LLC, and Bank of America, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Defendants' Motion to Compel was electronically served upon all parties registered with the Court's CM/ECF system in this matter and both electronically and via certified mail on non-parties Barclays Bank PLC and Barclays Capital, Inc. at the address listed below:

Russell W. Jacobs
Hughes Hubbard
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6738
jacobsr@HughesHubbard.com
*Attorneys for Barclays Bank PLC and Barclays Capital, Inc.*

Carolina deOnis
Barclays Bank, PLC
200 Park Avenue
New York, NY 10166

Carolina deOnis
Barclays Capital, Inc.
200 Park Avenue
New York, NY 10166

This, the 17th day of October, 2007.

/s/ John H. Cobb
John H. Cobb