**HELMS MULLISS WICKER**

Helms Mulliss & Wicker, PLLC   *Attorneys at Law*
Charlotte   Raleigh   Wilmington   *www.hmw.com*

Joshua D. Davey

704.343.2062
Fax  704.805.5019
joshua.davey@hmw.com

201 North Tryon Street
Charlotte, NC 28202
P.O. Box 31247 (28231)
704.343.2000
*f* 704.343.2300

June 29, 2007

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Barclays Capital, Inc.
Attn:  Legal Department
200 Park Avenue
New York, NY 10166

Re: <u>In re Parmalat Securities Litigation</u>, Master Docket 04-MD-1653 (LAK), Docket No. 1:07-03790

Dear Sir or Madam:

We represent Bank of America Corporation, Bank of America Securities, LLC and Bank of America N.A. in the above-captioned matter.

We enclose and serve upon you a subpoena *duces tecum* requiring the production of documents described therein by July 20, 2007.

Very truly yours,

HELMS MULLISS & WICKER, PLLC

Joshua D. Davey

JDD/mej

Enclosure(s)

cc:    John H. Cobb, Esq.
       William C. Mayberry, Esq.

C864657.2
C864657.2

# HELMS MULLISS WICKER

Helms Mulliss & Wicker, PLLC    *Attorneys at Law*
Charlotte    Raleigh    Wilmington    *www.hmw.com*

Joshua D. Davey

704.343.2062
Fax 704.805.5019
joshua.davey@hmw.com

201 North Tryon Street
Charlotte, NC 28202
P.O. Box 31247 (28231)
704.343.2000
*f* 704.343.2300

June 29, 2007

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Barclays Capital, Inc.
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

Re: <u>In re Parmalat Securities Litigation</u>, Master Docket 04-MD-1653 (LAK), Docket No. 1:07-03790

Dear Sir or Madam:

We represent Bank of America Corporation, Bank of America Securities, LLC and Bank of America N.A. in the above-captioned matter.

We enclose and serve upon you a subpoena *duces tecum* requiring Barclays Capital, Inc. to produce the documents described therein by July 20, 2007.

Very truly yours,

HELMS MULLISS & WICKER, PLLC

Joshua D. Davey

JDD/mej

Enclosure(s)

cc:    John H. Cobb, Esq.
       William C. Mayberry, Esq.

C864695.1

**HELMS MULLISS WICKER**

Helms Mulliss & Wicker, PLLC    *Attorneys at Law*
Charlotte    Raleigh    Wilmington    *www.hmw.com*

Joshua D. Davey

704.343.2062
Fax  704.805.5019
joshua.davey@hmw.com

201 North Tryon Street
Charlotte, NC  28202
P.O. Box 31247 (28231)
704.343.2000
*f* 704.343.2300

June 29, 2007

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Barclays Bank, PLC
Attn: Legal Department
200 Park Avenue
New York, NY 10166

Re: In re Parmalat Securities Litigation, Master Docket 04-MD-1653 (LAK), Docket No. 1:07-03790

Dear Sir or Madam:

    We represent Bank of America Corporation, Bank of America Securities, LLC and Bank of America N.A. in the above-captioned matter.

    We enclose and serve upon you a subpoena *duces tecum* requiring the production of documents described therein by July 20, 2007.

                    Very truly yours,

                    HELMS MULLISS & WICKER, PLLC

                    Joshua D. Davey

JDD/mej

Enclosure(s)

cc:    John H. Cobb, Esq.
       William C. Mayberry, Esq.

C864656.2

Helms Mulliss & Wicker, PLLC    *Attorneys at Law*
Charlotte    Raleigh    Wilmington    *www.hmw.com*

# HELMS MULLISS WICKER

Joshua D. Davey

704.343.2062
Fax 704.805.5019
joshua.davey@hmw.com

201 North Tryon Street
Charlotte, NC 28202
P.O. Box 31247 (28231)
704.343.2000
ƒ 704.343.2300

June 29, 2007

VIA FEDERAL EXPRESS

Russell W. Jacobs, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

Re: In re Parmalat Securities Litigation, Master Docket 04-MD-1653 (LAK), Docket No. 1:07-03790

Dear Mr. Jacobs,

We represent Bank of America Corporation, Bank of America Securities, LLC and Bank of America N.A. in the above-captioned matter.

Enclosed please find courtesy copies of subpoenas *duces tecum* served on Barclays Capital, Inc. and Barclays Bank PLC. Please let me know if you are able to accept service.

Very truly yours,

HELMS MULLISS & WICKER, PLLC

Joshua D. Davey

JDD/mej

Enclosure(s)

cc:    John H. Cobb, Esq.
       William C. Mayberry, Esq.

C864658.2

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

In re PARMALAT SECURITIES LITIGATION
(This document relates to 1:07-03790)

**V.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   04 MD 1653 (LAK)

TO:      Barclays Bank PLC
         200 Park Avenue
         New York, NY 10166

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE "SCHEDULE A" ATTACHED HERETO.

| PLACE | DATE AND TIME |
|---|---|
| Helms Mulliss & Wicker, PLLC, 201 North Tryon Street, Charlotte, NC 28202 | July 20, 2007 |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/29/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew J. Hoefling, Esq., Helms Mulliss & Wicker, PLLC
P.O. Box 31247, Charlotte, NC 28231          For Inquiries, please call: (704) 343-2054

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If the objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i)  fails to allow reasonable time for compliance;
        (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv)  subjects a person to undue burden.
    (B) If a subpoena
        (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assumes that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from who discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

This subpoena requires the production of the documents described herein. The requests are to be responded to in accordance with the following Definitions and Instructions.

## DEFINITIONS

For purposes of this Request, the following definitions shall apply:

1.      Pursuant to the April 19, 2007 conditional transfer order issued by the Judicial Panel on Multidistrict Litigation and filed with this Court on May 15, 2007, Bank of America adopts and incorporates by reference the uniform definitions for discovery requests as specified by Local Civil Rule 26.3 of the Southern and Eastern Districts of New York.

2.      The term "Bank of America" refers to Bank of America Corporation, Banc of America Securities LLC, and Bank of America, N.A., including any present or former officers, directors, partners, managers, members, employees, predecessors, or successors.

3.      The term "Plaintiffs" refers to John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and John Hancock Insurance Company of Vermont, including any present or former officers, directors, partners, managers, members, employees, predecessors, successors, corporate parents, subsidiaries, affiliates, or agents.

4.      The terms "you" and "your" refers to Barclays Capital, Inc. and/or Barclays Bank PLC, and it shall include any and all of their predecessors and successors, parents, consolidated and unconsolidated subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, partners, employees, representatives, attorneys and agents, any anyone else acting on its behalf or under their direction and control.

5.      The term "Parmalat" refers to Parmalat Finanziaria S.p.A., Parmalat S.p.A., and their subsidiaries or affiliates, and any of their present or former officers, directors,

partners, employees, predecessors, successors, corporate parents, subsidiaries or affiliates, whether or not they are under Extraordinary Administration.

6.    The term "Parmalat Capital Finance Limited Notes" refers to the notes which are the subject of the offering circular attached hereto as Exhibit 1.

7.    The term "including" shall mean including without limitation. "Including" should not be read to restrict or limit the scope of a particular document request in any way.  Rather, it provides an example of a responsive document or category of responsive documents.

8.    The terms "relate to," "relating to," and "regarding" mean directly or indirectly mentioning, concerning, referring, constituting, identifying, discussing, describing, supporting or refuting, pertaining to or being connected with, a stated subject matter.

9.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), as defined in Local Rule 26.3 of the Southern and Eastern Districts of New York, and includes but is not limited to emails, letters, memoranda, facsimiles, and Plaintiff's internal communications.

10.    The term "due diligence" means investigation, research, analysis, evaluation, verification, vetting, or review by you or on your behalf of any information related to Parmalat's creditworthiness, financial condition, ability to repay debts, profitability, solvency, management, or operations.  Such information would include, but is not limited to, Parmalat's financial statements, audit reports and credit ratings.

## INSTRUCTIONS

1.    Each request for documents seeks production of all documents described therein and all attachments thereto, and any file or other folders in which such documents are

stored or filed in the ordinary course of business that are in your possession, custody or control.

2.      If files are maintained in a manner that indicates the person who created and/or has administrative control over the particular files, indicate the person who is the custodian of the file and, if known, the originator of that file.

3.      For all responsive documents or information that exist in electronic form, produce such documents in electronic form in their native software format with each software application used to create the Documents identified.  For electronically stored documents or information created or viewable by software that is propriety or otherwise inaccessible to Bank of America, Bank of America reserves the right to request that such electronically stored documents or information be produced in another format reasonably accessible to Bank of America.

4.      In answering these Requests, please restate each Request in full before stating your response thereto.

5.      If a Request cannot be responded to in full, respond to the extent possible, specify the reason for your inability to respond to the remainder, and produce all documents regarding the responded-to portion.

6.      In construing these Requests, (i) masculine, feminine or neutral pronouns shall not exclude other genders; and (ii) the present tense includes the past and future tenses, and the past tense includes the present and future tenses so as to bring within the scope of these Requests any documents that might otherwise be construed to be outside their scope.

7.      If you are withholding a document under claim of privilege (including the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including (i) the type, general subject matter, and date of any such document, and (ii) such other

information as is sufficient to identify the document including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable Bank of America to assess the applicability of the privilege or protection claimed by you.

8.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, and the date of the redaction or alteration. Any redaction must be clearly visible on the redacted document.

9.    For each document responsive to a Request that is withheld on grounds other than privilege, state in detail the basis for the failure to produce the document.

10.    You shall either (a) organize and segregate the documents you produce according to the specific numbered Requests listed below to which the documents are primarily responsive, or (b) produce the documents in the order they are kept in the normal course of business in your files; but in either case, you shall identify the source of each document.

11.    You shall produce all documents requested below that are within your custody or control, including documents within the custody or control of your present or former accountants, representatives, consultants, agents, officers, directors, employees, investigators, or anyone else acting on your behalf.

12.    This Request shall be deemed continuing, so as to require further and

supplemental production if additional documents called for by this Request are obtained between the time of initial production and the time of trial.

13.    If no documents are produced in response to any specific request, please so indicate in the response.

14.    You do not need to produce duplicate documents from the same file. However, to the extent that different files (e.g., the working files of different employees, or storage files of different office locations) have duplicate versions of the same document, you should produce duplicate versions so as to demonstrate the presence of the document in each of those files.

15.    The adjectives "any" and "all," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.    If any document has been destroyed and would have provided information responsive to this Request, please identify such document and state the circumstances of the destruction of each such document including the identity of the person who actually destroyed the document, the identity of any person who ordered or directed its destruction, the date and location of its destruction, and any policy or procedure which you contend relates to, allows, compels, or explains such destruction.

17.    Unless otherwise indicated, this Request covers documents dated, created, accessed, modified, distributed, sent or received on or after January 1, 1994 through January 1, 2004 (the "Relevant Period").

## DOCUMENTS TO BE PRODUCED

1.    All documents or communications that relate in any way to the issuance of the Parmalat Capital Finance Limited Notes.  Such documents and communications should include, but not be limited to, transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way to Bank of America.

2.    All documents or communications that relate in any way to your underwriting of the Parmalat Capital Finance Limited Notes in August 1998.

3.    All documents or communications that relate in any way to due diligence you conducted relating to Parmalat.

4.    All documents or communications that relate in any way to any efforts you made to market or sell any Parmalat Capital Finance Limited Notes owned by you at any time during the Relevant Period.

5.    All documents or communications that relate in any way to the transaction in December 2002 in which you sold Plaintiffs $25 million face amount of Parmalat Capital Finance Limited Notes.  Such documents and communications should include, but not be limited to, transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way to Bank of America.

6.      All documents or communications that relate in any way to your representation of Parmalat, or any advice or other services you provided to Parmalat, relating to Parmalat's credit rating with Standard & Poors or any other credit rating agency or organization.

7.      All documents or communications that relate in any way to Parmalat's finances or creditworthiness during the relevant period.

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

In re PARMALAT SECURITIES LITIGATION
(This document relates to 1:07-03790)

v.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  04 MD 1653 (LAK)

TO:     Barclays Capital, Inc.
        200 Park Avenue
        New York, NY 10166

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE "SCHEDULE A" ATTACHED HERETO.

| PLACE | DATE AND TIME |
|---|---|
| Helms Mulliss & Wicker, PLLC, 201 North Tryon Street, Charlotte, NC 28202 | July 20, 2007 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/29/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew J. Hoefling, Esq., Helms Mulliss & Wicker, PLLC
P.O. Box 31247, Charlotte, NC 28231          For Inquiries, please call: (704) 343-2054

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If the objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from who discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

This subpoena requires the production of the documents described herein. The requests are to be responded to in accordance with the following Definitions and Instructions.

## DEFINITIONS

For purposes of this Request, the following definitions shall apply:

1.      Pursuant to the April 19, 2007 conditional transfer order issued by the Judicial Panel on Multidistrict Litigation and filed with this Court on May 15, 2007, Bank of America adopts and incorporates by reference the uniform definitions for discovery requests as specified by Local Civil Rule 26.3 of the Southern and Eastern Districts of New York.

2.      The term "Bank of America" refers to Bank of America Corporation, Banc of America Securities LLC, and Bank of America, N.A., including any present or former officers, directors, partners, managers, members, employees, predecessors, or successors.

3.      The term "Plaintiffs" refers to John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and John Hancock Insurance Company of Vermont, including any present or former officers, directors, partners, managers, members, employees, predecessors, successors, corporate parents, subsidiaries, affiliates, or agents.

4.      The terms "you" and "your" refers to Barclays Capital, Inc. and/or Barclays Bank PLC, and it shall include any and all of their predecessors and successors, parents, consolidated and unconsolidated subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, partners, employees, representatives, attorneys and agents, any anyone else acting on its behalf or under their direction and control.

5.      The term "Parmalat" refers to Parmalat Finanziaria S.p.A., Parmalat S.p.A., and their subsidiaries or affiliates, and any of their present or former officers, directors,

partners, employees, predecessors, successors, corporate parents, subsidiaries or affiliates, whether or not they are under Extraordinary Administration.

6.     The term "Parmalat Capital Finance Limited Notes" refers to the notes which are the subject of the offering circular attached hereto as Exhibit 1.

7.     The term "including" shall mean including without limitation. "Including" should not be read to restrict or limit the scope of a particular document request in any way.  Rather, it provides an example of a responsive document or category of responsive documents.

8.     The terms "relate to," "relating to," and "regarding" mean directly or indirectly mentioning, concerning, referring, constituting, identifying, discussing, describing, supporting or refuting, pertaining to or being connected with, a stated subject matter.

9.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), as defined in Local Rule 26.3 of the Southern and Eastern Districts of New York, and includes but is not limited to emails, letters, memoranda, facsimiles, and Plaintiff's internal communications.

10.     The term "due diligence" means investigation, research, analysis, evaluation, verification, vetting, or review by you or on your behalf of any information related to Parmalat's creditworthiness, financial condition, ability to repay debts, profitability, solvency, management, or operations.  Such information would include, but is not limited to, Parmalat's financial statements, audit reports and credit ratings.

## INSTRUCTIONS

1.     Each request for documents seeks production of all documents described therein and all attachments thereto, and any file or other folders in which such documents are

stored or filed in the ordinary course of business that are in your possession, custody or control.

2.     If files are maintained in a manner that indicates the person who created and/or has administrative control over the particular files, indicate the person who is the custodian of the file and, if known, the originator of that file.

3.     For all responsive documents or information that exist in electronic form, produce such documents in electronic form in their native software format with each software application used to create the Documents identified.  For electronically stored documents or information created or viewable by software that is propriety or otherwise inaccessible to Bank of America, Bank of America reserves the right to request that such electronically stored documents or information be produced in another format reasonably accessible to Bank of America.

4.     In answering these Requests, please restate each Request in full before stating your response thereto.

5.     If a Request cannot be responded to in full, respond to the extent possible, specify the reason for your inability to respond to the remainder, and produce all documents regarding the responded-to portion.

6.     In construing these Requests, (i) masculine, feminine or neutral pronouns shall not exclude other genders; and (ii) the present tense includes the past and future tenses, and the past tense includes the present and future tenses so as to bring within the scope of these Requests any documents that might otherwise be construed to be outside their scope.

7.     If you are withholding a document under claim of privilege (including the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including (i) the type, general subject matter, and date of any such document, and (ii) such other

information as is sufficient to identify the document including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable Bank of America to assess the applicability of the privilege or protection claimed by you.

8.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, and the date of the redaction or alteration. Any redaction must be clearly visible on the redacted document.

9.    For each document responsive to a Request that is withheld on grounds other than privilege, state in detail the basis for the failure to produce the document.

10.    You shall either (a) organize and segregate the documents you produce according to the specific numbered Requests listed below to which the documents are primarily responsive, or (b) produce the documents in the order they are kept in the normal course of business in your files; but in either case, you shall identify the source of each document.

11.    You shall produce all documents requested below that are within your custody or control, including documents within the custody or control of your present or former accountants, representatives, consultants, agents, officers, directors, employees, investigators, or anyone else acting on your behalf.

12.    This Request shall be deemed continuing, so as to require further and

supplemental production if additional documents called for by this Request are obtained between the time of initial production and the time of trial.

13.    If no documents are produced in response to any specific request, please so indicate in the response.

14.    You do not need to produce duplicate documents from the same file. However, to the extent that different files (e.g., the working files of different employees, or storage files of different office locations) have duplicate versions of the same document, you should produce duplicate versions so as to demonstrate the presence of the document in each of those files.

15.    The adjectives "any" and "all," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.    If any document has been destroyed and would have provided information responsive to this Request, please identify such document and state the circumstances of the destruction of each such document including the identity of the person who actually destroyed the document, the identity of any person who ordered or directed its destruction, the date and location of its destruction, and any policy or procedure which you contend relates to, allows, compels, or explains such destruction.

17.    Unless otherwise indicated, this Request covers documents dated, created, accessed, modified, distributed, sent or received on or after January 1, 1994 through January 1, 2004 (the "Relevant Period").

## DOCUMENTS TO BE PRODUCED

1. All documents or communications that relate in any way to the issuance of the Parmalat Capital Finance Limited Notes. Such documents and communications should include, but not be limited to, transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way to Bank of America.

2. All documents or communications that relate in any way to your underwriting of the Parmalat Capital Finance Limited Notes in August 1998.

3. All documents or communications that relate in any way to due diligence you conducted relating to Parmalat.

4. All documents or communications that relate in any way to any efforts you made to market or sell any Parmalat Capital Finance Limited Notes owned by you at any time during the Relevant Period.

5. All documents or communications that relate in any way to the transaction in December 2002 in which you sold Plaintiffs $25 million face amount of Parmalat Capital Finance Limited Notes. Such documents and communications should include, but not be limited to, transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way to Bank of America.

6.    All documents or communications that relate in any way to your representation of Parmalat, or any advice or other services you provided to Parmalat, relating to Parmalat's credit rating with Standard & Poors or any other credit rating agency or organization.

7.    All documents or communications that relate in any way to Parmalat's finances or creditworthiness during the relevant period.