UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION<br>(This document relates to 1:07-03790) | 04 MD 1653 (LAK) |

**RESPONSES AND OBJECTIONS TO SUBPOENA
BY NON-PARTY BARCLAYS CAPITAL, INC.**

Barclays Capital, Inc. ("Barclays"), by and through its undersigned attorneys, Hughes Hubbard & Reed LLP, submits these responses and objections ("Responses") to the subpoena (the "Subpoena") dated June 29, 2007, served by Bank of America Corporation, Bank of America Securities, LLC, and Bank of America N.A., by and through their attorneys, Helms Mulliss & Wicker, PLLC, demanding the production of documents and communications by July 20, 2007.

**GENERAL OBJECTIONS**

1.      Barclays objects to the Subpoena to the extent it seeks documents and communications other than documents and communications obtainable as a result of a duly diligent search of reasonably accessible documents and communications.

2.      Barclays objects to the Subpoena on the grounds that it imposes undue burden and expense on Barclays, which is not a party to this litigation, contrary to Federal Rule of Civil Procedure 45(c)(1).

3.      Barclays objects to the Subpoena to the extent it seeks documents or communications protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection. Inadvertent production of privileged documents or

NY 1173062_1 DOC

communications shall not constitute a waiver of any privilege or any other ground for objection to discovery, nor shall such inadvertent production waive Barclays's rights to object to the use of any such documents or communications during this or any related or subsequent proceeding.

4. Barclays objects to the Subpoena to the extent that it seeks the production of documents and communications that contain confidential information, including sensitive, commercial or proprietary information and trade secrets or information otherwise protected from disclosure pursuant to applicable law.

5. Barclays objects to the Subpoena to the extent it seeks to impose obligations or requirements on Barclays that are inconsistent with, additional to, or different from those set forth in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern and Eastern Districts of New York or other applicable rule or law.

6. Barclays objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and unduly burdensome.

7. Barclays objects to the Subpoena to the extent it seeks documents or communications that are irrelevant or immaterial to any claim or defense asserted in this action or not reasonably calculated to lead to the discovery of admissible evidence.

8. Barclays objects to the Subpoena to the extent that it seeks documents or communications that are not within the possession, custody or control of Barclays including, but not limited to, documents and communications from Barclays's "predecessors and successors, parents, consolidated and unconsolidated subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, partners, employees, representatives, attorneys and agents."

9. Barclays objects to the Subpoena on the ground that it is overly broad and unduly burdensome in that it requests documents and communications "dated, created, accessed, modified, distributed, sent or received on or after January 1, 1994 through January 1, 2004," when such time frame is unduly long.

10. Barclays objects to the definition of "Bank of America" as vague, overly broad, and unduly burdensome in that the definition does not specify the identities of "any present or former officers, directors, partners, managers, employees, predecessors, or successors."

11. Barclays objects to the definition of "Plaintiffs" as vague, overly broad, and unduly burdensome in that the definition does not specify the identities of "any present or former officers, directors, partners, managers, members, employees, predecessors, successors, corporate parents, subsidiaries, affiliates, or agents."

12. Barclays objects to the definitions of "you" and "your" as vague, overly broad, and unduly burdensome in that the definitions do not specify the identities of the "predecessors and successors, parents, consolidated and unconsolidated subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, partners, employees, representatives, attorneys and agents, any anyone [sic] else acting on its [sic] behalf or under their direction and control."

13. Barclays objects to the definition of "Parmalat" as vague, overly broad, and unduly burdensome in that the definition does not specify the identities of "their subsidiaries or affiliates, and any of their present or former officers, directors, partners, employees, predecessors, successors, corporate parents, subsidiaries or affiliates."

14. Barclays objects to Instruction No. 1 as vague, unnecessary, and unduly burdensome to the extent it purports to require Barclays to produce all attachments to documents sought in the Subpoena as well as "any file or other folders in which such documents are stored or filed in the ordinary course of business that are in your possession, custody or control."

15. Barclays objects to Instruction No. 2 as vague, unnecessary, and unduly burdensome to the extent it purports to require Barclays to "indicate the person who is the custodian of the file and, if known, the originator of that file."

16. Barclays objects to Instruction No. 3 to the extent it purports to require Barclays to produce or provide access to confidential or proprietary information and software (or other computer applications) and on the ground that it is unduly burdensome to the extent it purports to require Barclays to produce electronically stored documents or information in a "format reasonably accessible to Bank of America."

17. Barclays objects to Instruction No. 10 as vague, unnecessary, and unduly burdensome to the extent it purports to require Barclays to "identify the source of each document."

18. The foregoing objections are referred to collectively hereinafter as Barclays's General Objections.

## GENERAL RESPONSES AND RULES OF CONSTRUCTION

1. The Responses are based on Barclay's present recollection and information and documents currently available. Barclays's investigation of the subject matter of this case is ongoing. Barclays reserves the right to amend or supplement the Responses as permitted under the Federal Rule of Civil Procedure 26(e).

2. Each Response to a specific request is subject and without prejudice to Barclays's General Objections.

3.      Barclays expressly reserves its rights to recover from Bank of America Corporation, Bank of America Securities, LLC, and Bank of America N.A. its reasonable expenses incurred in responding to the Subpoena as set forth in Federal Rule of Civil Procedure 45(c)(1).

4.      Barclays's failure to object to the Subpoena on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at a later time.

5.      With respect to any documents and communications that Barclays may produce in response to the Subpoena, Barclays does not waive, and specifically preserves, its right to object to the relevance, materiality, authenticity and/or the admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

## RESPONSES TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All documents or communications that relate in any way to the issuance of the Parmalat Capital Finance Limited Notes. Such documents and communications should include, but not be limited to, transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way to Bank of America.

### RESPONSE TO REQUEST NO. 1:

Barclays objects to Request No. 1 on the specific grounds, in addition to Barclays's General Objections, that it is confusing, vague, overly broad and unduly burdensome in that "transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way

5

3. Barclays expressly reserves its rights to recover from Bank of America Corporation, Bank of America Securities, LLC, and Bank of America N.A. its reasonable expenses incurred in responding to the Subpoena as set forth in Federal Rule of Civil Procedure 45(c)(1).

4. Barclays's failure to object to the Subpoena on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at a later time.

5. With respect to any documents and communications that Barclays may produce in response to the Subpoena, Barclays does not waive, and specifically preserves, its right to object to the relevance, materiality, authenticity and/or the admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

## RESPONSES TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All documents or communications that relate in any way to the issuance of the Parmalat Capital Finance Limited Notes. Such documents and communications should include, but not be limited to, transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way to Bank of America.

### RESPONSE TO REQUEST NO. 1:

Barclays objects to Request No. 1 on the specific grounds, in addition to Barclays's General Objections, that it is confusing, vague, overly broad and unduly burdensome in that "transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way

to Bank of America" may have no relation to the instant matter or the notes in question. Subject to and without waiving its objections, Barclays will produce documents and communications responsive to Request No. 1, if there are any.

**REQUEST NO. 2:**

All documents and communications that relate in any way to your underwriting of the Parmalat Capital Finance Limited Notes in August 1998.

**RESPONSE TO REQUEST NO. 2:**

Barclays objects to Request No. 2 on the specific grounds, in addition to Barclays's General Objections, that it is vague, overly broad and unduly burdensome in that "documents and communications that relate in any way to your underwriting of the Parmalat Capital Finance Limited Notes in August 1998" may have no relation to the instant matter. Subject to and without waiving its objections, Barclays will produce documents and communications responsive to Request No. 2, if there are any.

**REQUEST NO. 3:**

All documents and communications that relate in any way to due diligence you conducted relating to Parmalat.

**RESPONSE TO REQUEST NO. 3:**

Barclays objects to Request No. 3 on the specific grounds, in addition to Barclays's General Objections, that it is vague, overly broad and unduly burdensome in that "documents and communications that relate in any way to due diligence you conducted relating to Parmalat" may have no relation to the instant matter. Subject to and without waiving its objections, Barclays will produce documents and communications responsive to Request No. 3, if there are any.

**REQUEST NO. 4:**

All documents and communications that relate in any way to any efforts you made to market or sell any Parmalat Capital Finance Limited Notes owned by you at any time during the Relevant Period.

**RESPONSE TO REQUEST NO. 4:**

Barclays objects to Request No. 4 on the specific grounds, in addition to Barclays's General Objections, that it is vague, overly broad and unduly burdensome in that "documents and communications that relate in any way to any efforts you made to market or sell any Parmalat Capital Finance Limited Notes owned by you at any time during the Relevant Period" may have no relation to the instant matter, and that it is duplicative of Request No. 1. Subject to and without waiving its objections, Barclays will produce documents and communications responsive to Request No. 4, if there are any.

**REQUEST NO. 5:**

All documents and communications that relate in any way to the transaction in December 2002 in which you sold Plaintiffs $25 million face amount of Parmalat Capital Finance Limited Notes. Such documents and communications should include, but not be limited to, transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way to Bank of America.

**RESPONSE TO REQUEST NO. 5:**

Barclays objects to Request No. 5 on the specific grounds, in addition to Barclays's General Objections, that it is confusing, vague, overly broad and unduly burdensome in that "transaction documents, any solicitation that you made of Plaintiffs, communications with Plaintiffs, communications regarding the finances or creditworthiness of Parmalat, communications with Parmalat, any due diligence you conducted relating to Parmalat, any information about Parmalat or any of its related entities, and any documents related in any way to Bank of America may have no relation to the instant matter or the notes in question," and that

it is duplicative of Requests Nos. 1 and 4. Subject to and without waiving its objections, Barclays will produce documents and communications responsive to Request No. 5, if there are any.

**REQUEST NO. 6:**

All documents and communications that relate in any way to your representation of Parmalat, or any advice or other services you provided to Parmalat, relating to Parmalat's credit rating with Standard & Poors or any other credit rating agency or organization.

**RESPONSE TO REQUEST NO. 6:**

Barclays objects to Request No. 6 on the specific grounds, in addition to Barclays's General Objections, that it is vague, overly broad and unduly burdensome in that "documents and communications that relate in any way to your representation of Parmalat, or any advice or other services you provided to Parmalat, relating to Parmalat's credit rating with Standard & Poors or any other credit rating agency or organization" may have no relation to the instant matter, and the phrases "your representation of Parmalat" and "any other credit rating agency or organization" are undefined. Subject to and without waiving its objections, Barclays will produce documents and communications responsive to Request No. 6, if there are any.

**REQUEST NO. 7:**

All documents and communications that relate in any way to Parmalat's finances or creditworthiness during the relevant period.

**RESPONSE TO REQUEST NO. 7:**

Barclays objects to Request No. 7 on the specific ground, in addition to Barclays's General Objections, that it is vague, overly broad and unduly burdensome in that "documents and communications that relate in any way to Parmalat's finances or creditworthiness during the relevant period" may have no relation to the instant matter and such phrase is undefined. Subject

to and without waiving its objections, Barclays will produce documents and communications responsive to Request No. 7, if there are any.

Dated: July 13, 2007

                                    HUGHES HUBBARD & REED LLP

                                    */s/ Russell W. Jacobs*
                                    By:    Russell W. Jacobs
                                    One Battery Park Plaza
                                    New York, New York 10004-1482
                                    Telephone: (212) 837-6000

                                    Attorneys for Non-Party
                                    Barclays Capital, Inc.

NY 1173062_1.DOC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION<br>(This document relates to 1:07-03790) | 04 MD 1653 (LAK) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July 2007 the foregoing RESPONSES AND OBJECTIONS TO SUBPOENA BY NON-PARTY BARCLAYS CAPITAL, INC. was served via Federal Express on the following:

>Joshua D. Davey, Esq.
>Helms Mulliss & Wicker, PLLC
>201 North Tryon Street
>Charlotte, NC  28202
>
>*Attorneys for Bank of America Corporation, Bank of America Securities, LLC, and Bank of America N.A.*

_____
Russell W. Jacobs

NY 1173062_1.DOC