

Helms Mulliss & Wicker, PLLC   Attorneys at Law
Charlotte   Raleigh   Wilmington   www.hmw.com



HELMS MULLISS WICKER

704.343.2338
Fax  704.444.8747
grant.goldenberg@hmw.com

201 North Tryon Street
Charlotte, NC  28202
P.O. Box 31247 (28231)
704.343.2000
ƒ 704.343.2300

September 20, 2007

ELECTRONIC MAIL

Russell W. Jacobs
Hughes Hubbard
One Battery Park Plaza
New York, NY 10004-1482

Re:    In re Parmalat Securities Litigation, Master Docket 04-MD-1653 (LAK), Docket No.
       1:07-03790

Dear Russell:

        Please find enclosed Subpoenas and Notice of 30(b)(6) Deposition directed to your clients
Barclays Bank PLC and Barclays Capital, Inc.  We understand that you are authorized to accept
service of the attached subpoenas on behalf of your clients, Barclays Bank PLC and Barclays Capital,
Inc.  If our understanding is not correct, please let us know immediately so that we may serve these in
another manner.

                        Best Regards,

                        HELMS MULLISS & WICKER, PLLC


                        Grant D. Goldenberg

GDG/ab

**HELMS MULLISS WICKER**

Helms Mulliss & Wicker, PLLC   *Attorneys at Law*
Charlotte   Raleigh   Wilmington   *www.hmw.com*

704.343.2338
Fax 704.444.8747
grant.goldenberg@hmw.com

201 North Tryon Street
Charlotte, NC 28202
P.O. Box 31247 (28231)
704.343.2000
*f* 704.343.2300

September 25, 2007

VIA CERTIFIED MAIL

Carolina deOnis
Barclays Bank PLC
Barclays Capital, Inc.
200 Park Avenue
New York, NY 10166

> Re:   <u>In re Parmalat Securities Litigation</u>, Master Docket 04-MD-1653 (LAK),
> Docket No. 1:07-03790

Dear Ms. deOnis:

We understand from Russell Jacobs of Hughes Hubbard that you are authorized to accept service on behalf of Barclays Bank PLC and Barclays Capital, Inc. Accordingly please find enclosed Subpoenas and Notice of 30(b)(6) Deposition directed to Barclays Bank PLC and Barclays Capital, Inc. Also enclosed are our firm's checks to each entity for the required witness and mileage fees. Thank you.

Best Regards,

HELMS MULLISS & WICKER, PLLC

Grant D. Goldenberg

GDG/ab

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

In re PARMALAT SECURITIES LITIGATION
(This document relates to 1:07-03790)

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  04 MD 1653 (LAK)

TO:
    Barclays Capital, Inc
    200 Park Avenue
    New York, NY 10166

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sidley Austin | October 12, 2007 |
| 787 Seventh Avenue | 9:00 a.m. |
| New York, NY 10019 | |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) (Attorney for Defendant) | DATE  9/20/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Grant Goldenberg, Esq., Helms Mulliss & Wicker, PLLC
P.O. Box 31247, Charlotte, NC 28231        For Inquiries, please call: (704) 343-2338

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                    TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____

DATE                                      SIGNATURE OF SERVER

                                          ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If the objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assumes that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable

(C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from who discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

In re PARMALAT SECURITIES LITIGATION
(This document relates to 1:07-03790)

**V.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  04 MD 1653 (LAK)

TO:

Barclays Bank PLC
200 Park Avenue
New York, NY 10166

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Sidley Austin 787 Seventh Avenue New York, NY 10019 | DATE AND TIME October 12, 2007 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorney D. Candib) | 9/26/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Grant Goldenberg, Esq., Helms Mulliss & Wicker, PLLC
P.O. Box 31247, Charlotte, NC 28231          For Inquiries, please call: (704) 343-2338

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If the objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from who discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re PARMALAT SECURITIES LITIGATION

This document relates to: 1:07-03790

MASTER DOCKET

04 MD 1653 (LAK)

## NOTICE OF ISSUANCE OF SUBPOENA
## AND DEFENDANTS' NOTICE OF DEPOSITION
## PURSUANT TO FED. R. CIV. P. 30(b)(6)

Please take notice that, pursuant to Rules 45 and Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Defendants Bank of America Corporation, Bank of America, N.A., and Banc of

America Securities LLC ("Defendants") will take the deposition of the following non-parties:

Barclays Capital, Inc., 200 Park Avenue, New York, NY 10166 and Barclays Bank PLC, 200

Park Avenue, New York, NY 10166 (collectively referred to as "Barclays"), by oral

examination, before a Notary Public or some other officer authorized by law to administer oaths.

The deposition will be recorded stenographically, by videotape and through the instant visual

display of testimony.

Barclays is directed, pursuant to Rule 30(b)(6), to designate one or more of its officers,

agents, directors or managing agents, employees or other persons who consent to testify on its

behalf as to matters known or reasonably available to them, with respect to each of the subject

matters set forth in Schedule A, attached hereto.  It is understood that in response to this Notice,

Plaintiffs may have to identify and produce different designees to respond to the matters set forth

in Schedule A.

The deposition will be held at the offices of Sidley Austin, 787 Seventh Avenue, New York, NY 10019, or such other location as may be mutually agreed upon by the parties. The deposition will begin on dates and times to be mutually agreed upon by the parties.

Bank of America reserves the right to amend and add to the list of topics set forth below as discovery proceeds in this action.

This the 20th day of September, 2007.

HELMS MULLISS & WICKER, PLLC

By: _____
Peter J. Covington
John H. Cobb
Matthew J. Hoefling
Grant D. Goldenberg
HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
Charlotte, NC 28202
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
*Attorneys for Defendants Bank of America Corporation, Banc of America Securities LLC, and Bank of America, N.A.*

OF COUNSEL:
J. Patrick Kennedy
BULKLEY, RICHARDSON AND GELINAS, LLP
One Post Office Square, Suite 3700
Boston, MA 02109

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **Defendant's Notice of Issuance of a Subpoena and Defendants' Notice of Deposition Pursuant to FED. R. Civ. P. 30(b)(6)** was served via electronic mail and by depositing a copy thereof in the United States mail, postage prepaid and addressed as follows:

Peter Most
Allison Chock
Lauren A. Smith
HENNIGAN BENNETT & DORMAN LLC
865 South Figueroa Street
Suite 2900
Los Angeles, CA  90017

This the 20th day of September, 2007.

Grant D. Goldenberg

## SCHEDULE A

## DEFINITIONS

For purposes of this Request, the following definitions shall apply:

    1.    Pursuant to the April 19, 2007 conditional transfer order issued by the Judicial Panel on Multidistrict Litigation and filed with this Court on May 15, 2007, Bank of America adopts and incorporates by reference the uniform definitions for discovery requests as specified by Local Civil Rule 26.3 of the Southern and Eastern Districts of New York.

    2.    The term "Bank of America" refers to Bank of America Corporation, Banc of America Securities LLC, and Bank of America, N.A., including any present or former officers, directors, partners, managers, members, employees, predecessors, or successors.

    3.    The term "Plaintiffs" refers to John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and John Hancock Insurance Company of Vermont, including Signature 5 L.P., Signature 6 L.P., any present or former officers, directors, partners, managers, members, employees, predecessors, successors, corporate parents, subsidiaries, affiliates, or agents.

    4.    The terms "you" and "your" refers to Barclays Capital, Inc. and/or Barclays Bank PLC, and it shall include any and all of their predecessors and successors, parents, consolidated and unconsolidated subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, partners, employees, representatives, attorneys and agents, any anyone else acting on its behalf or under their direction and control.

    5.    The term "Parmalat" refers to Parmalat Capital Finance Limited, Parmalat Finanziaria S.p.A., Parmalat S.p.A., and their subsidiaries or affiliates, and any of their present or

former officers, directors, partners, employees, predecessors, successors, corporate parents, subsidiaries or affiliates, whether or not they are under Extraordinary Administration.

6.    The term "Parmalat Capital Finance Limited Notes" refers to the notes which are the subject of the offering circular, an excerpt of which is Exhibit 1 to the Subpoena Duces Tecum dated June 29, 2007.

7.    The term "including" shall mean including without limitation. "Including" should not be read to restrict or limit the scope of a particular document request in any way. Rather, it provides an example of a responsive document or category of responsive documents.

8.    The terms "relate to," "relating to," and "regarding" mean directly or indirectly mentioning, concerning, referring, constituting, identifying, discussing, describing, supporting or refuting, pertaining to or being connected with, a stated subject matter.

9.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), as defined in Local Rule 26.3 of the Southern and Eastern Districts of New York, and includes but is not limited to emails, letters, memoranda, facsimiles, and Plaintiff's internal communications.

10.    The term "due diligence" means investigation, research, analysis, evaluation, verification, vetting, or review by you or on your behalf of any information related to Parmalat's creditworthiness, financial condition, ability to repay debts, profitability, solvency, management, or operations. Such information would include, but is not limited to, Parmalat's financial statements, audit reports and credit ratings.

11.    The relevant period covered by this subpoena shall be January 1, 1998 to January 1, 2004 unless otherwise noted.

## Deposition Topics

1.  Efforts undertaken by you to locate and produce documents in response to the subpoena *duces tecum* to you dated June 29, 2007 in this litigation, including but not limited to:

    a.  steps taken to preserve relevant documents from destruction;

    b.  physical locations searched;

    c.  electronic mail, file, copy or fax services searched;

    d.  methods for conducting the searches for responsive electronic data;

    e.  search terms used to identify responsive documents; and

    f.  person(s) who conducted electronic and other document searches.

2.  Any destruction, removal, transfer or other elimination of documents related to Parmalat either before or after you received Bank of America's Subpoena *duce tecum* dated June 29, 2007 in this litigation.

3.  All ratings advisor services provided by you to Parmalat, including be not limited to, services in connection with efforts by Parmalat to obtain a rating or ratings from Standard & Poors.

4.  All communications with Plaintiffs regarding Parmalat.

5.  The sale of Parmalat Capital Finance Limited Notes to Plaintiffs in December 2002.

6.  The underwriting, credit analysis, issuance and marketing of the Parmalat Capital Finance Limited Notes, including but not limited to: (i) any transaction documents, (ii) any solicitation(s) made of Plaintiffs, (iii) any communications with Plaintiffs, (iv) any communications regarding the finances or creditworthiness of Parmalat, (v) any communications with Parmalat, (vi) any due diligence you conducted relating to Parmalat, and (vii) any information about Parmalat or any of its related entities.

7.  Your efforts to market or sell any Parmalat Capital Finance Limited Notes owned by you at any time during the relevant period.

8.  Your knowledge of Parmalat's finances or creditworthiness during the relevant period.

9.  Your role and actions as an underwriter of the Parmalat Capital Finance notes.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN ———— DISTRICT OF ———— NEW YORK

In re PARMALAT SECURITIES LITIGATION
(This document relates to 1:07-03790)

v.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  04 MD 1653 (LAK)

TO:

Barclays Capital, Inc.
200 Park Avenue
New York, NY 10166

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION<br>Sidley Austin<br>787 Seventh Avenue<br>New York, NY 10019 | DATE AND TIME<br><br>October 12, 2007<br>9:00 a.m. |
| --- | --- |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
| | |
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) (Attorney for Defendant) | DATE  9/20/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Grant Goldenberg, Esq., Helms Mulliss & Wicker, PLLC
P.O. Box 31247, Charlotte, NC 28231                    For Inquiries, please call: (704) 343-2338

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                    TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee
    (2) (A) A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested  If the objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assumes that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand
        (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable
        (C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form
        (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost  On motion to compel discovery or to quash, the person from who discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)  The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
        (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved  A receiving party may promptly present the information to the court under seal for a determination of the claim  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it  The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN _____  DISTRICT OF _____  NEW YORK

In re PARMALAT SECURITIES LITIGATION
(This document relates to 1:07-03790)

**v.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  04 MD 1653 (LAK)

TO:
> Barclays Bank PLC
> 200 Park Avenue
> New York, NY 10166

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sidley Austin<br>787 Seventh Avenue<br>New York, NY 10019 | October 12, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorney Defendant) | 9/26/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Grant Goldenberg, Esq , Helms Mulliss & Wicker, PLLC
P.O. Box 31247, Charlotte, NC 28231          For Inquiries, please call: (704) 343-2338

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If the objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assumes that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from who discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).



HELMS MULLISS WICKER

Helms Mulliss & Wicker, PLLC   Attorneys at Law
Charlotte   Raleigh   Wilmington   www.hmw.com

704 343 2338
Fax 704 444 8747
grant.goldenberg@hmw.com

201 North Tryon Street
Charlotte, NC 28202
P.O. Box 31247 (28231)
704 343 2000
ƒ 704 343 2300

September 25, 2007

VIA CERTIFIED MAIL

Carolina deOnis
Barclays Bank PLC
Barclays Capital, Inc.
200 Park Avenue
New York, NY 10166

Re:    In re Parmalat Securities Litigation, Master Docket 04-MD-1653 (LAK),
       Docket No. 1:07-03790

Dear Ms. deOnis:

    We understand from Russell Jacobs of Hughes Hubbard that you are authorized to accept service on behalf of Barclays Bank PLC and Barclays Capital, Inc. Accordingly please find enclosed Subpoenas and Notice of 30(b)(6) Deposition directed to Barclays Bank PLC and Barclays Capital, Inc. Also enclosed are our firm's checks to each entity for the required witness and mileage fees. Thank you.

                          Best Regards,

                          HELMS MULLISS & WICKER, PLLC

                          Grant D. Goldenberg /AB

                          Grant D. Goldenberg

GDG/ab

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re PARMALAT SECURITIES LITIGATION

This document relates to: 1:07-03790

MASTER DOCKET

04 MD 1653 (LAK)

## NOTICE OF ISSUANCE OF SUBPOENA
## AND DEFENDANTS' NOTICE OF DEPOSITION
## PURSUANT TO FED. R. CIV. P. 30(b)(6)

Please take notice that, pursuant to Rules 45 and Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Defendants Bank of America Corporation, Bank of America, N.A., and Banc of

America Securities LLC ("Defendants") will take the deposition of the following non-parties:

Barclays Capital, Inc., 200 Park Avenue, New York, NY 10166 and Barclays Bank PLC, 200

Park Avenue, New York, NY 10166 (collectively referred to as "Barclays"), by oral

examination, before a Notary Public or some other officer authorized by law to administer oaths.

The deposition will be recorded stenographically, by videotape and through the instant visual

display of testimony.

Barclays is directed, pursuant to Rule 30(b)(6), to designate one or more of its officers,

agents, directors or managing agents, employees or other persons who consent to testify on its

behalf as to matters known or reasonably available to them, with respect to each of the subject

matters set forth in Schedule A, attached hereto. It is understood that in response to this Notice,

Barclays may have to identify and produce different designees to respond to the matters set forth

in Schedule A.

The deposition will be held at the offices of Sidley Austin, 787 Seventh Avenue, New York, NY 10019, or such other location as may be mutually agreed upon by the parties. The deposition will begin on dates and times to be mutually agreed upon by the parties.

Bank of America reserves the right to amend and add to the list of topics set forth below as discovery proceeds in this action.

This the 25th day of September, 2007.

HELMS MULLISS & WICKER, PLLC

By: _____
Peter J. Covington
John H. Cobb
Matthew J. Hoefling
Grant D. Goldenberg
HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
Charlotte, NC 28202
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
*Attorneys for Defendants Bank of America
Corporation, Banc of America Securities LLC, and
Bank of America, N.A.*

OF COUNSEL:
J. Patrick Kennedy
BULKLEY, RICHARDSON AND GELINAS, LLP
One Post Office Square, Suite 3700
Boston, MA 02109

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **Defendant's Notice of Issuance of a Subpoena and Defendants' Notice of Deposition Pursuant to FED. R. Civ. P. 30(b)(6)** was served via U.S. mail addressed as follows:

Peter Most
Allison Chock
Lauren A. Smith
HENNIGAN BENNETT & DORMAN LLC
865 South Figueroa Street
Suite 2900
Los Angeles, CA  90017

This the 25th day of September, 2007.

_____
Grant D. Goldenberg

## SCHEDULE A

## DEFINITIONS

For purposes of this Request, the following definitions shall apply:

1.    Pursuant to the April 19, 2007 conditional transfer order issued by the Judicial Panel on Multidistrict Litigation and filed with this Court on May 15, 2007, Bank of America adopts and incorporates by reference the uniform definitions for discovery requests as specified by Local Civil Rule 26.3 of the Southern and Eastern Districts of New York.

2.    The term "Bank of America" refers to Bank of America Corporation, Banc of America Securities LLC, and Bank of America, N.A., including any present or former officers, directors, partners, managers, members, employees, predecessors, or successors.

3.    The term "Plaintiffs" refers to John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and John Hancock Insurance Company of Vermont, including Signature 5 L.P., Signature 6 L.P., any present or former officers, directors, partners, managers, members, employees, predecessors, successors, corporate parents, subsidiaries, affiliates, or agents.

4.    The terms "you" and "your" refers to Barclays Capital, Inc. and/or Barclays Bank PLC, and it shall include any and all of their predecessors and successors, parents, consolidated and unconsolidated subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, partners, employees, representatives, attorneys and agents, any anyone else acting on its behalf or under their direction and control.

5.    The term "Parmalat" refers to Parmalat Capital Finance Limited, Parmalat Finanziaria S.p.A., Parmalat S.p.A., and their subsidiaries or affiliates, and any of their present or

former officers, directors, partners, employees, predecessors, successors, corporate parents, subsidiaries or affiliates, whether or not they are under Extraordinary Administration.

6.    The term "Parmalat Capital Finance Limited Notes" refers to the notes which are the subject of the offering circular, an excerpt of which is Exhibit 1 to the Subpoena Duces Tecum dated June 29, 2007.

7.    The term "including" shall mean including without limitation. "Including" should not be read to restrict or limit the scope of a particular document request in any way.  Rather, it provides an example of a responsive document or category of responsive documents.

8.    The terms "relate to," "relating to," and "regarding" mean directly or indirectly mentioning, concerning, referring, constituting, identifying, discussing, describing, supporting or refuting, pertaining to or being connected with, a stated subject matter.

9.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), as defined in Local Rule 26.3 of the Southern and Eastern Districts of New York, and includes but is not limited to emails, letters, memoranda, facsimiles, and Plaintiff's internal communications.

10.    The term "due diligence" means investigation, research, analysis, evaluation, verification, vetting, or review by you or on your behalf of any information related to Parmalat's creditworthiness, financial condition, ability to repay debts, profitability, solvency, management, or operations.  Such information would include, but is not limited to, Parmalat's financial statements, audit reports and credit ratings.

11.    The relevant period covered by this subpoena shall be January 1, 1998 to January 1, 2004 unless otherwise noted.

## Deposition Topics

1. Efforts undertaken by you to locate and produce documents in response to the subpoena *duces tecum* to you dated June 29, 2007 in this litigation, including but not limited to:

   a. steps taken to preserve relevant documents from destruction;

   b. physical locations searched;

   c. electronic mail, file, copy or fax services searched;

   d. methods for conducting the searches for responsive electronic data;

   e. search terms used to identify responsive documents; and

   f. person(s) who conducted electronic and other document searches.

2. Any destruction, removal, transfer or other elimination of documents related to Parmalat either before or after you received Bank of America's Subpoena *duces tecum* dated June 29, 2007 in this litigation.

3. All ratings advisor services provided by you to Parmalat, including be not limited to, services in connection with efforts by Parmalat to obtain a rating or ratings from Standard & Poors.

4. All communications with Plaintiffs regarding Parmalat.

5. The sale of Parmalat Capital Finance Limited Notes to Plaintiffs in December 2002.

6. The underwriting, credit analysis, issuance and marketing of the Parmalat Capital Finance Limited Notes, including but not limited to: (i) any transaction documents, (ii) any solicitation(s) made of Plaintiffs, (iii) any communications with Plaintiffs, (iv) any communications regarding the finances or creditworthiness of Parmalat, (v) any communications with Parmalat, (vi) any due diligence you conducted relating to Parmalat, and (vii) any information about Parmalat or any of its related entities.

7. Your efforts to market or sell any Parmalat Capital Finance Limited Notes owned by you at any time during the relevant period.

8. Your knowledge of Parmalat's finances or creditworthiness during the relevant period.

9. Your role and actions as an underwriter of the Parmalat Capital Finance notes.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

In re PARMALAT SECURITIES LITIGATION
(This document relates to 1:07-03790)

**V.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  04 MD 1653 (LAK)

TO:

Barclays Bank PLC
200 Park Avenue
New York, NY 10166

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sidley Austin<br>787 Seventh Avenue<br>New York, NY 10019 | October 12, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 9/25/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Grant Goldenberg, Esq , Helms Mulliss & Wicker, PLLC
P.O. Box 31247, Charlotte, NC 28231       For Inquiries, please call: (704) 343-2338

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If the objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court, may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assumes that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

In re PARMALAT SECURITIES LITIGATION
(This document relates to 1:07-03790)

**V.**

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  04 MD 1653 (LAK)

TO:

Barclays Capital, Inc.
200 Park Avenue
New York, NY 10166

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION<br>Sidley Austin<br>787 Seventh Avenue<br>New York, NY 10019 | DATE AND TIME<br>October 12, 2007<br>9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 9/25/2007 |

ISSUING OFFICER'S NAME  ADDRESS AND PHONE NUMBER
Grant Goldenberg, Esq , Helms Mulliss & Wicker, PLLC
P.O. Box 31247, Charlotte, NC 28231              For Inquiries, please call: (704) 343-2338

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If the objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**HELMS MULLISS & WICKER, PLLC** CHARLOTTE, NC 28231 CONTROL NO. **73948**

| INV. # | INV. DATE | GENERAL LEDGER NO. | INV. DESCRIPTION | AMOUNT |
|--------|-----------|--------------------|------------------|--------|
| 092507GG | 09-25-07 | 12499 90000000 | | 40.72 |

| | | | | |
|---|---|---|---|---|
| | | | TOTAL | 40.72 |

HELMS MULLISS & WICKER, PLLC  CHARLOTTE, NC 28231  CONTROL NO. 73948

| INV. # | INV. DATE | GENERAL LEDGER NO. | INV. DESCRIPTION | AMOUNT |
|--------|-----------|--------------------|------------------|--------|
| 092507GG | 09-25-07 | 12499 90000000 | | 40.72 |
| | | | TOTAL | 40.72 |

WARNING - THIS CHECK IS PROTECTED BY SPECIAL SECURITY GUARD PROGRAM™ FEATURES

CHECK DATE
09-25-07

**HELMS MULLISS & WICKER, PLLC**
ATTORNEYS AT LAW
P. O. BOX 31247
CHARLOTTE, NORTH CAROLINA 28231

CHECK NO.    73948

Bank of America
Charlotte, North Carolina

63-63
631

CHECK AMOUNT
*********40.72

FORTY AND 72/100 DOLLARS

HELMS MULLISS & WICKER, PLLC

Barclays Bank PLC

PAY
TO THE
ORDER OF

TWO SIGNATURES REQUIRED FOR AMOUNTS OVER $10,000

SECURE FEATURES INCLUDE INVISIBLE FIBERS • MICROPRINTING • VOID FEATURE PANTOGRAPH • ENDORSEMENT BACKER • BROWNSTAIN CHEMICAL REACTANT

⑈73948⑈  ⑆053000196⑆  0023704 78690⑈

HELMS MULLISS & WICKER, PLLC  CHARLOTTE, NC 28231  CONTROL NO  **73949**

| INV. # | INV. DATE | GENERAL LEDGER NO. | INV. DESCRIPTION | AMOUNT |
|--------|-----------|--------------------|------------------|--------|
| 092507GG | 09-25-07 | 12499  90000000 | | 40 72 |
| | | | TOTAL | 40.72 |

---

WARNING - THIS CHECK IS PROTECTED BY SPECIAL SECURITY GUARD PROGRAM™ FEATURES

| CHECK DATE | | CHECK NO. |
|------------|---|-----------|
| 09-25-07 | **HELMS MULLISS & WICKER, PLLC** | **73949** |
| | ATTORNEYS AT LAW | |
| | P. O. BOX 31247 | |
| Bank of America | CHARLOTTE, NORTH CAROLINA 28231 | 63-63 |
| Charlotte, North Carolina | | 631 |

CHECK AMOUNT
*********40.72

FORTY AND 72/100 DOLLARS

HELMS MULLISS & WICKER, PLLC

PAY
TO THE
ORDER OF    Barclays Capital Inc.

TWO SIGNATURES REQUIRED FOR AMOUNTS OVER $10,000

SECURE FEATURES INCLUDE INVISIBLE FIBERS · MICROPRINTING · VOID FEATURE PANTOGRAPH · ENDORSEMENT BACKER · BROWN STAIN CHEMICAL REACTANT

⑈73949⑈  ⑆053000196⑆  0023704786 90⑈

HELMS MULLISS & WICKER, PLLC  CHARLOTTE, NC 28231  CONTROL NO.  73948

| INV. # | INV. DATE | GENERAL LEDGER NO. | INV. DESCRIPTION | AMOUNT |
|--------|-----------|--------------------|------------------|--------|
| 092507GG | 09-25-07 | 12499 90000000 | | 40 72 |
| | | | TOTAL | 40 72 |

---

WARNING - THIS CHECK IS PROTECTED BY SPECIAL SECURITY GUARD PROGRAM™ FEATURES

**HELMS MULLISS & WICKER, PLLC**
ATTORNEYS AT LAW
P. O. BOX 31247
CHARLOTTE, NORTH CAROLINA 28231

CHECK DATE
09-25-07

Bank of America
Charlotte, North Carolina

CHECK NO.    73948

63-63
631

CHECK AMOUNT
*********40.72

FORTY AND 72/100 DOLLARS

HELMS MULLISS & WICKER, PLLC

Barclays Bank PLC

PAY
TO THE
ORDER OF

TWO SIGNATURES REQUIRED FOR AMOUNTS OVER $10,000

SECURE FEATURES INCLUDE INVISIBLE FIBERS - MICROPRINTING - VOID FEATURE PANTOGRAPH - ENDORSEMENT BACKER - BROWNSTAIN CHEMICAL REACTANT

⑈73948⑈  ⑆053000196⑉  0023704 78690⑈

HELMS MULLISS & WICKER, PLLC  CHARLOTTE, NC 28231  CONTROL NO. 73949

| INV. # | INV. DATE | GENERAL LEDGER NO. | INV. DESCRIPTION | AMOUNT |
|--------|-----------|--------------------|------------------|--------|
| 092507GG | 09-25-07 | 12499  90000000 | | 40 72 |
| | | | TOTAL | 40.72 |

WARNING - THIS CHECK IS PROTECTED BY SPECIAL SECURITY GUARD PROGRAM™ FEATURES

CHECK DATE
.09-25-07

**HELMS MULLISS & WICKER, PLLC**
ATTORNEYS AT LAW
P. O. BOX 31247
CHARLOTTE, NORTH CAROLINA 28231

CHECK NO.    **73949**

Bank of America
Charlotte, North Carolina

63-63
631

CHECK AMOUNT
*********40.72

FORTY AND 72/100 DOLLARS

HELMS MULLISS & WICKER, PLLC

PAY
TO THE
ORDER OF

Barclays Capital Inc.

TWO SIGNATURES REQUIRED FOR AMOUNTS OVER $10,000

SECURE FEATURES INCLUDE INVISIBLE FIBERS · MICROPRINTING · VOID FEATURE PANTOGRAPH · ENDORSEMENT BACKER · BROWNSTAIN CHEMICAL REACTANT

⑆73949⑆ ⑈053000196⑈ 0023704786901⑆



**UNITED STATES POSTAL SERVICE** ®

Home | Help



Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7005 0390 0004 6282 5559**
Status: Delivered

Your item was delivered at 12:50 PM on October 1, 2007 in NEW YORK, NY 10017.

( Additional Details > )   ( Return to USPS.com Home > )

---

Track & Confirm

Enter Label/Receipt Number

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---



POSTAL INSPECTORS
Preserving the Trust

site map   contact us   government services   jobs   **National & Premier Accounts**
Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use. Privacy Policy.





## UNITED STATES POSTAL SERVICE

---

**Track/Confirm - Intranet Item Inquiry**
**Item Number: 7005 0390 0004 6282 5559**

---

**This item was delivered on 10/01/2007 at 12:50**



| **Signature:** | *John Smith* |
|---|---|
| **Address:** | *200 Paul Barclay* |

---

Enter Request Type and Item Number:

**Quick Search** ⦿    **Extensive Search** ○

Explanation of Quick and Extensive Searches

[ Submit ]

*Version 1.0*

Inquire on <u>multiple items</u>.

Go to the Product Tracking System <u>Home Page</u>.